LATHAM & WATKINS LLP
Colleen C. Smith (SBN 231216)
 *colleen.smith@lw.com*
Melanie J. Grindle (SBN 311047)
 *melanie.grindle@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 / 858.523.5450 (fax)

Michele D. Johnson (SBN 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626
714.540.1235 / 714.755.8290 (fax)

Susan E. Engel (*pro hac vice*)
 *susan.engel@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
202.637.2200 / 202.637.2201 (fax)

*Attorneys for Gossamer Bio, Inc., Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, and Otello Stampacchia, Ph.D.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GOSSAMER BIO, INC.; SHEILA GUJRATHI, M.D.; BRYAN GIRAUDO; FAHEEM HASNAIN; JOSHUA H. BILENKER, M.D.; KRISTINA BUROW; RUSSELL COX; THOMAS DANIEL, M.D.; RENEE GALA; OTELLO STAMPACCHIA, Ph.D.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; SVB LEERINK LLC; BARCLAYS CAPITAL INC.; AND EVERCORE GROUP L.L.C., <br><br> Defendants. | CASE NO. 3:20-cv-00649-DMS-DEB <br><br> **REQUEST FOR JUDICIAL NOTICE OF EXHIBIT 9 IN SUPPORT OF GOSSAMER DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Date:  April 2, 2021 <br> Time:  1:30 p.m. <br> Judge:  Hon. Dana M. Sabraw <br> Dept.:  13A |

CASE No. 3:20-CV-00649-DMS-DEB
DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE OF EXHIBIT 9

Defendants Gossamer Bio, Inc., Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, and Otello Stampacchia, Ph.D. (collectively, the "Gossamer Defendants") respectfully request that the Court take judicial notice of the historical stock price information reflected in **Exhibit 9** of the Reply Declaration of Colleen C. Smith.[1]

## I.   LEGAL STANDARD

When resolving a motion to dismiss, a court should "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) (Moskowitz, J.).

Federal Rule of Evidence 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## II.   ARGUMENT

The Gossamer Defendants seek judicial notice of the stock price information reflected in **Exhibit 9**, which shows Gossamer's stock price on dates pertinent to allegations in Plaintiff's Second Amended Complaint. *E.g.*, Dkt. 30 ("SAC") at ¶¶ 12, 85-89. More specifically, the Gossamer Defendants seek judicial notice of Gossamer's stock price on and around November 12, 2019 when, according to

---

[1] Before filing this Request, counsel for the Gossamer Defendants provided Plaintiff's counsel with a copy of Exhibit 9, and inquired whether Plaintiff would oppose Defendants' Request for Judicial Notice. In response, counsel for Plaintiff stated that they have no objection to this Request.

CASE NO. 3:20-CV-00649-DMS-DEB
DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE OF EXHIBIT 9

Plaintiff, Gossamer allegedly revealed "that it would not release any of the data associated with its purported interim analysis of the Phase 2b LEDA study in the first half of 2020, and would only indicate whether the Company felt the data supported moving into the 'planning and initiation' phase of a Phase 3 trial," ostensibly contrary to the statements in its offering materials.  Dkt. 35 ("Opp.") at 2 (contending that Gossamer's November 12, 2019 statements "contradicted the statements in the Offering Materials"); *see also* SAC ¶ 12.

"'[S]tock price is public information 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned[.]'" *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) (quoting *In re Finisar Corp. Deriv. Litig.*, 542 F. Supp. 2d 980, 990 (N.D. Cal. 2008)); *Carey Camp v. Qualcomm Inc.*, 2020 WL 1157192, at *3 (S.D. Cal. Mar. 10, 2020) (Battaglia, J.) (similar).  It is accordingly "'the proper subject of judicial notice in a motion to dismiss.'" *Azar*, 2018 WL 6182756, at *4.  Apropos of that, courts regularly take judicial notice of historical stock price information. *See, e.g.*, *Metzler Inv. GMBH v. Corithian Colls., Inc.*, 540 F.3d 1049, 1065 n.7 (9th Cir. 2008) (judicial notice of "reported stock price history" was "proper"); *Qualcomm*, 2020 WL 1157192, at *2-3 (taking judicial notice of "historical stock price data . . . published by Yahoo! Finance").  Those same principles apply here, rendering judicial notice of Exhibit 9 appropriate.

## III.   CONCLUSION

For the foregoing reasons, the Gossamer Defendants respectfully request that the Court take judicial notice of Exhibit 9.

Dated:  March 22, 2021                    LATHAM & WATKINS LLP

By:   */s/ Colleen C. Smith*
Colleen C. Smith
*Attorneys for the Gossamer Defendants*