1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS LLP
Colleen C. Smith (SBN 231216)
   *colleen.smith@lw.com*
Melanie J. Grindle (SBN 311047)
   *melanie.grindle@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 / 858.523.5450 (fax)

Michele D. Johnson (SBN 198298)
   *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626
714.540.1235 / 714.755.8290 (fax)

*Attorneys for Gossamer Bio, Inc., Sheila Gujrathi, M.D.,
Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker,
M.D., Kristina Burow, Russell Cox, Thomas Daniel,
M.D., Renee Gala, and Otello Stampacchia, Ph.D.*

[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SCOTT KUHNE, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

GOSSAMER BIO, INC., SHEILA
GUJRATHI, M.D., BRYAN
GIRAUDO, FAHEEM HASNAIN,
JOSHUA H. BILENKER, M.D.,
KRISTINA BUROW, RUSSELL
COX, THOMAS DANIEL, M.D.,
RENEE GALA, OTELLO
STAMPACCHIA, Ph.D., MERRILL
LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, SVB
LEERINK LLC, BARCLAYS
CAPITAL INC., AND EVERCORE
GROUP L.L.C.,

Defendants.

CASE NO. 3:20-cv-00649-DMS-DEB

Assigned to:  Hon. Dana M. Sabraw

**GOSSAMER DEFENDANTS'
ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT FOR
VIOLATIONS OF FEDERAL
SECURITIES LAWS
AND AFFIRMATIVE DEFENSES**

**DEMAND FOR JURY TRIAL**

Action Filed:  April 3, 2020
Trial Date:  N/A

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1    Defendants Gossamer Bio ("Gossamer" or the "Company"), and Individual

2  Defendants Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H.

3  Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala,

4  and Otello Stampacchia, Ph.D., (collectively "Defendants"), by and through their

5  undersigned counsel, hereby submit their Answers and Affirmative Defenses to the

6  operative claims and allegations made by Lead Plaintiff Scott Kuhne ("Lead

7  Plaintiff" or "Plaintiff") in his Second Amended Complaint for Violations of

8  Federal Securities Laws (ECF No. 30) (the "Complaint" or "SAC").

9    On April 19, 2021, the Court issued its Order Granting in Part and Denying

10  in Part Defendants' Motion to Dismiss (ECF No. 39), pursuant to which the Court

11  dismissed Plaintiff's Section 11 claims in substantial part.  In particular, the Court

12  dismissed Plaintiff's claims based on (1) allegations that Gossamer "misled

13  investors as to the clinical validation of DP2 antagonism by Novartis' fevipiprant

14  product" and (2) that it "would immediately launch a Phase 3 trial for GB001"

15  should the interim analysis be successful.  *Id.*  Because these allegations have been

16  dismissed from the case without leave to amend, the following Paragraphs of the

17  Complaint have been dismissed in their entirety and are no longer operative, such

18  that no response is required:  7, 8, 9, 11, 13, 14, 15, 16, 56, 57, 58, 61, 64, 68, 69,

19  72, 78, 79, 82, 84, 89, 90, 91, 92, 94, 96.  To the extent Defendants provide a

20  response to any of the allegations below, Defendants do so without making any

21  admission as to those allegations remaining in the case or otherwise being

22  operative in any form or fashion.

23              **Nature and Summary of the Action**

24    1.    Defendants admit that Plaintiff purports to bring this action under

25  Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").  Except as

26  expressly admitted, Defendants deny the allegations of Paragraph 1.

27    2.    Defendants admit that in connection with Gossamer's initial public

28  offering ("IPO"), the Company filed a registration statement on Form S-1, which

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

1

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

was declared effective on February 7, 2019 (the "Registration Statement").  The Registration Statement speaks for itself.  To the extent Plaintiff's allegations differ from or mischaracterize the Registration Statement, Defendants deny those allegations.  Defendants further deny that the Registration Statement contained untrue statements of material fact and/or omitted material facts necessary in order to make the statements contained in the Registration Statement not materially false or misleading, or that the Registration Statement omitted material facts required to be stated therein.  Except as expressly admitted, Defendants deny the allegations of Paragraph 2.

3.    Defendants admit the allegations of the first sentence of Paragraph 3. Defendants further admit that at the time of Gossamer's IPO, Gossamer's most advanced drug candidate, GB001, was an oral antagonist of prostaglandin D2 receptor 2, or DP2, in development for the treatment of moderate-to-severe eosinophilic asthma and other allergic conditions.  At the time of the IPO, Gossamer's GB001 product was in Phase 2 development for asthma, and Gossamer planned to initiate proof-of concept Phase 2 clinical trials of GB001 in rhinosinusitis.

4.    Defendants admit that, in its IPO, Gossamer sold 19,837,000 shares of common stock at an initial public offering price of $16.00 per share, and received gross proceeds of $317.4 million.

5.    Because Paragraph 5 contains no factual allegations, no response is required.

6.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  To the extent Plaintiff alleges that Gossamer intended to release these interim results

LATHAM&WATKINS‖‖  US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO
2
CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1    publicly, Defendants deny the allegations of this Paragraph.  Because the

2    remaining allegations of this Paragraph have been dismissed from the case, no

3    response is required.

4         7.    On April 19, 2021, the Court dismissed all claims with prejudice and

5    without leave to amend *except* Plaintiff's claim that the following single statement

6    in the Offering Prospectus was false or materially misleading:  "We plan to

7    conduct an interim analysis . . . and we expect the results of this interim analysis to

8    be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

9    allegations of this Paragraph pertain to claims that have been dismissed from the

10   case, no response is required.

11        8.    On April 19, 2021, the Court dismissed all claims with prejudice and

12   without leave to amend *except* Plaintiff's claim that the following single statement

13   in the Offering Prospectus was false or materially misleading:  "We plan to

14   conduct an interim analysis . . . and we expect the results of this interim analysis to

15   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

16   allegations of this Paragraph pertain to claims that have been dismissed from the

17   case, no response is required.

18        9.    On April 19, 2021, the Court dismissed all claims with prejudice and

19   without leave to amend *except* Plaintiff's claim that the following single statement

20   in the Offering Prospectus was false or materially misleading:  "We plan to

21   conduct an interim analysis . . . and we expect the results of this interim analysis to

22   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

23   allegations of this Paragraph pertain to claims that have been dismissed from the

24   case, no response is required.

25        10.   On April 19, 2021, the Court dismissed all claims with prejudice and

26   without leave to amend *except* Plaintiff's claim that the following single statement

27   in the Offering Prospectus was false or materially misleading:  "We plan to

28   conduct an interim analysis . . . and we expect the results of this interim analysis to

LATHAM&WATKINS<sup>LLP</sup>   US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO

3

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  To the extent Plaintiff alleges that Gossamer intended to release these interim results publicly, Defendants deny the allegations of this Paragraph.  Because the remaining allegations of this Paragraph have been dismissed from the case, no response is required.

11.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.

12.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no response is required to Plaintiff's allegations relating to the Gossamer's plans for Phase 3 GB001 studies.  Defendants admit that during a November 12, 2019 earnings call, Dr. Gujrathi of Gossamer, stated, among other things, "Just to be clear, we will not be releasing any of this data since this will be an ongoing study, but we will be indicating whether we think the data's in support of moving forward into Phase III, planning and initiation purposes."  To the extent that a response is required to any remaining, non-dismissed allegations in Paragraph 12, Defendants deny these allegations.

13.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO
US-DOCS\123941545

4

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70). *See* ECF No. 39. Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.

14.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading: "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70). *See* ECF No. 39. Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.

15.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading: "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70). *See* ECF No. 39. Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.

16.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading: "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70). *See* ECF No. 39. Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required. Assuming a response was required, Defendants admit that, on October 13, 2020, Gossamer issued a press release announcing the "topline results from its Phase 2b LEDA trial in patients with moderate-to-severe eosinophilic asthma and its Phase 2 TITAN trial in patients with chronic

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

5

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1   rhinosinusitis."  With respect to the LEDA trial, the press release stated, "The

2   primary endpoint of the trial was not met, though consistent and meaningful

3   numeric reductions in the odds of asthma worsening as compared to placebo were

4   observed across all GB001 groups[.]"  As to the TITAN trial, the press release

5   stated, "Neither the primary nor the secondary endpoints of the trial were met."

6          17.    Defendants deny the allegations of Paragraph 17.

7          18.    Defendants deny the allegations of Paragraph 18.

8          19.    Defendants deny the allegations of Paragraph 19.

9                          **Jurisdiction and Venue**

10         20.    Defendants admit that Plaintiff is pursuing claims asserted in the

11  Complaint arising under Section 11 (15 U.S.C. § 77k) and Section 15 (15 U.S.C.

12  § 77o) of the Securities Act.

13         21.    Defendants admit that this Court has jurisdiction of this matter under

14  Section 22 (15 U.S.C. §77v) of the Securities Act.

15         22.    Defendants admit that this Court has jurisdiction over each Defendant.

16  Except as expressly admitted, Defendants deny the allegations of Paragraph 22.

17         23.    Defendants admit the allegations of Paragraph 23.

18         24.    Defendants admit to using the United States mail, interstate telephone

19  communications and facilities of the national securities exchange, but otherwise

20  deny the allegations of Paragraph 24.

21                                **Parties**

22         25.    Defendants lack sufficient knowledge or information to form a belief

23  as to the allegations of Paragraph 25, and on that basis, deny them.

24         26.    Defendants admit the allegations of Paragraph 26.

25         27.    Defendants admit that at the time of the IPO, Ms. Sheila Gujrathi,

26  M.D., was Co-Founder and Chief Executive Officer of Gossamer.  Except as

27  expressly admitted, Defendants deny the allegations of Paragraph 27.

28         28.    Defendants admit that at the time of the IPO, Mr. Bryan Giraudo was

LATHAM&WATKINS LLP   US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO

6

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1    Gossamer's Chief Financial Officer.  Except as expressly admitted, Defendants

2    deny the allegations of Paragraph 28.

3         29.    Defendants admit that at the time of the IPO, Mr. Giraudo and Ms.

4    Gujrathi were involved in the preparation of the Company's reports to the SEC,

5    press releases and presentations to securities analysts, money and portfolio

6    managers, and the investing public; and that Mr. Giraudo and Ms. Gujrathi were

7    provided copies the Company's reports and press releases referred to in the

8    Complaint.  Except as expressly admitted, Defendants deny the allegations of

9    Paragraph 29.

10        30.    Defendants admit that at the time of the IPO, Mr. Faheem Hasnain

11   was the Executive Chairman of the Board of Directors.  Except as expressly

12   admitted, Defendants deny the allegations of Paragraph 30.

13        31.    Defendants admit that at the time of the IPO, Mr. Joshua H. Bilenker,

14   M.D., was a Director on Gossamer's Board of Directors.  Except as expressly

15   admitted, Defendants deny the allegations of Paragraph 31.

16        32.    Defendants admit that at the time of the IPO, Ms. Kristina Burow was

17   a Director on Gossamer's Board of Directors.  Except as expressly admitted,

18   Defendants deny the allegations of Paragraph 32.

19        33.    Defendants admit that at the time of the IPO, Mr. Russell Cox was a

20   Director on Gossamer's Board of Directors.  Except as expressly admitted,

21   Defendants deny the allegations of Paragraph 33.

22        34.    Defendants admit that at the time of the IPO, Mr. Thomas Daniel,

23   M.D., was a Director on Gossamer's Board of Directors.  Except as expressly

24   admitted, Defendants deny the allegations of Paragraph 34.

25        35.    Defendants admit that at the time of the IPO, Ms. Renée Galá was a

26   Director on Gossamer's Board of Directors.  Except as expressly admitted,

27   Defendants deny the allegations of Paragraph 35.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

7

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

36.     Defendants admit that at the time of the IPO, Dr. Otello Stampacchia, Ph.D., was a Director on Gossamer's Board of Directors; and that Dr. Stampacchia was thereafter the founder and managing director of Omega Funds, a company that invests in biopharma and medical device startups in the United States.  Except as expressly admitted, Defendants deny the allegations of Paragraph 36.

37.     Defendants acknowledge that Mr. Hasnain, Dr. Bilenker, Ms. Burow, Mr. Cox, Dr. Daniel, Ms. Galá, and Dr. Stampacchia are named as Defendants in the Complaint.

## Underwriter Defendants

38.     The allegations in Paragraph 38 are not directed at the Gossamer Defendants, and thus no response is required by the Gossamer Defendants.  To the extent a response is required, Defendants admit that Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") was an underwriter of Gossamer's IPO.

39.     The allegations in Paragraph 39 are not directed at the Gossamer Defendants, and thus no response is required by the Gossamer Defendants.  To the extent a response is required, Defendants admit that Defendant SVB Leerick LLC ("Leerink") was an underwriter of Gossamer's IPO.

40.     The allegations in Paragraph 40 are not directed at the Gossamer Defendants, and thus no response is required by the Gossamer Defendants.  To the extent a response is required, Defendants admit that Defendant Barclays Capital Inc. ("Barclays") was an underwriter of Gossamer's IPO.

41.     The allegations in Paragraph 41 are not directed at the Gossamer Defendants, and thus no response is required by the Gossamer Defendants.  To the extent a response is required, Defendants admit that Defendant Evercore Group L.L.C. ("Evercore") was an underwriter of Gossamer's IPO.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

8

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

42.   Defendants admit that Merrill Lynch, Leerink, Barclays, and Evercore were named as Defendants in the Complaint and are sometimes referred to in the Complaint as "Underwriter Defendants."

43.   Defendants admit that the chart in Paragraph 43 accurately reflects the number of shares that each Underwriter Defendant agreed to sell in Gossamer's February 8, 2019 IPO.  Except as expressly admitted, Defendants deny the allegations of Paragraph 43.

44.   The allegations in Paragraph 44 are not directed at the Gossamer Defendants, and thus no response is required by the Gossamer Defendants.  To the extent a response is required, Defendants admit that the Securities Act imposes liability for false or misleading statements made in a Registration Statement; except as expressly admitted, Defendants deny the allegations of Paragraph 44.

45.   The allegations in Paragraph 45 are not directed at the Gossamer Defendants, and thus no response is required by the Gossamer Defendants.  To the extent a response is required, Defendants admit that Merrill Lynch, Leerink, Barclays, and Evercore are banking institutions that routinely underwrite public offerings of securities; except as expressly admitted, Defendants deny the allegations of Paragraph 45.

46.   The allegations in Paragraph 46 are not directed at the Gossamer Defendants, and thus no response is required by the Gossamer Defendants.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations of Paragraph 46, and on that basis, deny the allegations of Paragraph 46.

47.   The allegations in Paragraph 47 are not directed at the Gossamer Defendants, and thus no response is required by the Gossamer Defendants.  To the extent a response is required, Defendants admit that representatives of Merrill Lynch, Leerink, Barclays, and Evercore assisted Gossamer in planning the IPO, purported to conduct an adequate and reasonable investigation into the business,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

9

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1  operations, and products, and plans of Gossamer, and had access to confidential

2  corporate information concerning Gossamer's business, financial condition,

3  products, plans, and prospects during that investigation; except as expressly

4  admitted, Defendants deny the allegations of Paragraph 47.

5      48.    The allegations in Paragraph 48 are not directed at the Gossamer

6  Defendants, and thus no response is required by the Gossamer Defendants.  To the

7  extent a response is required, Defendants admit that Merrill Lynch, Leerink,

8  Barclays, and Evercore assisted in the preparation of Gossamer's IPO materials;

9  except as expressly admitted, Defendants deny the allegations of Paragraph 48.

10      49.    The allegations in Paragraph 49 are not directed at the Gossamer

11  Defendants, and thus no response is required by the Gossamer Defendants.  To the

12  extent a response is required, Defendants admit that the Registration Statement was

13  filed with the SEC and declared effective in connection with offers and sales of

14  Gossamer's shares; Defendants lack sufficient knowledge or information to form a

15  belief as to the remaining allegations of Paragraph 49, and on that basis, deny

16  them.

17                                      **Substantive Allegations**

18      50.    Defendants admit the allegations of the first sentence of Paragraph 50.

19  Defendants further admit that at the time of Gossamer's IPO, Gossamer's most

20  advanced drug candidate, GB001, was an oral antagonist of prostaglandin D2

21  receptor 2, or DP2, in development for the treatment of moderate-to-severe

22  eosinophilic asthma and other allergic conditions.  At the time of the IPO,

23  Gossamer's GB001 product was in Phase 2 development for asthma, and

24  Gossamer planned to initiate proof-of concept Phase 2 clinical trials of GB001 in

25  rhinosinusitis.

26      51.    Defendants admit the allegations of Paragraph 51.

27      52.    Defendants admit the allegations of Paragraph 52.

28      53.    Defendants admit that statement alleged in Paragraph 53 is in the

Prospectus dated February 7, 2019, which speaks for itself.

**Defendants' Misstatements and/or Omissions in the IPO Materials**

54.     On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  To the extent Plaintiff alleges that Gossamer intended to release these interim results publicly, Defendants deny the allegations of this Paragraph.  Because the remaining allegations of this Paragraph have been dismissed from the case, no response is required.

55.     Defendants admit the allegations of Paragraph 55.

56.     On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.  Assuming a response was required, Defendants admit the statement alleged in Paragraph 56 was contained in the S-1 Registration Statement, which speaks for itself.

57.     On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.  Assuming a response was required, Defendants

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

11

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1   admit the statement alleged in Paragraph 57 was contained in the S-1 Registration

2   Statement, which speaks for itself.

3       58.    On April 19, 2021, the Court dismissed all claims with prejudice and

4   without leave to amend *except* Plaintiff's claim that the following single statement

5   in the Offering Prospectus was false or materially misleading:  "We plan to

6   conduct an interim analysis . . . and we expect the results of this interim analysis to

7   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

8   allegations of this Paragraph pertain to claims that have been dismissed from the

9   case, no response is required.  Assuming a response was required, Defendants

10   admit the statement alleged in Paragraph 58 was contained in the S-1 Registration

11   Statement, which speaks for itself.

12       59.    Defendants admit that the S-1 Registration Statement identifies Dr.

13   Gujrathi, Mr. Giraudo, Mr. Hasnain, Dr. Bilenker, Ms. Burow, Mr. Cox, Dr.

14   Daniel, Ms. Galá, and Dr. Stampacchia's names on the signature page.

15       60.    Defendants admit that on or about January 23, 2019, Gossamer filed

16   with the SEC a Form S-1/A Registration Statement.  The remainder of this

17   Paragraph states a legal conclusion, and thus no response is required.

18       61.    On April 19, 2021, the Court dismissed all claims with prejudice and

19   without leave to amend *except* Plaintiff's claim that the following single statement

20   in the Offering Prospectus was false or materially misleading:  "We plan to

21   conduct an interim analysis . . . and we expect the results of this interim analysis to

22   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

23   allegations of this Paragraph pertain to claims that have been dismissed from the

24   case, no response is required.  Assuming a response was required, Defendants

25   admit that the January 23, 2019 Form S-1/A Registration Statement contained the

26   following statement: "We commenced a Phase 2b clinical trial for our most

27   advanced product candidate, GB001, in moderate-to-severe eosinophilic asthma in

28   October 2018 and expect to conduct an interim analysis in the first half of 2020."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

12

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

62.     Defendants admit that the January 23, 2019 Registration Statement identifies Dr. Gujrathi, Mr. Giraudo, Mr. Hasnain, Dr. Bilenker, Ms. Burow, Mr. Cox, Dr. Daniel, Ms. Galá, and Dr. Stampacchia's names on the signature page.

63.     Defendants admit that on or about January 30, 2019, Gossamer filed with the SEC a Form S-1/A Registration Statement.  The remainder of this Paragraph states a legal conclusion, and thus no response is required.

64.     On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.  Assuming a response was required, Defendants admit that the January 23, 2019 Form S-1/A Registration Statement contained the following statement: "We commenced a Phase 2b clinical trial for our most advanced product candidate, GB001, in moderate-to-severe eosinophilic asthma in October 2018 and expect to conduct an interim analysis in the first half of 2020."

65.     Defendants admit the January 30, 2019 Registration Statement identifies Dr. Gujrathi, Mr. Giraudo, Mr. Hasnain, Dr. Bilenker, Ms. Burow, Mr. Cox, Dr. Daniel, Ms. Galá, and Dr. Stampacchia's names on the signature page.

66.     Defendants admit that on or about February 8, 2019, Gossamer filed with the SEC a Form 424(b)(4), which stated that Gossamer intended to sell 17,250,000 shares of common stock at a price of $16.00 per share in its IPO.  The remainder of this Paragraph states a legal conclusion, and thus no response is required.

67.     Defendants admit the statement in Paragraph 67 is contained in the Prospectus, which speaks for itself.

68.     On April 19, 2021, the Court dismissed all claims with prejudice and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

13

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1   without leave to amend *except* Plaintiff's claim that the following single statement

2   in the Offering Prospectus was false or materially misleading:  "We plan to

3   conduct an interim analysis . . . and we expect the results of this interim analysis to

4   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

5   allegations of this Paragraph pertain to claims that have been dismissed from the

6   case, no response is required.  Assuming a response was required,  Defendants

7   admit the statement in Paragraph 68 is contained in the Prospectus, which speaks

8   for itself.

9          69.    On April 19, 2021, the Court dismissed all claims with prejudice and

10   without leave to amend *except* Plaintiff's claim that the following single statement

11   in the Offering Prospectus was false or materially misleading:  "We plan to

12   conduct an interim analysis . . . and we expect the results of this interim analysis to

13   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

14   allegations of this Paragraph pertain to claims that have been dismissed from the

15   case, no response is required.  Assuming a response was required, Defendants

16   admit that the selected statements in Paragraph 69 are contained in the Prospectus,

17   which speaks for itself.

18          70.    On April 19, 2021, the Court dismissed all claims with prejudice and

19   without leave to amend *except* Plaintiff's claim that the following single statement

20   in the Offering Prospectus was false or materially misleading:  "We plan to

21   conduct an interim analysis . . . and we expect the results of this interim analysis to

22   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  To the

23   extent Plaintiff alleges that Gossamer intended to release these interim results

24   publicly, Defendants deny the allegations of this Paragraph.  Because the

25   remaining allegations of this Paragraph have been dismissed from the case, no

26   further response is required.

27          71.    On April 19, 2021, the Court dismissed all claims with prejudice and

28   without leave to amend *except* Plaintiff's claim that the following single statement

LATHAM & WATKINS LLP  US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO

14

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  To the extent Plaintiff alleges that Gossamer intended to release these interim results publicly, i.e., by reference to Paragraph 70 of the Complaint, Defendants deny the allegations of this Paragraph.  Because the remaining allegations of this Paragraph have been dismissed from the case, no response is required.

### Post-IPO Developments

72.     On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.  Assuming a response was required, Defendants admit that on Gossamer filed its 2018 Annual Report on Form 10-K (the "2018 10-K") on March 22, 2019 and that the 2018 10-K, which speaks for itself, contains the quoted language.

73.     On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no response is required to Plaintiff's allegations relating to Gossamer's plans for Phase 3 GB001 studies.  To the extent that a response is required to any non-dismissed allegations in Paragraph 73, Defendants admit that the 2018 10-K, which speaks for itself, contains the quoted language.

74.     On April 19, 2021, the Court dismissed all claims with prejudice and

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

15

CASE No. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1    without leave to amend *except* Plaintiff's claim that the following single statement

2    in the Offering Prospectus was false or materially misleading:  "We plan to

3    conduct an interim analysis . . . and we expect the results of this interim analysis to

4    be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no

5    response is required to Plaintiff's allegations relating to Gossamer's plans for

6    Phase 3 GB001 studies.  To the extent that a response is required to any non-

7    dismissed allegations in Paragraph 74, Defendants admit to issuing its financial

8    results for the First Quarter of 2019 on May 14, 2019 and that Gossamer's May 14,

9    2019 Form 10-Q, which speaks for itself, contains the quoted language.

10        75.    On April 19, 2021, the Court dismissed all claims with prejudice and

11   without leave to amend *except* Plaintiff's claim that the following single statement

12   in the Offering Prospectus was false or materially misleading:  "We plan to

13   conduct an interim analysis . . . and we expect the results of this interim analysis to

14   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no

15   response is required to Plaintiff's allegations relating to Gossamer's plans for

16   Phase 3 GB001 studies.  To the extent that a response is required to any non-

17   dismissed allegations in Paragraph 75, Defendants admit that Gossamer held an

18   earnings call with analysts on May 14, 2019; and that a transcript of a May 14,

19   2019 earnings call contains the quoted language and attributes it to Dr. Gujrathi.

20        76.    On April 19, 2021, the Court dismissed all claims with prejudice and

21   without leave to amend *except* Plaintiff's claim that the following single statement

22   in the Offering Prospectus was false or materially misleading:  "We plan to

23   conduct an interim analysis . . . and we expect the results of this interim analysis to

24   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no

25   response is required to Plaintiff's allegations relating to the Novartis product or

26   Gossamer's plans for Phase 3 GB001 studies.  To the extent that a response is

27   required to any non-dismissed allegations in Paragraph 76, Defendants admit that a

28   transcript of a May 14, 2019 earnings call contains the quoted language and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

16

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1    attributes that language, respectively, to a Bank of America Merrill Lynch analyst

2    and Dr. Gujrathi.

3          77.    On April 19, 2021, the Court dismissed all claims with prejudice and

4    without leave to amend *except* Plaintiff's claim that the following single statement

5    in the Offering Prospectus was false or materially misleading: "We plan to

6    conduct an interim analysis . . . and we expect the results of this interim analysis to

7    be available in the first half of 2020" (Compl. ¶ 70). *See* ECF No. 39. As such, no

8    response is required to Plaintiff's allegations relating to the Novartis product or

9    Gossamer's plans for Phase 3 GB001 studies. To the extent that a response is

10   required to any non-dismissed allegations in Paragraph 77, Defendants admit that

11   Dr. Gujrathi and Mr. Giraudo participated in the Bank of America Merrill Lynch

12   Health Care Conference on May 14, 2019, and that a transcript of a May 14, 2019

13   analyst call from that event contains the quoted language and attributes it to Dr.

14   Gujrathi.

15         78.    On April 19, 2021, the Court dismissed all claims with prejudice and

16   without leave to amend *except* Plaintiff's claim that the following single statement

17   in the Offering Prospectus was false or materially misleading: "We plan to

18   conduct an interim analysis . . . and we expect the results of this interim analysis to

19   be available in the first half of 2020" (Compl. ¶ 70). *See* ECF No. 39. Because the

20   allegations of this Paragraph pertain to claims that have been dismissed from the

21   case, no response is required. Assuming a response was required, Defendants

22   admit that a transcript of a May 14, 2019 analyst call from the Bank of America

23   Merrill Lynch Health Care Conference on that date contains the quoted language

24   and attributes it to, respectively, an analyst and Dr. Gujrathi.

25         79.    On April 19, 2021, the Court dismissed all claims with prejudice and

26   without leave to amend *except* Plaintiff's claim that the following single statement

27   in the Offering Prospectus was false or materially misleading: "We plan to

28   conduct an interim analysis . . . and we expect the results of this interim analysis to

LATHAM&WATKINS<sup>LLP</sup> US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO

17

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1  be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

2  allegations of this Paragraph pertain to claims that have been dismissed from the

3  case, no response is required.  Assuming a response was required, Defendants

4  admit that a transcript of a May 14, 2019 analyst call from the Bank of America

5  Merrill Lynch Health Care Conference on that date contains the quoted language

6  and attributes it to, respectively, an analyst and Dr. Gujrathi.

7         80.     On April 19, 2021, the Court dismissed all claims with prejudice and

8  without leave to amend *except* Plaintiff's claim that the following single statement

9  in the Offering Prospectus was false or materially misleading:  "We plan to

10  conduct an interim analysis . . . and we expect the results of this interim analysis to

11  be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no

12  response is required to Plaintiff's allegations relating to Gossamer's plans for

13  Phase 3 GB001 studies.  To the extent that a response is required to any non-

14  dismissed allegations in Paragraph 80, Defendants admit that Gossamer issued its

15  financial results for the Second Quarter of 2019 on August 8, 2019, and that

16  Gossamer's August 8, 2019 Form 10-Q, which speaks for itself, contains the

17  quoted language.

18        81.     On April 19, 2021, the Court dismissed all claims with prejudice and

19  without leave to amend *except* Plaintiff's claim that the following single statement

20  in the Offering Prospectus was false or materially misleading:  "We plan to

21  conduct an interim analysis . . . and we expect the results of this interim analysis to

22  be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no

23  response is required to Plaintiff's allegations relating to Gossamer's plans for

24  Phase 3 GB001 studies.  To the extent that a response is required to any non-

25  dismissed allegations in Paragraph 81, Defendants admit that Gossamer held an

26  earnings call with analysts on August 8, 2019 and that a transcript of that earnings

27  call, which speaks for itself, contains the quoted language and attributes it to Dr.

28  Gujrathi.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

18

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

82.     On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.  Assuming a response was required, Defendants admit that a transcript of an August 8, 2019 analyst call, which speaks for itself, contains the quoted language and attributes it to, respectively, a Leerink analyst and Dr. Gujrathi.

83.     Defendants deny the allegations of Paragraph 83.

**The Truth Begins to Emerge**

84.     On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.  Assuming a response was required, Defendants admit that  the cited article, which speaks for itself, contains the quoted language and attributes it to an analyst.

85.     On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no response is required to Plaintiff's allegations relating to Gossamer's plans for Phase 3 GB001 studies.  To the extent that a response is required to any non-

LATHAM&WATKINS LLP US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO

19

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1   dismissed allegations in Paragraph 85, Defendants admit that Gossamer issued its

2   financial results for the Third Quarter of 2019 on November 12, 2019 and that

3   Gossamer's November 12, 2019 Form 10-Q, which speaks for itself, contains the

4   quoted language.

5       86.     On April 19, 2021, the Court dismissed all claims with prejudice and

6   without leave to amend *except* Plaintiff's claim that the following single statement

7   in the Offering Prospectus was false or materially misleading:  "We plan to

8   conduct an interim analysis . . . and we expect the results of this interim analysis to

9   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no

10  response is required to Plaintiff's allegations relating to Gossamer's plans for

11  Phase 3 GB001 studies.  To the extent that a response is required to any non-

12  dismissed allegations in Paragraph 86, Defendants admit that Gossamer held an

13  earnings call with analysts on November 12, 2019, and that a transcript of that call,

14  which speaks for itself, contains the quoted language and attributes it to Dr.

15  Gujrathi.

16      87.     On April 19, 2021, the Court dismissed all claims with prejudice and

17  without leave to amend *except* Plaintiff's claim that the following single statement

18  in the Offering Prospectus was false or materially misleading:  "We plan to

19  conduct an interim analysis . . . and we expect the results of this interim analysis to

20  be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no

21  response is required to Plaintiff's allegations relating to Gossamer's plans for

22  Phase 3 GB001 studies.  To the extent that a response is required to any non-

23  dismissed allegations in Paragraph 87, Defendants admit that a transcript of a

24  November 12, 2019 earnings call, which speaks for itself, contains the quoted

25  language and attributes it to Dr. Gujrathi.

26      88.     On April 19, 2021, the Court dismissed all claims with prejudice and

27  without leave to amend *except* Plaintiff's claim that the following single statement

28  in the Offering Prospectus was false or materially misleading:  "We plan to

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

20

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1   conduct an interim analysis . . . and we expect the results of this interim analysis to

2   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no

3   response is required to Plaintiff's allegations relating to Gossamer's plans for

4   Phase 3 GB001 studies.  To the extent that a response is required to any non-

5   dismissed allegations in Paragraph 88, Defendants admit that a transcript of a

6   November 12, 2019 earnings call, which speaks for itself, contains the quoted

7   language and attributes it to, respectively an analyst from Joh. Berenberg, Gossler

8   & Co. KG and Dr. Gujrathi.

9         89.    On April 19, 2021, the Court dismissed all claims with prejudice and

10   without leave to amend *except* Plaintiff's claim that the following single statement

11   in the Offering Prospectus was false or materially misleading:  "We plan to

12   conduct an interim analysis . . . and we expect the results of this interim analysis to

13   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

14   allegations of this Paragraph pertain to claims that have been dismissed from the

15   case, no response is required.  Assuming a response was required, Defendants

16   admit that a transcript of a November 12, 2019 earnings call, which speaks for

17   itself, contains the quoted language and attributes it to, respectively an analyst

18   from Joh. Berenberg, Gossler & Co. KG and Dr. Gujrathi.

19         90.    On April 19, 2021, the Court dismissed all claims with prejudice and

20   without leave to amend *except* Plaintiff's claim that the following single statement

21   in the Offering Prospectus was false or materially misleading:  "We plan to

22   conduct an interim analysis . . . and we expect the results of this interim analysis to

23   be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the

24   allegations of this Paragraph pertain to claims that have been dismissed from the

25   case, no response is required.  Assuming a response was required, Defendants

26   admit that the cited article, which speaks for itself, contains the quoted language.

27         91.    On April 19, 2021, the Court dismissed all claims with prejudice and

28   without leave to amend *except* Plaintiff's claim that the following single statement

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

21

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.  Assuming a response was required, Defendants admit that the cited article, which speaks for itself, contains the quoted language.

92.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.  Assuming a response was required, Defendants admit that Gossamer's stock price closed at $25.37 per share on December 13, 2019; and that on December 16, 2019, it closed at $15.96 per share.

93.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no response is required to Plaintiff's allegations relating to the Novartis product or Gossamer's plans for Phase 3 GB001 studies.  To the extent that a response is required to any non-dismissed allegations in Paragraph 93, Defendants admit that the date reflected on Gossamer's 2019 10-K is March 24, 2020.

94.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

22

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no response is required to Plaintiff's allegations relating to the Novartis product.  To the extent that a response is required to any non-dismissed allegations in Paragraph 94, Defendants admit Gossamer's 2019 Form 10-K, which speaks for itself, contains the quoted language.

95.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  As such, no response is required to Plaintiff's allegations relating to Gossamer's plans for Phase 3 GB001 studies.  To the extent that a response is required to any non-dismissed allegations in Paragraph 95, Defendants admit that Gossamer issued a press release, which speaks for itself, on May 12, 2020 that contains the quoted language.

96.    On April 19, 2021, the Court dismissed all claims with prejudice and without leave to amend *except* Plaintiff's claim that the following single statement in the Offering Prospectus was false or materially misleading:  "We plan to conduct an interim analysis . . . and we expect the results of this interim analysis to be available in the first half of 2020" (Compl. ¶ 70).  *See* ECF No. 39.  Because the allegations of this Paragraph pertain to claims that have been dismissed from the case, no response is required.  Assuming a response was required, Defendants admit that, on October 13, 2020, Gossamer issued a press release announcing the "topline results from its Phase 2b LEDA trial in patients with moderate-to-severe eosinophilic asthma and its Phase 2 TITAN trial in patients with chronic rhinosinusitis."  With respect to the LEDA trial, the press release stated, "The primary endpoint of the trial was not met, though consistent and meaningful numeric reductions in the odds of asthma worsening as compared to placebo were

observed across all GB001 groups[.]"  As to the TITAN trial, the press release

stated, "Neither the primary nor the secondary endpoints of the trial were met."

97.    Defendants deny the allegations of Paragraph 97.

98.    Defendants admit the allegations of Paragraph 98.

99.    Defendants admit that on April 3, 2020, Gossamer's stock price closed at $10.19 per share; that this was the date the initial complaint in this action was filed (ECF No. 1).  Defendants deny the remaining allegations of Paragraph 99.

### Class Action Allegations

100.    Defendants admit that Plaintiff purports to bring this action as a class action on behalf of all persons or entities other than Defendants, directors and officers of the Company, and their families and affiliates, who purchased Gossamer's common stock pursuant or traceable to Gossamer's IPO in February 2019.  Defendants deny that Plaintiff has met the requirement to pursue this action as a class action.  Except as expressly admitted, Defendants deny the allegations of Paragraph 100.

101.    Defendants deny the allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102.

103.    Defendants deny the allegations of Paragraph 103.

104.    Defendants deny the allegations of Paragraph 104.

105.    Defendants deny the allegations of Paragraph 105.

106.    Defendants deny the allegations of Paragraph 106.

107.    Defendants deny the allegations of Paragraph 107.

108.    Defendants deny the allegations of Paragraph 108.

109.    Defendants deny the allegations of Paragraph 109.

### Causes of Action

### Count One: Violations of Section 11 of the Securities Act (Against All

LATHAM&WATKINS LLP  US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO

24

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1  **Defendants)**

2      110.   Defendants repeat and reallege their responses to Paragraphs 1

3  through 109 as though fully set forth herein.

4      111.   Defendants deny the allegations of Paragraph 111.

5      112.   Defendants admit that Gossamer is the registrant for the IPO.  Except

6  as expressly admitted, Defendants deny the allegations of Paragraph 112.

7      113.   Gossamer admits it is the issuer of securities offered in connection

8  with its IPO.  Defendants lack sufficient knowledge or information regarding

9  whether those securities were purchased by Plaintiff or the Class, and on that basis

10  deny those allegations.  Except as expressly admitted, Defendants deny the

11  allegations of Paragraph 113.

12      114.   Defendants deny the allegations of Paragraph 114.

13      115.   Defendants deny the allegations of Paragraph 115.

14      116.   Defendants lack sufficient knowledge or information regarding this

15  allegation and on that basis deny the allegations in Paragraph 116.

16      117.   Defendants deny the allegations of Paragraph 117.

17      118.   Defendants admit that fewer than three years elapsed between the time

18  of Gossamer's IPO (February 2019) and when the first Complaint was filed

19  (April 3, 2020).  Except as expressly admitted, Defendants deny the allegations of

20  Paragraph 118.

21  **Count Two**

22  **Violations of Section 15 of the Securities Act**

23  **(Against All Defendants Except the Underwriter Defendants)**

24      119.   Defendants repeat and reallege their responses to Paragraphs 1

25  through 118 as though fully set forth herein.

26      120.   The allegations of Paragraph 120 purport to make legal conclusions

27  for which no response is required.  To the extent a response is required, Defendants

28  admit that Plaintiff purports to bring Count Two pursuant to Section 15 of the

LATHAM&WATKINS<sup>LLP</sup>  US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO
25
CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

Securities Act on behalf of a purported class and against the Individual Defendants.
Except as expressly admitted, Defendants deny the allegations of Paragraph 120.

121.   Defendants deny the allegations of Paragraph 121.

122.   The allegations of Paragraph 122 purport to make legal conclusions
for which no response is required.

**Prayer for Relief**

Defendants deny that Plaintiff is entitled to any judgment on any allegations
of claims asserted in the Complaint and deny that Plaintiff is entitled to any
requested relief.

**Jury Trial Demanded**

Defendants also demand a jury trial on all issues so triable.

**General Denial**

Defendants deny any allegations of the Complaint, whether express or
implied, that are not specifically admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

Defendants assert the following defenses in response to the allegations
contained in the Complaint.  By asserting these defenses, Defendants do not
concede that they bear the burden of proof on any such defenses.

Defendants further reserve the right to assert additional affirmative defenses
once the precise nature of the relevant circumstances or event is determined
through discovery.  Defendants also adopt and incorporate by reference any
applicable defense pleaded by any other Defendant in this action not expressly set
forth herein.

**FIRST AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiff and/or members of the Putative Class's claims are barred, in whole
or in part, because Plaintiff or other members of the Putative Class lack standing to
assert them to the extent they did not purchase Gossamer stock in or traceable to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

26

CASE No. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1  Gossamer's Initial Public Offering.

2  ### SECOND AFFIRMATIVE DEFENSE

3  ### (Truth on the Market)

4    Defendants are not liable to Plaintiff or other members of the Putative Class

5  because the substance of the allegedly omitted or misrepresented material

6  information was disclosed in the Registration Statement, Gossamer's own public

7  filings and announcements, and/or in other sources that were publicly available or

8  widely known to the market, the investing community, Plaintiff and members of

9  the Putative Class.

10  ### THIRD AFFIRMATIVE DEFENSE

11  ### (Knowledge)

12    Plaintiff's claims of alleged misrepresentations and omissions, which are

13  denied, are barred to the extent any allegedly misstated facts or omissions were

14  known to Plaintiff and other members of the Putative Class.

15  ### FOURTH AFFIRMATIVE DEFENSE

16  ### (Due Diligence)

17    The Individual Defendants had, after reasonable investigation, reasonable

18  grounds to believe and did believe, at the time the Registration Statement became

19  effective, that the statements therein were true and that there was no omission of

20  any required material fact necessary to make the statements not misleading.

21  ### FIFTH AFFIRMATIVE DEFENSE

22  ### (Reasonable Reliance on Experts)

23    With respect to portions of the Registration Statement purporting to be made

24  on the authority of experts, the Individual Defendants had no reasonable ground to

25  believe and did not believe, at the time such part of the Registration Statement

26  became effective, that the statements therein were untrue or that there was an

27  omission to state a material fact required to be stated therein or necessary to make

28  the statements therein not misleading.

LATHAM&WATKINS^LLP US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO

27

CASE No. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1
2
3
4
5

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims are barred, in whole or in part, because at all relevant times Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the Securities and Exchange Commission.

6
7

## SEVENTH AFFIRMATIVE DEFENSE

### (Bespeaks Caution)

8
9
10

Plaintiff's claims are barred, in whole or in part, by the "bespeaks caution" doctrine to the extent they are based on predictions, expressions of opinion, or forward-looking statements.

11
12

## EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

13
14
15
16

Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or other members of the Putative Class had actual or constructive knowledge of the risks involved and thus assumed the risk that the value of Gossamer stock would decline if such risks materialized.

17
18

## NINTH AFFIRMATIVE DEFENSE

### (No Control Person Liability)

19
20
21
22

Each and every one of Defendants alleged to be a control person under Section 15 of the Securities Act of 1933 had no knowledge of, or had reasonable grounds to believe in the existence of, the facts by reason of which liability of the control person is alleged to exist.

23
24

## TENTH AFFIRMATIVE DEFENSE

### (Statutory Damages Limitation)

25
26
27

Any recovery for damages allegedly incurred by Plaintiff or members of the Putative Class is barred, in whole or in part, by the damages limitations of the Securities Act of 1933.

28

## ELEVENTH AFFIRMATIVE DEFENSE

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

28

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

**(Negative Causation)**

Plaintiff's claims are barred, in whole or in part, because none of the alleged misrepresentations or misleading statements or omissions that Plaintiff alleges caused, or was a substantial factor in, any increase or decrease in the market value of Gossmer's securities owned by Plaintiff or other members of the Putative Class.

## TWELFTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Events)

Plaintiff's claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault and/or Contributory Negligence)

Plaintiff's claims are barred, in whole or in part, by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiff, other members of the Putative Class, or other third parties, including the failure to undertake their own due diligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff and other members of the Putative Class are barred from recovery for injury or damages because they failed to make reasonable efforts to mitigate any such injury or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands, and other related equitable defenses.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted, including because the Court has dismissed in part Plaintiff's allegations related to

LATHAM & WATKINS LLP US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO

29

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

allegations that Gossamer "misled investors as to the clinical validation of DP2 antagonism by Novartis' feviriprant product" and "would immediately launch a Phase 3 trial for GB001" should the interim analysis be successful (ECF No. 39).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Incorporation by Reference)

Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any of the other defendants to the extent Defendants may share in such a defense.

## PRAYER FOR RELIEF

WHEREFORE, the Gossamer Defendants pray for relief as follows:

WHEREFORE, the Gossamer Defendants request that the Court enter judgment for it by adjudging and decreeing that:

1.  That Plaintiff take nothing by reason of his Complaint, and that judgment be rendered in favor of Defendants;

2.  That the Complaint, and each purported cause of action against Defendants, be dismissed with prejudice;

3.  That the Court determine that this action may not proceed as a class action and dismiss all purported class allegations with prejudice;

4.  That the Court award Defendants the costs, disbursements, and attorneys' fees incurred by them in defending this action; and

5.  That the Court award Defendants any such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 38.1, the Gossamer Defendants hereby demands a trial by jury.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\123941545

30

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.

1

Dated:  May 17, 2021                    LATHAM & WATKINS LLP

2

By:    /s/Colleen C. Smith

3
LATHAM & WATKINS LLP

4
Colleen C. Smith (SBN 231216)

5
 colleen.smith@lw.com
Melanie J. Grindle (SBN 311047)

6
 melanie.grindle@lw.com
12670 High Bluff Drive

7
San Diego, CA 92130

8
858.523.5400 / 858.523.5450 (fax)

9
Michele D. Johnson (SBN 198298)

10
 michele.johnson@lw.com
650 Town Center Drive, 20th Floor

11
Costa Mesa, CA  92626

12
714.540.1235 / 714.755.8290 (fax)

13
Susan E. Engel (*pro hac vice*)

14
 susan.engel@lw.com
555 Eleventh Street NW, Suite 1000

15
Washington, DC 20004

16
202.637.2200 / 202.637.2201 (fax)

17
*Attorneys for Gossamer Bio, Inc., Sheila*
*Gujrathi, M.D., Bryan Giraudo, Faheem*

18
*Hasnain, Joshua H. Bilenker, M.D., Kristina*
*Burow, Russell Cox, Thomas Daniel, M.D.,*

19
*Renee Gala, and Otello Stampacchia, Ph.D*

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS<sup>LLP</sup>   US-DOCS\123941545
ATTORNEYS AT LAW
SAN DIEGO

31

CASE NO. 3:20-CV-00649-DMS-DEB
GOSSAMER DEFENDANTS' ANSWER TO
PLAINTIFF'S 2ND AM. COMPL.