# EXHIBIT 1

LATHAM & WATKINS LLP
Colleen C. Smith (SBN 231216)
 *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 / 858.523.5450 (fax)

Michele D. Johnson (SBN 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626
714.540.1235 / 714.755.8290 (fax)

Meryn C. N. Grant (SBN 291315)
 *meryn.grant@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
213.485.1234 / 213.891.8763 (fax)

*Attorneys for Gossamer Bio, Inc., Sheila Gujrathi, M.D.,
Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker,
M.D., Kristina Burow, Russell Cox, Thomas Daniel,
M.D., Renee Gala, and Otello Stampacchia, Ph.D.*

[*Additional counsel on signature page*]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FEHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., AND EVERCORE GROUP L.L.C.,<br><br>Defendants. | CASE NO. 3:20-cv-00649-DMS-DEB<br><br>Assigned to:  Hon. Dana M. Sabraw<br><br><u>CLASS ACTION</u><br><br>**STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT**<br><br>Action Filed:  April 3, 2020<br>Trial Date:  N/A |

This Stipulation and Agreement of Class Action Settlement, dated February 1, 2022 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rules") and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiff Scott Kuhne ("Lead Plaintiff"), on behalf of himself and each of the members of the Class, as defined in ¶¶ 1.3-1.4, *infra*, on the one hand, and (ii) Defendants Gossamer Bio, Inc. ("Gossamer" or the "Company"), Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, Otello Stampacchia, Ph.D., Merrill Lynch, Pierce, Fenner & Smith Incorporated, SVB Leerink LLC, Barclays Capital Inc., and Evercore Group L.L.C. ("Defendants") (together, Lead Plaintiff and Defendants are referred to as the "Settling Parties"),[1] on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of California (the "Litigation").

This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, as defined in ¶ 1.23, *infra*, upon and subject to the terms and conditions hereof and subject to the approval of the Court.  Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV, *infra*.

# I.     THE LITIGATION

This case is currently pending before the Honorable Dana M. Sabraw in the United States District Court for the Southern District of California (the "Court")

---

[1]  Gossamer, Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, Otello Stampacchia, Ph.D. are collectively referred to as the "Gossamer Defendants."  Merrill Lynch, Pierce, Fenner & Smith Incorporated, SVB Leerink LLC, Barclays Capital Inc., and Evercore Group L.L.C. are collectively referred to as the "Underwriter Defendants."

1    and was filed on behalf of a Class of all investors who purchased or otherwise
2    acquired Gossamer common stock between February 8, 2019 and December 13,
3    2020, inclusive (the "Class Period"), and/or who acquired Gossamer shares
4    pursuant or traceable to Gossamer's Registration Statement and Prospectus in
5    connection with its February 8, 2019 Initial Public Offering (the "IPO").

6          The initial complaint was filed on April 3, 2020, alleging violations of
7    §§ 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), as well
8    as of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange
9    Act") and SEC Rule 10b-5 promulgated thereunder.  ECF No. 1.  It was brought on
10   behalf of all investors who purchased or otherwise acquired Gossamer common
11   stock in the Class Period, and/or who acquired Gossamer shares pursuant or
12   traceable to Gossamer's Registration Statement and Prospectus in connection with
13   the IPO.  *Id.*

14         On June 30, 2020, the Court appointed Lead Plaintiff and the firm of Block
15   & Leviton LLP as Lead Counsel.  ECF No. 17.

16         On August 31, 2020, Lead Plaintiff filed the Amended Class Action
17   Complaint for Violations of the Federal Securities Laws (the "First Amended
18   Complaint"), alleging violations of §§ 11 and 15 of the Securities Act, as well as of
19   §§ 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated
20   thereunder.   ECF No. 27.

21         On October 13, 2020, counsel for Lead Plaintiff and counsel for Defendants
22   held an informal conference regarding Defendants' anticipated motion to dismiss
23   the First Amended Complaint.  As a result of that conference, the parties jointly
24   agreed that Plaintiff should be granted leave to file a second amended complaint
25   and that Defendants should not be required to respond to the First Amended
26   Complaint.  *See* ECF No. 28; *see also* ECF No. 29.

27         On November 20, 2020, Lead Plaintiff filed the Second Amended Class
28   Action Complaint for Violations of the Federal Securities Laws (the "Second

Amended Complaint"), alleging violations of §§ 11 and 15 of the Securities Act. ECF No. 30.

The Second Amended Complaint alleged that Defendants made materially false and misleading statements in materials accompanying the IPO and failed to disclose material adverse facts about the Company's business, operations, and compliance policies. ECF No. 30. More specifically, the Second Amended Complaint alleged that Defendants misrepresented and/or failed to disclose to investors: (1) the purported clinical validation of Novartis' oral DP2 antagonist; (2) that Gossamer did not plan to release the details of its interim analysis of the Phase 2b LEDA study and did not plan to launch a Phase 3 trial for GB001 upon such analysis; and (3) as a result of the foregoing, Defendants' public statements were materially false and misleading at all relevant times. *Id.* The Second Amended Complaint further alleged that Defendants made materially false and misleading statements that artificially inflated the price of Gossamer common stock and that, as a result, the Class suffered damages. *Id.*

On January 19, 2021, Defendants moved to dismiss the Second Amended Complaint, and also filed requests for incorporation by reference and judicial notice. *See* ECF Nos. 32-33. Lead Plaintiff filed his opposition on February 18, 2021. *See* ECF Nos. 35. Defendants filed their replies, as well as a further request for judicial notice, on March 22, 2021. *See* ECF Nos. 36-37.

On April 19, 2021, the Court issued an order ruling on Defendants' motion to dismiss and requests for incorporation by reference and judicial notice (the "April 19 Order"). *See* ECF No. 39. The Court granted in part and denied in part Defendants' motion to dismiss, upholding Lead Plaintiff's claims concerning Gossamer's statement regarding the public release of Gossamer's interim analysis of clinical trial results from the Phase 2 LEDA trial (the "Remaining Claim"). *Id.*

Defendants filed answers to the Remaining Claim on May 17, 2021, denying all material allegations. ECF Nos. 43-44. The parties further subsequently agreed

1   that certain allegations should be stricken from the Second Amended Complaint as

2   a result of the April 19 Order.  ECF Nos. 48-49.

3   　　　Discovery commenced shortly thereafter.  On May 26, 2021, counsel for the

4   Settling Parties conducted a Rule 26(f) conference telephonically.  On July 6,

5   2021, the Settling Parties served their respective initial disclosures.  On July 7,

6   2021, the Gossamer Defendants made their first production of documents, in

7   connection with their initial disclosures and with Lead Plaintiff's informal request

8   for certain information in advance of the parties' upcoming Early Neutral

9   Evaluation Conference.  On July 14, 2021, following extensive negotiations, the

10  Settling Parties lodged their Joint Discovery Plan and Rule 26(f) Report with the

11  Court.  ECF No. 53.

12  　　　An Early Neutral Evaluation Conference and Case Management Conference

13  was conducted before Magistrate Judge Butcher on July 21, 2021.  *See* ECF

14  No. 56.  The case did not settle during the Early Neutral Evaluation Conference,

15  and accordingly the Court entered a Scheduling Order Regulating Discovery and

16  Other Pre-Trial Proceedings.  ECF No. 57.

17  　　　On July 30, 2021, the Gossamer Defendants served their first set of thirty

18  Requests for Production of Documents on Lead Plaintiff.  On August 5, 2021,

19  Lead Plaintiff served his first sets of Requests for Production on Defendants,

20  propounding thirty-six requests on the Gossamer Defendants and twenty-three

21  requests on the Underwriter Defendants.  On August 18, 2021, Defendant

22  Gossamer served its first set of seven Interrogatories on Lead Plaintiff.

23  　　　The Settling Parties subsequently met and conferred over the scope and

24  relevance of the total ninety-six requests.  These efforts included telephonic meet

25  and confer discussions.

26  　　　On September 17, 2021, Lead Plaintiff filed a Motion for Class

27  Certification, with a supporting Memorandum of Points and Authorities and

28  Declaration.  ECF No. 58.

1    The Settling Parties subsequently reengaged in settlement discussions.

2   Through those discussions, the Settling Parties agreed to settle the Litigation for

3   $2,375,000.00 (the "Settlement Amount"), subject to the negotiation of the terms

4   of a Stipulation and Agreement of Settlement and approval by this Court.

5    On October 29, 2021, the Settling Parties filed a Joint Notice of Settlement

6   and Motion to Vacate Deadlines.  ECF No. 61.  On November 2, 2021, the Court

7   entered an Order Vacating Pending Dates and Deadlines, in anticipation of the

8   parties' expected settlement.  ECF No. 63.

9   **II.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF THIS**

10   **SETTLEMENT TO THE CLASS**

11    Lead Plaintiff believes that the claims asserted in the Litigation have merit.

12   However, Lead Plaintiff and Lead Counsel recognize and acknowledge the

13   expense and length of continued proceedings necessary to prosecute the Litigation

14   against the Defendants through trial.  Lead Plaintiff and Lead Counsel also have

15   taken into account the uncertain outcome and risks in connection with Defendants'

16   anticipated opposition to the Motion for Class Certification (ECF No. 58),

17   Defendants' anticipated motions for summary judgment, and persuading a jury at

18   trial, especially in complex matters such as this Litigation, as well as the risks

19   posed by post-trial motions, and potential appeals from the determination of those

20   motions, or a jury verdict.  Lead Plaintiff and Lead Counsel also are aware of the

21   risks presented by the defenses to the securities law violations asserted in the

22   Litigation.  Lead Plaintiff and Lead Counsel believe that the Settlement set forth in

23   this Stipulation confers substantial benefits upon the Class in light of the

24   circumstances present here.  Based on their evaluation, Lead Plaintiff and Lead

25   Counsel have determined that the Settlement set forth in this Stipulation is in the

26   best interests of Lead Plaintiff and the Class, and is fair, reasonable, and adequate.

27

28

III.   **DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

Defendants have denied, and continue to deny, any and all allegations and claims asserted by Plaintiffs in the Litigation.  As set forth in ¶ 9.5 below, this Stipulation does not constitute, and shall not be offered or received against Defendants as evidence of, or construed as, or deemed to be evidence of any concession or admission by Defendants with respect to the truth of any fact alleged or the validity of any claim in this Litigation.  Defendants state that they are entering into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

IV.   **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court, pursuant to Rule 23(e), in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.   Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2   "Claims Administrator" means the firm of Angeion Group.

1.3   "Class" means all Persons who purchased Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), and/or who acquired Gossamer shares pursuant or traceable to Gossamer's

Registration Statement and Prospectus in connection with the IPO.  Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  The foregoing exclusion shall not cover Investment Vehicles.

1.4    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶ 1.3 above.

1.5    "Class Period" means the period from February 8, 2019 through December 13, 2020, inclusive.

1.6    "Court" means the United States District Court for the Southern District of California.

1.7    "Defendants" means Gossamer, Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, Otello Stampacchia, Ph.D., Merrill Lynch, Pierce, Fenner & Smith Incorporated, SVB Leerink LLC, Barclays Capital Inc., and Evercore Group L.L.C.

1.8    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.

1.9    "Escrow Account" means the account controlled by the Escrow Agent into which the Settlement Amount shall be deposited by or on behalf of Defendants as described in ¶ 3.1 below.

1.10    "Escrow Agent" means Huntington Bank, or its successor(s).

1.11    "Fee and Expense Award" is defined in ¶ 7.1 below.

1.12    "Final" means when the last of the following three events shall occur with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto: (i) the expiration of the time to file a motion to alter or amend the Judgment under Rule 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without

any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 30th day; and (iii) if a motion to alter or amend is filed under Rule 59(e) or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

1.13   "Gossamer Defendants" means Gossamer, Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, Otello Stampacchia, Ph.D.

1.14   "Investment Vehicles" means any investment company or pooled investment fund, including but not limited to, mutual-fund families, exchange-traded funds, fund of funds, private-equity funds, real-estate funds, and hedge funds, in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member, or in other similar capacity, other than an investment vehicle of which the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such defendant's or affiliate's

ownership or interest.

1.15 "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B, or such other substantially similar form agreed to by the Settling Parties.

1.16 "Lead Counsel" means Block & Leviton LLP.

1.17 "Lead Plaintiff" means Scott Kuhne.

1.18 "Net Settlement Fund" means the Settlement Fund less: (i) the amount of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the PSLRA, if and to the extent allowed by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.19 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.20 "Notice and Administration Expenses" means the fees and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing claim forms, and paying escrow fees and costs, if any.

1.21 "Notice Order" is defined in ¶ 4.1 below.

1.22 "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.23 "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to

1  Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and

2  the Released Defendant Parties shall have no responsibility or liability with respect

3  to the Plan of Allocation.

4  1.24  "Released Claims" means any and all claims and causes of action of

5  every nature and description whatsoever, including Unknown Claims as defined in

6  ¶ 1.34 hereof, whether arising under federal, state, local, common, statutory,

7  administrative, or foreign law, or any other law, rule, or regulation, at law or in

8  equity, whether fixed or contingent, whether foreseen or unforeseen, whether

9  accrued or unaccrued, whether liquidated or unliquidated, whether matured or

10  unmatured, whether direct, representative, class, or individual in nature, that either

11  were or could have been asserted in this Litigation, which arise out of, are based

12  upon, or are related in any way to both: (i) the purchase or acquisition, or sale of

13  Gossamer securities; and (ii) the allegations, transactions, facts, matters, or

14  occurrences, representations or omissions involved, set forth, or referred to, or

15  which could have been alleged, in the initial complaint dated April 3, 2020 and/or

16  any amendments thereto.

17  1.25  "Released Defendant Claims" means upon the Effective Date,

18  Defendants will release as against Released Plaintiff Parties (as defined below), all

19  claims and causes of action of every nature and description, whether known or

20  Unknown Claims, whether arising under federal, state, local, common, statutory,

21  administrative, or foreign law, or any other law, rule, or regulation, at law or in

22  equity, whether fixed or contingent, whether foreseen or unforeseen, whether

23  accrued or unaccrued, whether liquidated or unliquidated, whether matured or

24  unmatured, whether direct, representative, class, or individual in nature that arise

25  out of or relate in any way to the institution, prosecution, or settlement of the

26  claims against Defendants.  Released Defendant Claims shall not include any

27  claims relating to the enforcement of the Settlement.

28  1.26  "Released Defendant Parties" means: (i) Defendants; and (ii) each of

CASE NO. 3:20-CV-00649-DMS-DEB
STIPULATION AND AGREEMENT
OF CLASS ACTION SETTLEMENT

their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof in their capacities as such.

1.27   "Released Plaintiff Parties" means: (i) Lead Plaintiff and other Class Members; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, including Lead Counsel, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

1.28   "Settlement Amount" means Two Million Three Hundred Seventy-Five Thousand U.S. Dollars ($2,375,000.00).

1.29   "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

1.30   "Settlement Hearing" is defined in ¶ 4.3 below.

1.31   "Settling Parties" means, collectively, Lead Plaintiff on behalf of himself and the Class Members, and Defendants.

1.32   "Summary Notice" means the Summary Notice, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.33   "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, SVB Leerink LLC, Barclays Capital Inc., and Evercore Group

L.L.C.

  1.34 "Unknown Claims" means any Released Claims or Released Defendant Claims that Defendants, Lead Plaintiff, or any other Class Member does not know or suspect to exist in such party's favor at the time of the release, which, if known by such party, might have affected such party's decision to settle or release claims.  Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

  Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff, and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by law of any state or territory of the United States, or principle of common law that are similar, comparable, or equivalent to California Civil Code § 1542. Defendants, Lead Plaintiff, and the Class shall be deemed to have, and by operation and order of final judgement shall have fully, finally, and forever settled and released all Released Claims, as the case may be known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of different or additional facts.

**2.     CAFA Notice**

2.1     The Gossamer Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act ("CAFA Notice"), 28 U.S.C. § 1715, and the identity of those who will receive the CAFA Notice.  Pursuant to CAFA, no later than ten (10) calendar days after the Settlement Agreement is filed with the Court, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

**3.     The Settlement**

**a.  The Settlement Fund**

3.1     The Gossamer Defendants shall pay or shall cause their insurance carriers to pay $2,375,000.00 (the Settlement Amount) cash into the Escrow Account controlled by the Escrow Agent (subject to Court oversight), within thirty (30) calendar days from the later of: (a) entry of the Court's order preliminarily approving the Settlement; or (b) the date on which the Escrow Agent provides to Defendants: (i) specific bank identification and wiring information (including the physical address of the bank) necessary to wire the Settlement Amount to the Escrow Account, (ii) instructions for the payee and address to which a physical check can be mailed, and (iii) a completed and signed Form W-9 reflecting the tax identification number of the payee.  The Underwriter Defendants shall have no payment obligation under this Stipulation.

3.2     Lead Plaintiff shall have the right, but not the obligation, to terminate the Settlement twenty (20) calendar days after any failure of the Gossamer Defendants to timely pay the Settlement Amount in accordance with ¶ 3.1 above.

3.3     The payment described in ¶ 3.1 above is the only payment to be made by or on behalf of Defendants in connection with this Settlement.

**b.  The Escrow Agent**

3.4     The Escrow Agent shall invest the Settlement Amount deposited

pursuant to ¶ 3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.5     The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.6     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.8     Prior to the Effective Date, Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $300,000.00 in Notice and Administration Expenses.  Prior to the Effective Date, payment of any Notice and Administration Expenses exceeding $300,000.00 shall require notice to, and agreement from, the Defendants, through Defendants' counsel, which agreement shall not be unreasonably refused.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Notice and Administration Expenses.

### c. Taxes

3.9    (a)    The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 3.9, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 3.9(a) hereof) shall be consistent with this ¶ 3.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned on the Settlement Amount shall be paid out of the Settlement Fund as provided in ¶ 3.9(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned on the Settlement Amount, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned on the Settlement Amount for any period during which the Settlement Amount does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes

("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶ 3.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 3.9) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court or approval of Defendants, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 3.9.

(d)     Except as required by ¶ 3.1 concerning payment of the Settlement Amount, the Released Defendant Parties are not responsible for Taxes, Tax Expenses, Notice and Administration Expenses, nor shall they be liable for any claims with respect thereto.

## d.  Termination of Settlement

3.10   In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund

(including accrued interest) less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses, pursuant to ¶¶ 3.8 or 3.9, respectively, shall be refunded to such Persons that paid the Settlement Amount pursuant to written instructions from Defendants' counsel.

**4. Notice Order and Settlement Hearing**

4.1     Promptly after execution of this Stipulation, Lead Counsel shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval of the mailing of the Notice and publication of the Summary Notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the application for the Fee and Expense Award, and the date of the Settlement Hearing (defined in ¶ 4.3 below).

4.2     It shall be the Claims Administrator's responsibility, under supervision of Lead Counsel, to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

4.3     Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award.

**5. Releases**

5.1     Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have,

fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not such Class Member executes and delivers a Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of this Stipulation are not released.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of § 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

5.2     Upon the Effective Date, Lead Plaintiff and each of the Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Defendant Parties of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

5.3     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4     Upon the Effective Date, Defendants will release as against Released Plaintiff Parties, all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.  Claims to enforce the terms of this Stipulation are not released.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     Within fourteen (14) calendar days after execution of this Stipulation, Gossamer shall provide or cause to be provided to the Claims Administrator with a list of names and addresses of record holders of Gossamer common stock during the Class Period on the transfer agent's books.  This information shall be provided in an electronic format acceptable to the Claims Administrator.  Gossamer shall be responsible for any costs or expenses related to providing this information.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause the Claims Administrator to mail to all shareholders of record, identified on the list provided by Gossamer to the Claims Administrator, the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class.  The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website.  In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The cost of providing such

notice shall be paid out of the Settlement Fund.

6.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses described in ¶ 3.9 hereof;

(c)     to pay the Fee and Expense Award;

(d)     to pay any award to Lead Plaintiff as allowed under the PSLRA, subject to the approval of the Court; and

(e)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked or submitted electronically by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as the Court may set, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by such date, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead

Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

6.9     Other than in the event of the termination of the Settlement pursuant to ¶ 3.10, Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial date of distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Legal Aid Society of San Diego.

6.10   The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.11   Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.  Defendants will have no involvement in reviewing or challenging claims.

6.12   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

6.13   No Person shall have any claim against Lead Plaintiff, Lead Counsel, Released Defendant Parties, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or otherwise as further ordered by the Court.  This does not include any claim by any party for breach of this Stipulation.

**7.    Lead Counsel's Attorneys' Fees and Expenses**

7.1    Lead Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) interest on both amounts as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any and all such fees, expenses and charges awarded by the Court (the "Fee and Expense Award") shall be payable solely out of the Settlement Fund.  Lead Plaintiff may submit an application for an award under the PSLRA based on its representation of the Class. Any such amounts awarded to Lead Plaintiff shall be paid from the Settlement Fund.

7.2     The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of an order by the Court granting such award.  In the event that the Effective Date does not occur, or the order making the Fee and Expense Award pursuant to ¶ 7.1 is reversed or modified by final non-appealable order, or if this Stipulation is cancelled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid, then Lead Counsel shall, in an amount consistent with such reversal, modification, cancellation or termination, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within thirty (30) calendar days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.

7.3     If so ordered by the Court upon preliminary approval, Lead Counsel shall be entitled to provisional reimbursement of 75% of their litigation expenses and charges, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus interest earned thereon if, and when, as a result of any order, the final fee or expense award is lower than that amount.

7.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award, or the award to the Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or an award to Lead Plaintiff, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation (including the releases contained herein).

7.5     Neither the Released Defendant Parties nor Defendants' insurers shall have any responsibility for or liability with respect to the payment of any Fee and Expense Award to Lead Counsel and/or any other Person who may assert some

claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**8.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1      The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)      execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)      the Settlement Amount has been deposited into the Escrow Account as provided by ¶ 3.1 hereof;

(c)      Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 8.3 hereof;

(d)      the Court has entered the Notice Order, as required by ¶ 4.1 hereof;

(e)      the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Litigation, as to the Settling Parties, as set forth above; and

(f)      the Judgment has become Final, as defined in ¶ 1.12 hereof.

8.2      This is not a claims-made settlement.  As of the Effective Date, Defendants, their insurance carriers, and/or any other such persons or entities funding the Settlement on the Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in ¶ 8.1 hereof, any and all remaining interest or right of Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished.  If all of the conditions specified in ¶ 8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶ 8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3    If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of Gossamer common stock during the Class Period in an amount greater than the sum specified (the "Opt-Out Threshold") in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiff and Defendants, Defendants shall have the option (which option must be exercised unanimously) to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement is incorporated by reference into this Stipulation.  The Supplemental Agreement will not be filed with the Court unless and until a dispute between Lead Plaintiff and Defendants concerning its interpretation or application arises.  The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential.  Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' counsel by Lead Counsel.

8.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund, less Notice and Administration Expenses, Taxes, and Tax Expenses reasonably and actually incurred pursuant to ¶¶ 3.8 or 3.9 hereof, shall be refunded pursuant to written instructions from Defendants' counsel.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the

Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

8.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Litigation and shall be restored to their respective positions in the Litigation as of October 15, 2021.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-1.34, 3.8-3.10, 7.2, 8.4-8.5, 9.2, 9.4, and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of October 15, 2021, and shall be required to present an amended pre-trial schedule to the Court.  No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, and interest awarded by the Court to Lead Counsel, shall constitute grounds for cancellation or termination of the Stipulation.

8.6     In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Counsel, as to the Defendant as to whom such order applies, the Settlement may be terminated and the releases given and the judgment entered in favor of

such Defendant pursuant to the Settlement shall be null and void.  In such instance, the releases given and the judgement entered in favor of other Defendants shall remain in full force and effect.  Alternatively, Lead Counsel may elect to terminate the entire Settlement as to all Defendants and all the releases given and the judgments entered in favor of the Defendants pursuant to the Settlement shall be null and void, and Lead Plaintiff may proceed as if the Settlement was never entered into.

**9.    Miscellaneous Provisions**

9.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2    The Settlement will not be conditioned upon the obtaining of or any judicial approval of any releases between or among Defendants or third parties.

9.3    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Defendant Parties of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

9.4    The Settling Parties and their counsel mutually agree that, throughout the course of this Litigation, all parties and their counsel complied with the provisions of Rule 11 relating to the prosecution, defense or settlement of the Litigation, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Litigation.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement

1   were negotiated in good faith at arm's length by the Settling Parties and reflect a

2   settlement that was reached voluntarily after consultation with competent legal

3   counsel.

4       9.5     Neither the Stipulation nor the Settlement contained herein, nor any

5   negotiations, discussions, proceedings or act performed or document executed

6   pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be

7   deemed to be or may be used as an admission of, or evidence of, the validity of any

8   Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may

9   be deemed to be or may be used as an admission of, or evidence of, any fault or

10  omission of any of Defendants in any civil, criminal, or administrative proceeding

11  in any court, administrative agency, or other tribunal.  The Released Defendant

12  Parties, Lead Plaintiff, Class Members, and Lead Counsel may file the Stipulation

13  and/or the Judgment in any action that may be brought against them in order to

14  support a defense or counterclaim based on principles of *res judicata*, collateral

15  estoppel, release, good faith settlement, judgment bar or reduction, or any other

16  theory of claim preclusion or issue preclusion or similar defense or counterclaim,

17  or in connection with any proceeding to enforce the terms of this Stipulation.

18      9.6     All agreements made and orders entered during the course of the

19  Litigation relating to the confidentiality of documents and information shall

20  survive this Stipulation, pursuant to its terms.

21      9.7     The Settling Parties shall, in good faith, endeavor to communicate the

22  terms of the Settlement, if at all, in a manner that is respectful of the fact that no

23  final adjudication of fault was determined by a court or a jury.  The Settling Parties

24  agree that, unless required by law, no press release or other written public

25  statements purporting to characterize the Settlement may be made without the

26  approval of counsel for all parties, which approval shall not unreasonably be

27  withheld.  A party intending to issue a press release or other written public

28  statement purporting to characterize the Settlement shall provide a draft of the

statement to counsel for the other parties at least 24 hours in advance of such statement.  For the avoidance of doubt, nothing in this paragraph shall be construed as prohibiting, or placing restrictions on, the public disclosure of the fact of, terms of, or Court-approved notice of the Settlement, including on Plaintiffs' counsel's firm websites.

9.8     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.9     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

9.10   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.11   No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.12   The Stipulation and the Exhibits attached hereto (together with the Supplemental Agreement referred to in ¶ 8.3) constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall

1   bear its own costs.

2       9.13   This Settlement Agreement shall be construed and interpreted to

3   effectuate the intent of the Settling Parties, which is to resolve completely those

4   claims and disputes, including in the Litigation, and as more fully described herein.

5   If any provision of this Settlement Agreement shall be determined to be invalid,

6   void, or illegal, such provision shall be construed and amended in a manner that

7   would permit its enforcement, but in no event shall such provision affect, impair,

8   or invalidate any other provision hereof.

9       9.14   Neither the Class Members nor Defendants shall be bound by the

10  Stipulation if the Court modifies material terms thereof, provided, however, that it

11  shall not be a basis for Class Members to terminate the Settlement if the Court

12  modifies any proposed Plan of Allocation or criteria for allocation of the Net

13  Settlement Fund amongst Class Members, or the Plan of Allocation is modified on

14  appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves

15  of or modifies the terms of this Stipulation with respect to attorney's fees or

16  expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such

17  modification of the terms or Plan of Allocation or the Stipulation with respect to

18  attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled

19  to all benefits of the Settlement and shall not, under any circumstances, be called

20  upon to contribute additional funds to the Settlement Amount.

21      9.15   Lead Counsel, on behalf of the Class, is expressly authorized by Lead

22  Plaintiff to take all appropriate action required or permitted to be taken by the

23  Class pursuant to the Stipulation to effectuate its terms and also is expressly

24  authorized to enter into any modifications or amendments to the Stipulation on

25  behalf of the Class which it deems appropriate.

26      9.16   Each counsel or other Person executing the Stipulation or any of its

27  Exhibits on behalf of any Settling Party hereby warrants that such Person has the

28  full authority to do so.

9.17    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Lead Plaintiff or to Lead Counsel*:
Jacob A. Walker (SBN 271217)
BLOCK & LEVITON LLP
260 Franklin Street, Suite 1860
Boston, MA 02110

*If to Defendants or to Defendants' counsel*:

Colleen Smith (SBN 231216)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130

9.18    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

9.19    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.20    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.21    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all members of the Class shall be barred and enjoined from commencing any action to prosecute or prosecuting any

of the Released Claims against any of the Released Defendant Parties.

9.22  This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California, without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated February 1, 2022.

Dated:  February 1, 2022

LATHAM & WATKINS LLP

By: _____

LATHAM & WATKINS LLP
Colleen C. Smith (SBN 231216)
  colleen.smith@lw.com
Melanie J. Grindle (SBN 311047)
  melanie.grindle@lw.com
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 / 858.523.5450 (fax)

Michele D. Johnson (SBN 198298)
  michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626
714.540.1235 / 714.755.8290 (fax)

Meryn C. N. Grant (SBN 291315)
meryn.grant@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
213.485.1234 / 213.891.8763 (fax)

Susan E. Engel (*pro hac vice*)
  susan.engel@lw.com
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
202.637.2200 / 202.637.2201 (fax)

*Attorneys for Gossamer Bio, Inc., Sheila
Gujrathi, M.D., Bryan Giraudo, Faheem
Hasnain, Joshua H. Bilenker, M.D., Kristina
Burow, Russell Cox, Thomas Daniel, M.D.,
Renee Gala, and Otello Stampacchia, Ph.D.*

1

Dated:  February 1, 2022          BLOCK & LEVITON LLP

2

By: _____

3

Jacob A. Walker (SBN 271217)

4

*jake@blockleviton.com*
Jeffrey C. Block (*pro hac vice*)

5

*jeff@blockleviton.com*

6

260 Franklin Street, Suite 1860
Boston, MA 02110

7

Tel:  617.398.5600

8

Fax:  617.507.6020

9

*Attorneys for Plaintiff Scott Kuhne*

10

11

Dated:  February 1, 2022          O'MELVENY & MYERS LLP

12

By: _____

13

Leah Godesky (SBN 336854)

14

*lgodesky@omm.com*

15

1999 Avenue of the Stars
Los Angeles, CA 90067

16

Tel:  310.553.6700

17

Fax:  310.246.6779

18

Matthew W. Close (SBN 188570)

19

*mclose@omm.com*

20

Brittany Rogers (SBN 274432)
*brogers@omm.com*

21

400 South Hope Street, 18th Floor

22

Los Angeles, CA 90071
Tel:  213.430.6000

23

Fax:  213.430.6407

24

*Attorneys for Defendants Merrill Lynch,*

25

*Pierce, Fenner & Smith Incorporated; SVB*
*Leerink LLC; Barclays Capital Inc.; and*

26

*Evercore Group L.L.C.*

27

28

EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FAHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,<br><br>     Defendants. | Case No.: 3:20-cv-00649-DMS-DEB<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE TO THE CLASS** |

WHEREAS, a class action is pending in this Court entitled *Kuhne v. Gossamer Bio, Inc., et al.,* Case No. 3:20-cv-00649-DMS-DEB (the "Action");

WHEREAS, (a) Lead Plaintiff Scott Kuhne ("Lead Plaintiff"), on behalf of himself and the Class (defined below) and (b) Defendants Gossamer Bio, Inc. ("Gossamer" or "the Company"), Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, Otello Stampacchia, Ph.D, Merrill Lynch, Pierce, Fenner & Smith Incorporated, SVB Leerink LLC, Barclays Capital Inc., and Evercore Group L.L.C. (the "Defendants") (collectively with Lead Plaintiff, the "Settling Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Class Action Settlement dated February 1, 2022 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action, in accordance with the Stipulation;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorizing dissemination of notice to the Class and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Provisional Certification of the Settlement Class** – Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of this settlement only, the Action is hereby preliminarily certified as a class action on behalf of: all Persons who purchased Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), and/or who acquired

Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO. Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. The foregoing exclusion shall not cover Investment Vehicles.

2.     Also excluded from the Class are the Persons who timely and validly seek exclusion from the Class pursuant to the requirements described below and in the Notice to be sent to Class Members pursuant to this Order.

3.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff are typical of the claims of the Class they seek to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Lead Plaintiff is appointed as representative for the Class and Lead Counsel is appointed as counsel for the Class. Solely for the purposes of effectuating the proposed Settlement, Lead Counsel is authorized to act on behalf of Lead Plaintiff and the other Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

5.     **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair,

reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

6.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2022 at __:__ _.m. at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101, Courtroom 13-A, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing ("Notice") shall be given to Class Members as set forth in paragraph 8 of this Order.

7.     The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

8.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Angeion Group (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), Lead Counsel shall cause the Claims Administrator

to mail the Notice, substantially in the form attached hereto as Exhibit A-1, and Claim Form, substantially in the form attached hereto as Exhibit A-2, to those members of the Class as may be identified through reasonable effort;

(b)     contemporaneously with the mailing of the Notice, Lead Counsel shall also cause the Claims administrator to post downloadable copies of the Notice and Claim Form online at www.GossamerSecuritiesLitigation.com;

(c)     not later than ten (10) business days after the Notice Date, Lead Counsel shall cause the Claims Administrator to cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons

and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted online, and published, respectively.

10. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Gossamer common stock during the Class Period for the benefit of another Person shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date.

Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released

Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.   **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:   *Gossamer Securities Litigation Settlement*, EXCLUSIONS, c/o _____, P.O. Box _____, _____, __ _____-____, and (b) each request for exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *Kuhne v. Gossamer Bio, Inc., et al.*, Case No. 3:20-cv-00649-DMS-DEB"; (iii) state the number of shares of Gossamer common stock that the Person requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.   Any Person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16.   Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to

have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

17. **Appearance and Objections at Settlement Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

18. Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed a written objection with the Court

and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|:---:|:---:|
| Block & Leviton LLP | Latham & Watkins LLP |
| Jacob A. Walker | Colleen C. Smith |
| 260 Franklin Street, Suite 1860 | 12670 High Bluff Drive |
| Boston, MA 02110 | San Diego, CA 92130 |

19.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Gossamer common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the

fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.  **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Defendant Parties.

22.  **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.  **Settlement Fund** – The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.  **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.  **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of

the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Lead Plaintiff, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of October 15, 2021, as provided in the Stipulation.

26.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence,

fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty (30) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Dana M. Sabraw
United States District Judge

**EXHIBIT A-1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SCOTT KUHNE, Individually and on Behalf of All Others Similar Situated,<br><div align="right">*Plaintiff*,</div><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FEHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,<br><div align="right">*Defendants*.</div> | Case No. 3:20-cv-00649-DMS-DEB<br><br><u>CLASS ACTION</u> |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT HEARING

**A Federal Court has authorized this Notice. This is not a solicitation from a lawyer.**

Please read this notice carefully. A $2.375 million settlement has been reached for investors in Gossamer Bio, Inc. stock between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), and/or who acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO (the "Class"). If you are a member of the Class, your legal rights will be affected whether you act or not.

**Notice of Pendency of Class Action:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of California (the "Court"), if, during the period between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), you purchased or otherwise acquired Gossamer Bio, Inc. ("Gossamer" or the "Company") common stock, and/or acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO.[1]

**Notice of Settlement:**  Please also be advised that the Court-appointed Lead Plaintiff, on behalf of himself and the Class (as defined below), have reached a proposed settlement of this Action for $2,375,000 in cash that, if approved, would resolve all claims in the Action (the "Settlement").

**Please read this notice carefully.** It explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, **your rights are affected whether or not you act**.

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please do not contact Gossamer, any other Defendants in the Action, or their counsel. Questions should be directed to Class Counsel or the Claims Administrator (see page 22).

---

[1] Capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Class Action Settlement dated February 1, 2022 (the "Stipulation"), which is available at www.GossamerSecuritiesLitigation.com.

## Description of the Action and the Class

This Notice relates to a proposed Settlement of claims in a pending Action brought by investors alleging, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements in materials accompanying Gossamer's IPO and failed to disclose material adverse facts about the Company's business, operations, and compliance policies. The Defendants deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever. The proposed Settlement, if approved by the Court, will settle all claims of the Class, as defined on pages 6-7 below.

## Statement of the Class' Recovery

Subject to Court approval, Lead Plaintiff, on behalf of himself and the Class, has agreed to settle the Action in exchange for a settlement payment of $2,375,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) the amount of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the PSLRA, if and to the extent allowed by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court. The Net Settlement Fund will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 12-18 below.

## Estimate of the Average Amount of Recovery Per Share

Based on Lead Plaintiff's damages expert's estimates of the number of shares of Gossamer common stock purchased during the Class Period that may have been affected by the matters at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is approximately 6 cents per share. Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Gossamer common stock and the total number of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 12-18 below) or such other plan of allocation as may be ordered by the Court.

## Estimate of the Average Amount of Damages Per Share

The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

## Attorneys' Fees and Expenses Sought

Lead Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court appointed Lead Counsel, Block & Leviton LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $60,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Class. Any fees and expenses awarded by the Court, or any Lead Plaintiff Award, shall be paid solely from the Settlement Fund and shall be paid to Lead Counsel, or with respect to a Lead Plaintiff Award, paid to Lead Plaintiff, within five days following an award ordered by the Court, provided that there has been final approval of the Stipulation of Settlement by the Court. If there is any appeal of an award of attorneys' fees and expenses, or of a Lead Plaintiff Award, Lead Counsel shall repay to the Settlement Fund any amount of attorneys' fees or expenses reversed on appeal. Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Gossamer common stock, if the Court approves Lead Counsel's fee and expense application, is 2 cents per eligible share.

## Identification of Attorneys' Representatives

Lead Plaintiff and the Class are represented by Block & Leviton LLP, 260 Franklin Street, Suite 1860, Boston, MA 02110. You may contact attorney Jacob A. Walker at jake@blockleviton.com, or at (617) 398-5617.

## Reasons for the Settlement

Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after motions for class certification, summary judgment, a trial of

the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| Your Legal Rights and Options in the Settlement | |
|---|---|
| **Submit a claim.**<br><br>Submit a Claim Form postmarked no later than _____, 2022. | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined below) that you have against Defendants and the other Released Defendant Parties (defined below), so it is in your interest to submit a Claim Form. |
| **Exclude yourself.**<br><br>Exclude yourself from the Class by submitting a written exclusion so that it is received by no later than _____, 2022. | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Claims. |
| **Object.**<br><br>Object to the Settlement by submitting a written objection so that it is received no later than _____, 2022. | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **Appear at a hearing.**<br><br>Attend a hearing on _____, and file a Notice of Intention to Appear so that it is received no later than _____, 2022. | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **Do nothing.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to |

|  | receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## Why did I get the Notice?

The Court directed that the Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of Gossamer common stock during the Class Period. The Court also directed that this Notice be posted online at www.GossamerSecuritiesLitigation.com. The Court has directed us to disseminate these notices because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* pages 19-20 below for details about the Settlement Hearing, including the date and location of the hearing.

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## How do I know if I am affected by the Settlement?
## Who is included in the Class?

If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

All Persons who purchased Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), and/or who acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO.

Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. The foregoing exclusion shall not cover Investment Vehicles. Also excluded from the Class are the Persons who timely and validly seek exclusion from the Class or whose request for exclusion is accepted by the Court. *See* "What if I do not want to be a member of the Class? How do I exclude myself?" on page 19 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form included with this mailing and available for download online at www.GossamerSecuritiesLitigation.com, and the required supporting documentation as set forth therein, postmarked no later than _____ __, 2022.**

| What are Lead Plaintiff's reasons for the Settlement? |
| :---: |

Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Among other things, Plaintiffs faced the risk that they would fail to certify a class in whole or in part, that Defendants would succeed in reducing the total amount of damages available to the Class, or would succeed in having the case dismissed in whole or in part at summary judgment or at trial.

Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| **What might happen if there were no Settlement?** |
|---|

If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| **How are Class members affected by the Action and the Settlement?** |
|---|

As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and where will the Court decide whether to approve the settlement?" on pages 19-20 below.

If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What if I do not want to be a member of the Class? How do I exclude myself?" on page 19 below.

If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and where will the Court decide whether to approve the Settlement?" on pages 19-20 below.

If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim (as defined below) against the Defendants and the other Released Defendants Parties (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.

"Released Claims" means any and all claims and causes of action of every nature and description whatsoever, including Unknown Claims (defined below), whether arising

8

under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that either were or could have been asserted in this Litigation, which arise out of, are based upon, or are related in any way to both: (i) the purchase or acquisition, or sale of Gossamer securities; and (ii) the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to, or which could have been alleged, in the initial complaint dated April 3, 2020 and/or any amendments thereto.

"Released Defendant Parties" means (i) Defendants; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof in their capacities as such.

"Unknown Claims" means any Released Claims or Released Defendant Claims that Defendants, Lead Plaintiff, or any other Class Member does not know or suspect to exist in such party's favor at the time of the release, which, if known by such party, might have affected such party's decision to settle or release claims. Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or release party.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claims (as defined below) against Lead Plaintiff and the other

Release Plaintiff Parties (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Released Plaintiff Parties. This release shall not apply to any person or entity who or which timely and validly seeks exclusion from the Class or whose request for exclusion is accepted by the Court.

"Released Defendant Claims" means upon the Effective Date, Defendants will release as against Released Plaintiff Parties, all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendant Claims shall not include any claims relating to the enforcement of the Settlement.

"Released Plaintiff Parties" means: (i) Lead Plaintiff and other Class Members; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, including Lead Counsel, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

## How do I participate in the Settlement? What do I need to do?

To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2022**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.GossamerSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-___-____-___. Please retain all records of your ownership and transactions in Gossamer common stock, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## How much will my payment be?

At this time, it is not possible to make any determinations as to how much any individual Class Member may receive from the Settlement.

Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $2,375,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) the amount of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the PSLRA, if and to the extent allowed by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to receive back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____ __, 2022, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Stipulation, but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Claims (as defined on pages 8-9 above) against the Released Defendant Parties (as defined on page 9 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Defendant Parties whether or not such Class Member submits a Claim Form.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

Only Class Members, *i.e.*, Persons who purchased or otherwise acquired Gossamer common stock during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons that are excluded from the Class by definition or that exclude themselves from the Class

pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are shares of Gossamer common stock.

## PROPOSED PLAN OF ALLOCATION

1.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing, as opposed to economic losses caused by market or industry factors or other company actions not related to the alleged wrongdoing, taking into consideration the strength of the claims.

2.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.     All purchases of Gossamer Bio common stock during the Class Period are potentially eligible for compensation based on claims asserted under Sections 10(b) of the Exchange Act. In addition, purchases of Gossamer Bio common stock made in the February 8, 2019 IPO through the IPO lock-up period ending August 6, 2019, inclusive, are also eligible for compensation based on claims asserted under Section 11 of the Securities Act.

4.     The entire Net Settlement Fund shall be distributed to members of the Settlement Class, other than the portion of the Net Settlement Fund that cannot be distributed because of prohibitive administrative costs, which remainder shall be donated to a non-sectarian, non-profit organization.

## Exchange Act Claims

5.     For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in the price or value of the security. In this case, Lead Plaintiff alleged that Defendant made false statements and omitted material facts during the Class Period which had the effect of artificially inflating the prices of Gossamer Bio common stock. Lead Plaintiff further alleged that corrective information was released to the market on December 16, 2019, which removed the artificial inflation from the price of Gossamer Bio common stock on that day.

6.     Exchange Act Loss Amounts for transactions in Gossamer Bio common stock are calculated under the Plan of Allocation based primarily on the difference in the amount

of alleged artificial inflation in the prices of Gossamer Bio common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase/acquisition price and sale price. Accordingly, in order to have an Exchange Act Loss Amount under the Plan of Allocation, a claimant who purchased or otherwise acquired Gossamer Bio common stock prior to the corrective disclosure, which occurred before the opening of trading on December 16, 2019, must have held the Gossamer Bio common stock through at least the opening of trading on that day.

7.     The Exchange Act Loss Amounts calculated are subject to a significant discount to reflect the fact that the Exchange Act claims were not pressed in the court, as discussed further below in ¶ 12 and fn. 2.

## Securities Act Claims

8.     Securities Act claims were asserted with respect to shares of Gossamer Bio common stock purchased or otherwise acquired during the Class Period pursuant or traceable to the IPO, which includes all shares purchased or acquired in the IPO on February 8, 2019, through the 180-day lock-up period ending August 6, 2019.  These purchased shares are potentially eligible for recovery under the Securities Act.

9.     The statutory formula for the calculation of damages under Section 11 of the Securities Act serves as the basis for the calculation of the Securities Act Loss Amounts under the Plan of Allocation. The formulas stated below in ¶ 14 and ¶ 15, which were developed by Lead Plaintiff's damages expert, generally track that statutory formula. For purposes of the statutory calculations, April 3, 2020, the date of filing of the initial complaint in the Action, is considered to be the "date of suit," and February 1, 2022, the date that the Stipulation was executed, is considered to be the "date of judgment."

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

10.     A "**Recognized Loss Amount**" will be calculated as set forth below for each publicly traded share of Gossamer Bio common stock purchased or otherwise acquired from February 8, 2019 through December 13, 2020, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.

11.     The **Recognized Loss Amount** for each purchase or acquisition of publicly traded Gossamer Bio common stock during the Class Period is ***the greater of*** (a) the **Adjusted Exchange Act Loss Amount** calculated under paragraphs 12 and 13 below, ***or*** (b) the **Securities Act Loss Amount** calculated under paragraph 14 or 15 below, if any.

## Adjusted Exchange Act Loss Amount

12.     For each share of publicly traded Gossamer Bio common stock purchased from February 8, 2019 through December 13, 2019, inclusive, and:

(a)    sold prior to the opening of trading on December 16, 2019, the Exchange Act Loss Amount is $0;

(b) sold from December 16, 2019 through the close of trading on March 13, 2020, the Exchange Act Loss Amount is ***the least of***: (i) $9.77, the amount of the alleged artificial inflation per share removed from the Gossamer Bio stock share price; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between December 16, 2019 and the date of sale as stated in Table A;

(c) held as of the close of trading on March 13, 2020, the Exchange Act Loss Amount is ***the least of***: (i) $9.77, the alleged artificial inflation per share on the date of purchase; or (ii) the purchase price per share *minus* $14.23.[2]

13.   For every Exchange Act Loss Amount calculated in paragraph 12, an Adjusted Exchange Act Loss Amount shall be calculated, which will be 10% of the Exchange Act Loss Amount. In other words, for each purchase of Gossamer Bio common stock, the Adjusted Exchange Act Loss Amount will be the Exchange Act Loss Amount *times* 0.10.[3]

## Securities Act Loss Amounts

14.   For each share of Gossamer Bio common stock purchased between February 8, 2019 and August 6, 2019, inclusive, and:

(a) sold before the close of trading on April 3, 2020, the Securities Act Loss Amount is the purchase price per share (not to exceed $16.00) minus the sale price per share;

(b) sold after the close of trading on April 3, 2020 but before the close of trading on February 1, 2022, the Securities Act Loss Amount is the purchase price per share (not to exceed $16.00) *minus* the greater of: (i) the sale price per share or

---

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Exchange Act Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Gossamer Bio common stock during the "90-day look-back period," from December 16, 2019 through March 13, 2020. The mean (average) closing price for Gossamer Bio common stock during this 90-day look-back period was $14.23.

[3] The Exchange Act Loss Amount is discounted to reflect the fact that Plaintiff's Exchange Act claims were ultimately not pressed in the court.

(ii) $10.19 (the closing price of Gossamer Bio common stock on April 3, 2020, the date the lawsuit was filed);

(c)   held as of the close of trading on February 1, 2022, the Securities Act Loss Amount is the purchase price per share (not to exceed $16.00) *minus* $10.19.

15.    As noted above, for each purchase of publicly traded Gossamer Bio common stock during the Class Period, a Recognized Loss Amount will be calculated which is ***the greater of***: the Adjusted Exchange Act Loss Amount or the Securities Act Loss Amount, if any.  If a Recognized Loss Amount calculates to a negative number, the Recognized Loss Amount for that transaction will be zero.

## ADDITIONAL PROVISIONS

16.    A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

17.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 22 below) is $10.00 or greater.

18.    If a Class Member has more than one purchase/acquisition or sale of Gossamer Bio common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of Gossamer Bio common stock at the beginning of the Class Period, and then against purchases/acquisitions of Gossamer Bio common stock, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

19.    Purchases/acquisitions and sales of Gossamer Bio common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Gossamer Bio common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of the Gossamer Bio common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Gossamer Bio common stock unless (i) the donor or decedent purchased or otherwise acquired such Gossamer Bio common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Gossamer Bio common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

20.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Gossamer Bio common stock. The date of a "short sale" is deemed to be the date of sale of the Gossamer Bio common stock. In accordance with the Plan of

Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Gossamer Bio common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

21.     Gossamer Bio publicly traded common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts are not securities eligible to participate in the Settlement. With respect to Gossamer Bio common stock purchased or sold through the exercise of an option, the purchase/sale date of the Gossamer Bio common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

22.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

23.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

24.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiff's Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other

agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

25.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.

Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.GossamerSecuritiesLitigation.com.

### TABLE A

**Gossamer Bio Common Stock Closing Price and Average Closing Price December 16, 2019 – March 13, 2020[4]**

| Sale Date | Closing Price | Average Closing Price Between December 16, 2019 and Date Shown | Sale Date | Closing Price | Average Closing Price Between December 16, 2019 and Date Shown |
|---|---|---|---|---|---|
| 12/16/2019 | $15.96 | $15.96 | 1/31/2020 | $13.28 | $14.75 |
| 12/17/2019 | $15.25 | $15.61 | 2/3/2020 | $13.64 | $14.72 |
| 12/18/2019 | $15.64 | $15.62 | 2/4/2020 | $13.84 | $14.70 |
| 12/19/2019 | $14.96 | $15.45 | 2/5/2020 | $14.67 | $14.69 |
| 12/20/2019 | $15.88 | $15.54 | 2/6/2020 | $14.62 | $14.69 |
| 12/23/2019 | $16.40 | $15.68 | 2/7/2020 | $14.80 | $14.70 |
| 12/24/2019 | $16.56 | $15.81 | 2/10/2020 | $15.14 | $14.71 |
| 12/26/2019 | $16.24 | $15.86 | 2/11/2020 | $15.03 | $14.72 |

---

[4] The 90th calendar day of the 90-day lookback period was Saturday, March 14, 2020, when markets were closed. Therefore, Table A displays closing and average prices through Friday, March 13, 2020.

| Sale Date | Closing Price | Average Closing Price Between December 16, 2019 and Date Shown | Sale Date | Closing Price | Average Closing Price Between December 16, 2019 and Date Shown |
|---|---|---|---|---|---|
| 12/27/2019 | $15.59 | $15.83 | 2/12/2020 | $15.21 | $14.73 |
| 12/30/2019 | $15.35 | $15.78 | 2/13/2020 | $15.48 | $14.75 |
| 12/31/2019 | $15.63 | $15.77 | 2/14/2020 | $14.55 | $14.74 |
| 1/2/2020 | $15.40 | $15.74 | 2/18/2020 | $14.77 | $14.74 |
| 1/3/2020 | $15.37 | $15.71 | 2/19/2020 | $14.84 | $14.74 |
| 1/6/2020 | $15.10 | $15.67 | 2/20/2020 | $14.70 | $14.74 |
| 1/7/2020 | $14.68 | $15.60 | 2/21/2020 | $14.99 | $14.75 |
| 1/8/2020 | $14.34 | $15.52 | 2/24/2020 | $14.02 | $14.73 |
| 1/9/2020 | $14.20 | $15.44 | 2/25/2020 | $13.87 | $14.72 |
| 1/10/2020 | $14.13 | $15.37 | 2/26/2020 | $13.93 | $14.70 |
| 1/13/2020 | $13.98 | $15.30 | 2/27/2020 | $13.04 | $14.67 |
| 1/14/2020 | $14.67 | $15.27 | 2/28/2020 | $13.13 | $14.64 |
| 1/15/2020 | $15.04 | $15.26 | 3/2/2020 | $13.81 | $14.62 |
| 1/16/2020 | $15.00 | $15.24 | 3/3/2020 | $13.54 | $14.60 |
| 1/17/2020 | $14.34 | $15.20 | 3/4/2020 | $14.09 | $14.59 |
| 1/21/2020 | $13.97 | $15.15 | 3/5/2020 | $13.56 | $14.57 |
| 1/22/2020 | $13.46 | $15.09 | 3/6/2020 | $12.69 | $14.54 |
| 1/23/2020 | $13.37 | $15.02 | 3/9/2020 | $11.01 | $14.48 |
| 1/24/2020 | $13.33 | $14.96 | 3/10/2020 | $11.50 | $14.42 |
| 1/27/2020 | $13.89 | $14.92 | 3/11/2020 | $10.59 | $14.36 |
| 1/28/2020 | $13.93 | $14.88 | 3/12/2020 | $10.17 | $14.29 |
| 1/29/2020 | $13.68 | $14.84 | 3/13/2020 | $10.73 | $14.23 |
| 1/30/2020 | $13.53 | $14.80 | | | |

## What payment are the attorneys for the Class seeking? How will the lawyers be paid?

Lead Counsel has not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for in an amount not to exceed 30% of the

Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $60,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

| **What if I do not want to be a member of the Class? How do I exclude myself?** |
| --- |

Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to _____, EXCLUSIONS, c/o _____, P.O. Box ___, _____. The exclusion request must be ***received*** no later than _____, 2022.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the Person requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such Person "requests exclusion from the Settlement Class in *Kuhne v. Gossamer Bio, Inc. et al.,* Case No. 3:20-cv-00649-DMS-DEB"; (c) identify and state the number of shares of Gossamer common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, between February 8, 2019 and December 13, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court. You may not exclude yourself by telephone or by email.

If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Defendant Parties.

If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

| **When and where will the Court decide whether to approve the settlement? Do I have to come to the hearing? May I speak at the hearing if I don't like the Settlement?** |
| --- |

**Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

The Settlement Hearing will be held on _____, 2022 at __:__ _.m., before the Honorable Dana M. Sabraw at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101, Courtroom 13-A. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of California at the address set forth below on or before _____, 2022. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2021**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Southern District of California Clerk of the Court 333 West Broadway San Diego, CA 92101 | **Block & Leviton LLP** Jacob A. Walker 260 Franklin Street, Suite 1860 Boston, MA 02110 | **Latham & Watkins LLP** Colleen C. Smith 12670 High Bluff Drive San Diego, CA 92130 |

Any objection: (a) must state the name, address and telephone number of the Person objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Gossamer common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period (*i.e.*, between February 8, 2019 and December 13, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you

first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth on page 20 above so that the notice is *received* **on or before _____, 2022**.

The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| What if I bought shares on someone else's behalf? |
| :---: |

If you purchased or otherwise acquired any Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to _____, c/o _____, P.O. Box _____, _____.  If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners.  Upon full compliance with these directions,

such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.GossamerSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-___-___-____.

| Can I see the court file? Whom should I contact if I have questions? |
| :---: |

This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular hours at the Office of the Clerk, United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101. Additionally, copies of the Stipulation and any related order entered by the Court will be posted on the website maintained by the Claims Administrator, www.GossamerSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Class Counsel at:

| | | |
| :---: | :---: | :--- |
| *Gossamer Securities Litigation Settlement* | and/or | **Block & Leviton LLP** |
| c/o _____ | | Attn:  Jacob A. Walker |
| P.O. Box _____ | | 260 Franklin Street, Suite 1860 |
| _____ | | Boston, MA 02110 |
| 800-___-_____ | | Telephone:  (617) 398-5600 |
| www.GossamerSecuritiesLitigation.com | | Email: jake@blockleviton.com |

**Do not call or write the Court, the Office of the Clerk of the Court, Defendants or their Counsel regarding this Notice.**

[DATE]                    By Order of the Court
                          United States District Court, Southern District of California

**EXHIBIT A-2**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, Individually and on Behalf of All Others Similar Situated, <div align="right">*Plaintiff*,</div><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FEHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C., <div align="right">*Defendants*.</div> | Case No. 3:20-cv-00649-DMS-DEB<br><br><u>CLASS ACTION</u> |

## PROOF OF CLAIM AND RELEASE

### *General Instructions*

- This Proof of Claim and Release form ("Claim Form") incorporates by reference the definitions in the Notice of Pendency of Class Action and Proposed Settlement; Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and Settlement Hearing (the "Notice") and, unless defined herein, capitalized words and terms shall have the same meanings as they have in the Notice.

- To recover as a member of the Class based on your claims in the above-captioned Action, you must complete this Claim Form. If you fail to file a

properly addressed (as set forth below) Claim Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

- Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

- You **must submit your completed and signed Claim Form by _____, 2022, addressed as follows:**

<div align="center">

***Gossamer Securities Litigation***
***P.O. Box _____***

</div>

- A Claim Form shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.

- If you are **NOT** a member of the Class, as defined in the Notice, **DO NOT** submit a Claim Form.

- If you are a member of the Class, you are bound by the terms of the Stipulation and the Settlement, as well as any Order and Judgment entered in the Action **whether or not you submit a Claim Form.**

### *Claimant Identification*

If you purchased or otherwise acquired Gossamer Bio, Inc. common stock between February 8, 2019 through December 13, 2020, inclusive, (the "Class Period"), and/or acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO, and held (or hold) the stock certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, the stock certificate(s) were or are registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

Name of Beneficial Owner (First, Middle, Last) if Beneficial Owner is an individual, joint, or IRA account:

[ ]

Name of Entity if Beneficial Owner is an entity, *e.g.,* corporation, trustee, estate, etc.:

[ ]

Street Address:

[ ]

| City: | State: | Zip Code: |
|---|---|---|
| | | |

| Foreign Province and Postal Code: | Country: |
|---|---|
| | |

| E-mail Address: | Telephone No.: |
|---|---|
| | |

Account Number / Fund Number (not necessary for individual filers):

[ ]

Taxpayer Identification Number for Beneficial Owner(s)

| Social Security No. (for individuals): | Taxpayer Identification No.: |
|---|---|
| | |

Identify each owner of record ("nominee"), if different from the beneficial owner of Gossamer common stock who forms the basis of this claim. **This claim must be made by the actual beneficial owner or owners, or the legal representative(s) of such owner or owners, of the Gossamer common stock upon which this claim is based.**

[ ]

All joint beneficial purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons and/or entities represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used

in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

Name of Joint Beneficial Owner, if any (First, Middle, Last):

|  |
|---|

### *Claim Form*

- In the space provided on the following page, supply all required details of your transaction(s) in Gossamer common stock. If you need more space, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

- Please provide all of the requested information with respect to **all** of your purchases, acquisitions, and sales of Gossamer common stock which took place at any time during the Class Period, whether such transactions resulted in a profit or loss. Failure to report all such transactions may result in the rejection of your claim.

- List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

- You must submit documentation for your trading history. Acceptable documentation may include: (a) monthly stock brokerage or other investment account statements; (b) trade confirmation slips; (c) a signed letter from your broker on firm letterhead containing the transactional and holding information found in a broker confirmation slip or account statement; or (d) other equivalent proof of your transactions. **Do not send originals.** Broker confirmations or other documentation of your transactions in Gossamer common stock should be attached to your claim. Failure to provide this documentation could delay verification or your claim or result in rejection of your claim.

- The requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information

provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at claimant's cost.

*List each individual **purchase or acquisition** of Gossamer common stock between and including February 8, 2019 and February 1, 2022, as follows:*

| Date(s) of Purchase (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased/Acquired | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*List each individual **sale** of Gossamer common stock between and including February 8, 2019 and February 1, 2022, as follows:*

| Date(s) of Sale (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sales Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*At the close of trading on February 1, 2022, how many shares of Gossamer common stock did you hold?*

_____ shares

5  *Questions? Call 1-800-_____ or visit www._____.com*

*Submission to Jurisdiction of Court, Acknowledgements and Releases*

**Please review the following submission to jurisdiction and sign below on page 8.**

I (we) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement dated as of February 1, 2022 ("Stipulation"), and in connection with the settlement (the "Settlement") of claims against the Defendants contemplated therein. I (we) also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any Order and Judgment (defined below) that may be entered in the Action. I (we) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (we) have not submitted any other claim covering the same purchases, acquisitions, and sales of Gossamer common stock during the Class Period and know of no other person or entity having done so on my (our) behalf.

**Please review the following release for claims against Defendants and sign below on page 8.**

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever waive, compromise, settle, release, resolve, relinquish, discharge and dismiss all of the Released Claims against each and all of the Defendants and the Released Defendant Parties as contemplated in the Stipulation.

The Stipulation contemplates the issuance of a judgment (the "Judgment"), which will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, and Released Plaintiff Parties, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against the Defendants and the other Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.

Unknown Claims are expressly included in the definition of Released Claims, and that such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation. "Unknown Claims" means Released Claims or Released Defendant

Claims that Defendants, Lead Plaintiff, or any other Class Member does not know or suspect to exist in such party's favor at the time of the release, which, if known by such party, might have affected such party's decision to settle or release claims. Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or release party.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

**Please review the following representations and sign below on page 8.**

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases or acquisitions of Gossamer common stock that occurred during the Class Period, all of my (our) sales of Gossamer common stock between and including February 8, 2019 and December 13, 2020, and the number of shares of Gossamer common stock held by me (us) at the the close of trading on December 13, 2020.

I (We) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice.

I (We) declare under the penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ of
_____ in _____,
_____.

_____
(Signature of Claimant)

_____
(Type or print name of Claimant)

_____
(Capacity of person signing above,
*e.g.*, Beneficial Purchaser(s),
Administrator, Executor, Trustee,
Custodian, Power of Attorney, etc.)

Proof of Authority to File Enclosed?
_____ Yes   _____ No
(*See Section __*)

Executed this _____ of
_____ in _____,
_____.

_____
(Signature of Claimant)

_____
(Type or print name of Claimant)

_____
(Capacity of person signing above,
*e.g.*, Beneficial Purchaser(s),
Administrator, Executor, Trustee,
Custodian, Power of Attorney, etc.)

Proof of Authority to File Enclosed?
_____ Yes   _____ No
(*See Section __*)

**Accurate claims processing takes a significant amount of time.**
**Thank you for your patience.**

**Reminder Checklist:**

1. Please sign the Certification section of the Proof of Claim and Release on Page 8.

2. If this claim is being made on behalf of joint beneficial claimants, both must sign.

3. Remember to attach supporting documentation.

4. Do not send original stock certificates.

5. Keep a copy of your Proof of Claim and Release form and all documents submitted for your records.

6. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send the Claims Administrator your new address.

**THESE FORMS AND YOUR SUPPORTING DOCUMENTATION**
**MUST BE SUBMITTED NO LATER THAN _____, 2022.**

**EXHIBIT A-3**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, Individually and on Behalf of All Others Similar Situated, *Plaintiff*,<br><br>v.<br><br>GOSSAMER BIO, INC., ET AL., *Defendants*. | Case No. 3:20-cv-00649-DMS-DEB<br><br>CLASS ACTION |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT HEARING**

**TO:   All Persons who purchased Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), and/or acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO (the "Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, that the Court-appointed Lead Plaintiff, on behalf of himself and the Class, has reached a proposed settlement of the above-captioned litigation (the "Action") for $2,375,000 in cash that, if approved, would resolve all claims in the Action (the Settlement"). Defendants have denied the claims asserted against them and have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.

YOU ARE HEREBY FURTHER NOTIFIED, that the Action has been preliminarily certified as a class action, and that pursuant to an Order of the Honorable Dana M. Sabraw in the United States District Court for the Southern

District of California (the "Court"), dated _____, 2022, a hearing will be held on _____, 2022 at ____:____.m, (the "Settlement Hearing") before Judge Sabraw at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101, Courtroom 13-A, to determine: (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) whether a judgment should be entered dismissing the Action with prejudice against the Defendants; (c) whether the Proposed Plan of Allocation should be approved as fair and reasonable; and (d) whether Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.GossamerSecuritiesLitigation.com. You may also obtain copies of the Notice and Claim Form by contacting the Claim Administrator at _____ c/o _____, P.O. Box _____, __, 1-800-___-_____.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2022. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than ____ _, 2022, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2022, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Gossamer or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

<div align="center">

Block & Leviton LLP
Attn: Jacob A. Walker
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Email: jake@blockleviton.com

</div>

Requests for the Notice and Claim Form should be made to:

<div align="center">

*Gossamer Securities Litigation Settlement*
c/o _____
P.O Box _____
_____
1-800-___-____
www.GossamerSecuritiesLitigation.com

</div>

By Order of the Court

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FAHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,<br><br>     Defendants. | Case No.: 3:20-cv-00649-DMS-DEB<br><br>**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, a class action is pending in this Court entitled *Kuhne v. Gossamer Bio, Inc., et al.,* Case No. 3:20-cv-00649-DMS-DEB (the "Action");

WHEREAS, (a) Lead Plaintiff Scott Kuhne ("Lead Plaintiff"), on behalf of himself and the Class (defined below) and (b) Defendants Gossamer Bio, Inc. ("Gossamer" or "the Company"), Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, Otello Stampacchia, Ph.D, Merrill Lynch, Pierce, Fenner & Smith Incorporated, SVB Leerink LLC, Barclays Capital Inc., and Evercore Group L.L.C. (the "Defendants") (collectively with Lead Plaintiff, the "Settling Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Class Action Settlement dated February 1, 2022 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2022 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Class solely for the purpose of effectuating the Settlement, finding the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure with respect to the Settlement Class were satisfied; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and

should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 1, 2022; and (b) the Notice, the Summary Notice, and the Proof of Claim form, all of which were filed with the Court on _____, 2022.

3. **Certification of the Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of the Class defined as: all Persons who purchased Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), and/or who acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO. Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. The foregoing exclusion shall not cover Investment Vehicles. Also excluded from the Class are the Persons who timely and validly submitted a request for exclusion from the Class that was accepted by the Court; such Persons are listed on the attached Exhibit _.

4. Lead Plaintiff is hereby appointed, for purposes of effectuating the

Settlement only, as representative for the Class for purposes of Federal Rule of Civil Procedure 23. Block & Leviton LLP, who was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as counsel for the Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5.    **Notice** – The Court finds that the dissemination of the Notice, the online posting of the Notice, and the publication of the Summary Notice:   (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7)*,* as amended, and all other applicable law and rules.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class.  The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions

contained in the Stipulation.

7.     The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice.  The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9.     **<u>Releases</u>** – The Releases set forth in paragraph 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not such Class Member executes and delivers a Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims).  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of § 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.  Upon the Effective Date, Lead Plaintiff and each of the Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Defendant Parties of any action

or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Defendants will release as against Released Plaintiff Parties, all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption,

concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendants Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Released Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Settling Parties and the Released Plaintiff Parties and Released Defendant Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.     **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this

Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members and Defendants, and the Settling Parties shall revert to their respective positions in the Action as of October 15, 2021, as provided in the Stipulation.

17.   **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Dana M. Sabraw
United States District Judge