UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FAHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,<br><br>　　　Defendants. | Case No.: 3:20-cv-00649-DMS-DEB<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE TO THE CLASS** |

WHEREAS, a class action is pending in this Court entitled *Kuhne v. Gossamer Bio, Inc., et al.,* Case No. 3:20-cv-00649-DMS-DEB (the "Action");

WHEREAS, (a) Lead Plaintiff Scott Kuhne ("Lead Plaintiff"), on behalf of himself and the Class (defined below) and (b) Defendants Gossamer Bio, Inc. ("Gossamer" or "the Company"), Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, Otello Stampacchia, Ph.D, Merrill Lynch, Pierce, Fenner & Smith Incorporated, SVB Leerink LLC, Barclays Capital Inc., and Evercore Group L.L.C. (the "Defendants") (collectively with Lead Plaintiff, the "Settling Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Class Action Settlement dated February 1, 2022 (the "Stipulation") (ECF No. 66-2) subject to approval of this Court (the "Settlement");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action, in accordance with the Stipulation;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorizing dissemination of notice to the Class and the papers filed and arguments made in connection therewith (ECF Nos. 66, 66-1); and (b) the Stipulation and the exhibits attached thereto (ECF Nos. 66-2–66-6); and

WHEREAS, the proposed settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval[,]" *Romero v. Securus Techs, Inc.*, No. 16-cv-1283 JM (MDD), 2020 WL 3250599, at *5 (S.D. Cal. June 16, 2020) (internal quotations omitted); and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Provisional Certification of the Settlement Class</u>** – Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of this settlement only, the Action is hereby preliminarily certified as a class action on behalf of: all Persons who purchased Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), and/or who acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO. Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. The foregoing exclusion shall not cover Investment Vehicles.

2. Also excluded from the Class are the Persons who timely and validly seek exclusion from the Class pursuant to the requirements described below and in the Notice to be sent to Class Members pursuant to this Order.

3. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The (a) number of Class Members is so numerous that joinder of all members is impracticable, given that millions of shares were sold during the class period (ECF No. 66-1 at 20), tending to indicate a sufficiently large class that makes joinder "impracticable." Fed. R. Civ. P. 23(a)(1). There (b) are questions of law and fact common to the Class, centered on whether Defendants' SEC filings failed to disclose material facts (ECF No. 66-1 at 21) and (c) the claims of Lead Plaintiff Scott Kuhne are typical of the claims of the Class he seeks to represent.  (*Id.* at 22.)  Both (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class, given that Lead Plaintiff's interests are aligned with the class and Proposed Class Counsel is

experienced in securities class action litigation. (*Id.* at 23). The (e) the questions of law and fact common to members of the Class—centered on whether there was a misrepresentation or omission and whether it was material—predominate over any questions affecting only individual members of the Class, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, given geographically dispersed investors with likely small individual damages. (*Id.* at 23–24).

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Lead Plaintiff is appointed as representative for the Class and Lead Counsel is appointed as counsel for the Class. Solely for the purposes of effectuating the proposed Settlement, Lead Counsel is authorized to act on behalf of Lead Plaintiff and the other Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

5. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

6. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on **Friday, June 24, 2022 at 1:00 p.m.** at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101, Courtroom 13-A, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the

proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing ("Notice") shall be given to Class Members as set forth in paragraph 8 of this Order.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Angeion Group (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), Lead Counsel shall cause the Claims Administrator to mail the Notice, substantially in the form attached hereto as Exhibit A-1, and Claim Form, substantially in the form attached hereto as Exhibit A-2, to those members of the Class as may be identified through reasonable effort;

(b) contemporaneously with the mailing of the Notice, Lead Counsel shall also cause the Claims administrator to post downloadable copies of the Notice and Claim Form online at www.GossamerSecuritiesLitigation.com;

(c) not later than ten (10) business days after the Notice Date, Lead Counsel shall cause the Claims Administrator to cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of: the pendency of the Action; of the effect of the proposed Settlement (including the Releases to be provided thereunder); of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; of Class Members' right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; of Class Members' right to exclude themselves from the Class; and of Class Members' right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed, posted online, and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Gossamer common stock during the Class Period for the benefit of another Person shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such

beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **<u>Participation in the Settlement</u>** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a

representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

13. **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:

>  *Gossamer Securities Litigation Settlement*,
>  EXCLUSIONS, c/o _____, P.O. Box
>  _____, _____, \_\_ \_\_\_\_\_-\_\_\_\_,

and (b) each request for exclusion must (i) state the name, address, and telephone number of the Person requesting exclusion, and in the case of entities, the name and

telephone number of the appropriate contact person; (ii) state that such Person "requests exclusion from the Settlement Class in *Kuhne v. Gossamer Bio, Inc., et al.*, Case No. 3:20-cv-00649-DMS-DEB"; (iii) state the number of shares of Gossamer common stock that the Person requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any Person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

16. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her

or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Block & Leviton LLP<br>Jacob A. Walker<br>260 Franklin Street, Suite 1860<br>Boston, MA 02110 | Latham & Watkins LLP<br>Colleen C. Smith<br>12670 High Bluff Drive<br>San Diego, CA 92130 |

18. Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the Person

objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Gossamer common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Defendant Parties.

21. **Settlement Administration Fees and Expenses** – All reasonable costs

incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22. **Settlement Fund** – The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Lead Plaintiff, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of October 15, 2021, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments

proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead

Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

28. In accordance with the Settlement, the Court hereby adopts the following dates for performance:

| Event | Deadline |
|---|---|
| Mailing the Notice to Class Members ("Notice Date") | Friday, April 8, 2022 |
| Publishing summary notice over newswire | Friday, April 22, 2022 |
| Filing final approval papers | Friday, May 20, 2022 |
| Receipt of exclusion requests or objections | Friday, June 3, 2022 |
| Filing reply papers | Friday, June 17, 2022 |
| Final Approval Hearing | Friday, June 24, 2022 |
| Submitting Proof of Claim and Release Forms | Thursday, July 7, 2022 |

**IT IS SO ORDERED.**

Dated: March 14, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court