# EXHIBIT 2

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

SCOTT KUHNE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FAHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,

Defendants.

Case No.: 3:20-cv-00649-DMS-DEB

**DECLARATION OF BRITTANY M. CUDWORTH OF ANGEION GROUP, REGARDING: (A) MAILING OF NOTICE AND PROOF OF CLAIM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED**

I, BRITTANY M. CUDWORTH, declare, pursuant to 28 U.S.C. § 1746:

1.     I am a Project Manager at Angeion Group ("Angeion"). Angeion's business address is 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. I submit this declaration in order to provide the Court and the parties to the above-captioned litigation (the "Action") with information regarding the provision of notice to the Class.[1] I am over 21 years of age and am not a party to this Action. I have personal knowledge of the facts stated herein.

**NOTICE TO THE CLASS**

2.     Pursuant to ¶7 of the Court's Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice to the Class, entered on March 14, 2022 (ECF No. 69) (the "Preliminary Approval Order"), Angeion was retained as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the proposed Settlement in the Action. Pursuant to its appointment, as explained below, Angeion mailed the Notice of Pendency of Class Action and Proposed Settlement; Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and Settlement Hearing (the "Notice"), which included the Plan of Allocation, and the Proof of Claim and Release (collectively the "Notice Packet") to all persons, identified through reasonable effort, who purchased Gossamer Bio common stock between February 8, 2019 and December 13, 2019 inclusive (the "Class Period"), and/or who acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with its February 8, 2019 IPO. A copy of the Notice Packet is attached hereto as **Exhibit A**.

3.     The Notice Packet informed potential members of the Class of the proposed Settlement, advised them of their rights and options, and provided them with directions on how to obtain additional information about the Settlement.

[1] Unless otherwise defined herein, all capitalized terms have the meanings defined in the Stipulation and Agreement of Class Action Settlement, dated February 1, 2022 (ECF No. 66-2) (the "Stipulation").

DECLARATION OF BRITTANY M. CUDWORTH                    -1-
Case No. 3:20-cv-00649-DMS-DEB

## <u>MAILING OF THE NOTICE PACKET</u>

4.     On or around March 29, 2022, Lead Counsel forwarded to Angeion a list from the transfer agent for Gossamer Bio, Inc. (the "Transfer Agent List") containing shareholders of record of Gossamer Bio common stock during the Class Period. The Transfer Agent List contained data for 110 separate potential members of the Class.

5.     Pursuant to ¶7(a) of the Preliminary Approval Order, on April 8, 2022 (the "Notice Date"), Angeion caused 110 Notice Packets (corresponding to the names included on the Transfer Agent List) to be mailed via United States Postal Service ("USPS") first-class mail.

6.     As in most cases of this nature, the majority of potential members of the Class are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees ("Nominees") in the name of the nominee, on behalf of the beneficial purchaser.  The names and addresses of these beneficial purchasers are known only to the Nominees.  Angeion maintains a proprietary database of 2,659 known securities brokers, dealers, banks, and other Nominees to be used for notifying record holders of settlements (the "Broker Database").  On the Notice Date, Angeion caused 2,659 Notice Packets (corresponding to the 2,659 Nominees in the Broker Database) to be mailed via first-class mail.

7.     Since the Notice Date, Angeion has received requests from Nominees to (i) send the Notice Packet to the Nominee for distribution, or (ii) send the Notice Packet directly to the Nominee's customers, whose contact information the Nominee provided to Angeion.  Through May 19, 2022, as a result of requests from 12 Nominees, Angeion sent an additional 24,571 Notice Packets, directly or indirectly to potential members of the Class.

---

8.      As a result of the efforts described in ¶¶4-7 above, as of May 19, 2022, Angeion has mailed a total of 27,340 Notice Packets to potential Class Members and Nominees.

## PUBLICATION OF THE SUMMARY NOTICE

9.      In accordance with ¶7(c) of the Preliminary Approval Order, Angeion caused the Summary Notice of Pendency of Class Action and Proposed Settlement; Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and Settlement Hearing, (the "Summary Notice") to be published in Investor's Business Daily on April 18, 2022, and published in The Wall Street Journal on April 20, 2022.  A copy of the Summary Notice as published in Investor's Business Daily is attached hereto as **Exhibit B** and a copy of the Summary Notice as published in The Wall Street Journal is attached hereto as **Exhibit C**.

## THE SETTLEMENT WEBSITE

10.      Pursuant to ¶7(b) of the Preliminary Approval Order, and to further assist potential members of the Class, Angeion, in coordination with Lead Counsel, designed, implemented, and currently maintains a website, www.GossamerSecuritiesLitigation.com, dedicated to the Settlement (the "Settlement Website").  The Settlement Website became operational on or before April 8, 2022 and will be live throughout the remainder of the claims administration process. The Settlement Website's URL is included in Notice and Summary Notice. Among other things, the Settlement Website includes general information regarding the Settlement, lists the exclusion, objection, and claim filing deadlines, as well as the date and time of the Courts' Settlement Hearing.  The Settlement Website also contains copies of the Notice, Proof of Claim and Release, the proposed Plan of Allocation, the Stipulation, and the Preliminary Approval Order, as well as

Frequently Asked Questions and their answers. As of May 18, 2022, there have been 339 visits to the website.

## THE TOLL-FREE TELEPHONE NUMBER AND EMAIL ADDRESS

11. On or before April 8, 2022, in order to accommodate inquiries regarding the Settlement, Angeion made operational a telephone number (1-833-554-0994) with an Interactive Voice Response ("IVR") system. Callers have the ability to listen to important information about the Settlement 24 hours a day, 7 day a week, or to leave a message to request that an Angeion representative contact them. As of May 18, 2022, there were 41 calls to the IVR. The IVR will be maintained throughout the administration of the Settlement. Angeion has promptly responded to each telephone inquiry and will continue to address inquiries from members of the Class.

12. In addition, Angeion established a dedicated email address for inquiries at info@GossamerSecuritiesLitigation.com. This email address will be maintained throughout the administration of the Settlement. Angeion has promptly responded to each email inquiry and will continue to address inquiries from members of the Class.

## INCOMING MAIL

13. Angeion's mailing address appears in the Notice Packets, the Summary Notice, and the Settlement Website. Angeion has monitored all mail that has been delivered to the mailing address, which would include requests for exclusion from the Class, requests for exclusion, objections to the Settlement, Proof of Claim and Release forms, and other administrative mail. All mail has been reviewed, processed, and responded to in a timely manner.

## REPORT ON RECEIPT OF REQUESTS FOR EXCLUSION AND OBJECTIONS

14. Members of the Class were notified that written requests for exclusion from the Settlement Class are to be postmarked no later than June 3, 2022 and be

DECLARATION OF BRITTANY M. CUDWORTH                    -4-
Case No. 3:20-cv-00649-DMS-DEB

addressed to Gossamer Bio Securities Litigation, ATTN: EXCLUSIONS, P.O. Box 58220, Philadelphia, PA 19103. As of May 19, 2022, Angeion has not received any exclusion requests.

15. Members of the Class were also notified that any objections to the proposed Settlement, Plan of Allocation, or the Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses must be submitted in writing to the Court and mailed to the Clerk of the Court, Lead Counsel and Defendants' Counsel, such that they are received no later than June 3, 2022. As of May 19, 2022, Angeion has not received any objections.

16. Angeion will continue to monitor incoming mail for exclusion requests and objections up to and beyond the deadline and will report to Lead Counsel any exclusion requests or objections it receives.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of May 2022 in Sonoma County, California.

_____
Brittany M. Cudworth
Project Manager
ANGEION GROUP

DECLARATION OF BRITTANY M. CUDWORTH                    -5-
Case No. 3:20-cv-00649-DMS-DEB

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT KUHNE, Individually and on Behalf of All Others Similar Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FEHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,<br><br>*Defendants*. | Case No. 3:20-cv-00649-DMS-DEB<br><br>CLASS ACTION |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT HEARING**

> **A Federal Court has authorized this Notice. This is not a solicitation from a lawyer.**
>
> Please read this notice carefully. A $2.375 million settlement has been reached for investors in Gossamer Bio, Inc. stock between February 8, 2019, and December 13, 2020, inclusive (the "Class Period"), and/or who acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO (the "Class").
>
> If you are a member of the Class, your legal rights will be affected whether you act or not.

**Notice of Pendency of Class Action:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of California (the "Court"), if, during the period between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), you purchased or otherwise acquired Gossamer Bio, Inc. ("Gossamer" or the "Company") common stock, and/or acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO.[1]

**Notice of Settlement:** Please also be advised that the Court-appointed Lead Plaintiff, on behalf of himself and the Class (as defined below), have reached a proposed settlement of this Action for $2,375,000 in cash that, if approved, would resolve all claims in the Action (the "Settlement").

---

[1] Capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Class Action Settlement dated February 1, 2022 (the "Stipulation"), which is available at www.GossamerSecuritiesLitigation.com.

**Please read this notice carefully.** It explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, **your rights are affected whether or not you act**.

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please do not contact Gossamer, any other Defendants in the Action, or their counsel. Questions should be directed to Class Counsel or the Claims Administrator (see page 16).

## Description of the Action and the Class

This Notice relates to a proposed Settlement of claims in a pending Action brought by investors alleging, among other things, that Defendants violated the federal securities laws by making materially false and misleading statements in materials accompanying Gossamer's IPO and failed to disclose material adverse facts about the Company's business, operations, and compliance policies. The Defendants deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever. The proposed Settlement, if approved by the Court, will settle all claims of the Class, as defined on pages 5-7 below.

## Statement of the Class' Recovery

Subject to Court approval, Lead Plaintiff, on behalf of himself and the Class, has agreed to settle the Action in exchange for a settlement payment of $2,375,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) the amount of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the PSLRA, if and to the extent allowed by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court. The Net Settlement Fund will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") begins on page 8 below.

## Estimate of the Average Amount of Recovery Per Share

Based on Lead Plaintiff's damages expert's estimates of the number of shares of Gossamer common stock purchased during the Class Period that may have been affected by the matters at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is approximately 6 cents per share. Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Gossamer common stock and the total number of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*beginning on page 8*) or such other plan of allocation as may be ordered by the Court.

## Estimate of the Average Amount of Damages Per Share

The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

| Attorneys' Fees and Expenses Sought |
|---|

Lead Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court appointed Lead Counsel, Block & Leviton LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $60,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Class. Any fees and expenses awarded by the Court, or any Lead Plaintiff Award, shall be paid solely from the Settlement Fund and shall be paid to Lead Counsel, or with respect to a Lead Plaintiff Award, paid to Lead Plaintiff, within five days following an award ordered by the Court, provided that there has been final approval of the Stipulation of Settlement by the Court. If there is any appeal of an award of attorneys' fees and expenses, or of a Lead Plaintiff Award, Lead Counsel shall repay to the Settlement Fund any amount of attorneys' fees or expenses reversed on appeal. Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Gossamer common stock, if the Court approves Lead Counsel's fee and expense application, is 2 cents per eligible share.

| Identification of Attorneys' Representatives |
|---|

Lead Plaintiff and the Class are represented by Block & Leviton LLP, 260 Franklin Street, Suite 1860, Boston, MA 02110. You may contact attorney Jacob A. Walker at jake@blockleviton.com, or at (617) 398-5600.

| Reasons for the Settlement |
|---|

Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after motions for class certification, summary judgment, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| Your Legal Rights and Options in the Settlement | |
|---|---|
| **Submit a claim.**<br><br>Submit a Claim Form postmarked no later than July 7, 2022. | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined below) that you have against Defendants and the other Released Defendant Parties (defined below), so it is in your interest to submit a Claim Form. |
| **Exclude yourself.**<br><br>Exclude yourself from the Class by submitting a written exclusion so that it is received by no later than June 3, 2022. | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Claims. |
| **Object.**<br><br>Object to the Settlement by | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of |

3

| submitting a written objection so that it is received no later than June 3, 2022. | Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
|---|---|
| **Appear at a hearing.**<br>Attend a hearing on June 24, 2022 and file a Notice of Intention to Appear so that it is received no later than June 3, 2022. | Filing a written objection and notice of intention to appear by June 3, 2022, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **Do nothing.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

## Why did I get the Notice?

The Court directed that the Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of Gossamer common stock during the Class Period. The Court also directed that this Notice be posted online at www.GossamerSecuritiesLitigation.com. The Court has directed us to disseminate these notices because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* pages 14-15 below for details about the Settlement Hearing, including the date and location of the hearing.

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## How do I know if I am affected by the Settlement?
## Who is included in the Class?

If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

4

All Persons who purchased Gossamer common stock between February 8, 2019, and December 13, 2020, inclusive (the "Class Period"), and/or who acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO.

Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. The foregoing exclusion shall not cover Investment Vehicles. Also excluded from the Class are the Persons who timely and validly seek exclusion from the Class or whose request for exclusion is accepted by the Court. *See* "What if I do not want to be a member of the Class? How do I exclude myself?" on page 14 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form included with this mailing and available for download online at www.GossamerSecuritiesLitigation.com, and the required supporting documentation as set forth therein, <u>postmarked no later than July 7, 2022.</u>**

### What are Lead Plaintiff's reasons for the Settlement?

Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Among other things, Plaintiffs faced the risk that they would fail to certify a class in whole or in part, that Defendants would succeed in reducing the total amount of damages available to the Class, or would succeed in having the case dismissed in whole or in part at summary judgment or at trial.

Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

### What might happen if there were no Settlement?

If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

### How are Class members affected by the Action and the Settlement?

As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and where will the Court decide whether to approve the settlement?" on pages 14-15 below.

If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class

5

by following the instructions in the section entitled, "What if I do not want to be a member of the Class? How do I exclude myself?" on page 14 below.

If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and where will the Court decide whether to approve the Settlement?" on pages 14-15 below.

If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim (as defined below) against the Defendants and the other Released Defendants Parties (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.

"Released Claims" means any and all claims and causes of action of every nature and description whatsoever, including Unknown Claims (defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that either were or could have been asserted in this Litigation, which arise out of, are based upon, or are related in any way to both: (i) the purchase or acquisition, or sale of Gossamer securities; and (ii) the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to, or which could have been alleged, in the initial complaint dated April 3, 2020 and/or any amendments thereto.

"Released Defendant Parties" means (i) Defendants; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof in their capacities as such.

"Unknown Claims" means any Released Claims or Released Defendant Claims that Defendants, Lead Plaintiff, or any other Class Member does not know or suspect to exist in such party's favor at the time of the release, which, if known by such party, might have affected such party's decision to settle or release claims. Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or release party.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

6

The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendant Claims (as defined below) against Lead Plaintiff and the other Release Plaintiff Parties (as defined below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendant Claims against any of the Released Plaintiff Parties. This release shall not apply to any person or entity who or which timely and validly seeks exclusion from the Class or whose request for exclusion is accepted by the Court.

"Released Defendant Claims" means upon the Effective Date, Defendants will release as against Released Plaintiff Parties, all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendant Claims shall not include any claims relating to the enforcement of the Settlement.

"Released Plaintiff Parties" means: (i) Lead Plaintiff and other Class Members; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, including Lead Counsel, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

### How do I participate in the Settlement? What do I need to do?

To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than July 7, 2022**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.GossamerSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-554-0994. Please retain all records of your ownership and transactions in Gossamer common stock, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

### How much will my payment be?

At this time, it is not possible to make any determinations as to how much any individual Class Member may receive from the Settlement.

Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $2,375,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) the amount of the Fee and Expense Award and any award to Lead Plaintiff as allowed under the PSLRA, if and to the extent allowed by the Court; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to receive back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before July 7, 2022, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Stipulation, but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Claims (as defined on pages 6-7 above) against the Released Defendant Parties (as defined on page 7 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Defendant Parties whether or not such Class Member submits a Claim Form.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

Only Class Members, *i.e.*, Persons who purchased or otherwise acquired Gossamer common stock during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are shares of Gossamer common stock.

## PROPOSED PLAN OF ALLOCATION

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing, as opposed to economic losses caused by market or industry factors or other company actions not related to the alleged wrongdoing, taking into consideration the strength of the claims.

2.      The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.      All purchases of Gossamer Bio common stock during the Class Period are potentially eligible for compensation based on claims asserted under Sections 10(b) of the Exchange Act. In addition, purchases of Gossamer Bio common stock made in the February 8, 2019 IPO through the IPO lock-up period ending August

8

6, 2019, inclusive, are also eligible for compensation based on claims asserted under Section 11 of the Securities Act.

4.      The entire Net Settlement Fund shall be distributed to members of the Settlement Class, other than the portion of the Net Settlement Fund that cannot be distributed because of prohibitive administrative costs, which remainder shall be donated to a non-sectarian, non-profit organization.

## Exchange Act Claims

5.      For losses to be compensable damages under Section 10(b) of the Exchange Act, the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in the price or value of the security. In this case, Lead Plaintiff alleged that Defendant made false statements and omitted material facts during the Class Period which had the effect of artificially inflating the prices of Gossamer Bio common stock. Lead Plaintiff further alleged that corrective information was released to the market on December 16, 2019, which removed the artificial inflation from the price of Gossamer Bio common stock on that day.

6.      Exchange Act Loss Amounts for transactions in Gossamer Bio common stock are calculated under the Plan of Allocation based primarily on the difference in the amount of alleged artificial inflation in the prices of Gossamer Bio common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase/acquisition price and sale price. Accordingly, in order to have an Exchange Act Loss Amount under the Plan of Allocation, a claimant who purchased or otherwise acquired Gossamer Bio common stock prior to the corrective disclosure, which occurred before the opening of trading on December 16, 2019, must have held the Gossamer Bio common stock through at least the opening of trading on that day.

7.      The Exchange Act Loss Amounts calculated are subject to a significant discount to reflect the fact that the Exchange Act claims were not pressed in the court, as discussed further below in ¶ 12 and fn. 2.

## Securities Act Claims

8.      Securities Act claims were asserted with respect to shares of Gossamer Bio common stock purchased or otherwise acquired during the Class Period pursuant or traceable to the IPO, which includes all shares purchased or acquired in the IPO on February 8, 2019, through the 180-day lock-up period ending August 6, 2019.  These purchased shares are potentially eligible for recovery under the Securities Act.

9.      The statutory formula for the calculation of damages under Section 11 of the Securities Act serves as the basis for the calculation of the Securities Act Loss Amounts under the Plan of Allocation. The formulas stated below in ¶ 14 and ¶ 15, which were developed by Lead Plaintiff's damages expert, generally track that statutory formula. For purposes of the statutory calculations, April 3, 2020, the date of filing of the initial complaint in the Action, is considered to be the "date of suit," and February 1, 2022, the date that the Stipulation was executed, is considered to be the "date of judgment."

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

10.     A "**Recognized Loss Amount**" will be calculated as set forth below for each publicly traded share of Gossamer Bio common stock purchased or otherwise acquired from February 8, 2019, through December 13, 2020, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.

11.     The **Recognized Loss Amount** for each purchase or acquisition of publicly traded Gossamer Bio common stock during the Class Period is *the greater of* (a) the **Adjusted Exchange Act Loss Amount**

calculated under paragraphs 12 and 13 below, *or* (b) the **Securities Act Loss Amount** calculated under paragraph 14 or 15 below, if any.

**Adjusted Exchange Act Loss Amount**

12.     For each share of publicly traded Gossamer Bio common stock purchased from February 8, 2019 through December 13, 2019, inclusive, and:

(a)     sold prior to the opening of trading on December 16, 2019, the Exchange Act Loss Amount is $0;

(b)     sold from December 16, 2019 through the close of trading on March 13, 2020, the Exchange Act Loss Amount is *the least of*: (i) $9.77, the amount of the alleged artificial inflation per share removed from the Gossamer Bio stock share price; (ii) the purchase price *minus* the sale price; or (iii) the purchase price *minus* the average closing price between December 16, 2019 and the date of sale as stated in Table A;

(c)     held as of the close of trading on March 13, 2020, the Exchange Act Loss Amount is *the least of*: (i) $9.77, the alleged artificial inflation per share on the date of purchase; or (ii) the purchase price per share *minus* $14.23.[2]

13.     For every Exchange Act Loss Amount calculated in paragraph 12, an Adjusted Exchange Act Loss Amount shall be calculated, which will be 10% of the Exchange Act Loss Amount. In other words, for each purchase of Gossamer Bio common stock, the Adjusted Exchange Act Loss Amount will be the Exchange Act Loss Amount *times* 0.10.[3]

**Securities Act Loss Amounts**

14.     For each share of Gossamer Bio common stock purchased between February 8, 2019, and August 6, 2019, inclusive, and:

(a)     sold before the close of trading on April 3, 2020, the Securities Act Loss Amount is the purchase price per share (not to exceed $16.00) minus the sale price per share;

(b)     sold after the close of trading on April 3, 2020, but before the close of trading on February 1, 2022, the Securities Act Loss Amount is the purchase price per share (not to exceed $16.00) *minus* the greater of: (i) the sale price per share or (ii) $10.19 (the closing price of Gossamer Bio common stock on April 3, 2020, the date the lawsuit was filed);

(c)     held as of the close of trading on February 1, 2022, the Securities Act Loss Amount is the purchase price per share (not to exceed $16.00) *minus* $10.19.

15.     As noted above, for each purchase of publicly traded Gossamer Bio common stock during the Class Period, a Recognized Loss Amount will be calculated which is *the greater of*: the Adjusted Exchange

---

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Exchange Act Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Gossamer Bio common stock during the "90-day look-back period," from December 16, 2019, through March 13, 2020. The mean (average) closing price for Gossamer Bio common stock during this 90-day look-back period was $14.23.

[3] The Exchange Act Loss Amount is discounted to reflect the fact that Plaintiff's Exchange Act claims were ultimately not pressed in the court.

10

Act Loss Amount or the Securities Act Loss Amount, if any.  If a Recognized Loss Amount calculates to a negative number, the Recognized Loss Amount for that transaction will be zero.

## **ADDITIONAL PROVISIONS**

16.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

17.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 22 below) is $10.00 or greater.

18.     If a Class Member has more than one purchase/acquisition or sale of Gossamer Bio common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of Gossamer Bio common stock at the beginning of the Class Period, and then against purchases/acquisitions of Gossamer Bio common stock, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

19.     Purchases/acquisitions and sales of Gossamer Bio common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Gossamer Bio common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of the Gossamer Bio common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Gossamer Bio common stock unless (i) the donor or decedent purchased or otherwise acquired such Gossamer Bio common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Gossamer Bio common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

20.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Gossamer Bio common stock. The date of a "short sale" is deemed to be the date of sale of the Gossamer Bio common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Gossamer Bio common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

21.     Gossamer Bio publicly traded common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts are not securities eligible to participate in the Settlement. With respect to Gossamer Bio common stock purchased or sold through the exercise of an option, the purchase/sale date of the Gossamer Bio common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

22.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

23.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-

11

effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

24.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiff's Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

25.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.

Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.GossamerSecuritiesLitigation.com.

**TABLE A**
**Gossamer Bio Common Stock Closing Price and Average Closing Price**
**December 16, 2019 – March 13, 2020[4]**

| Sale Date | Closing Price | Average Closing Price Between December 16, 2019 and Date Shown | Sale Date | Closing Price | Average Closing Price Between December 16, 2019 and Date Shown |
|---|---|---|---|---|---|
| 12/16/2019 | $15.96 | $15.96 | 1/31/2020 | $13.28 | $14.75 |
| 12/17/2019 | $15.25 | $15.61 | 2/3/2020 | $13.64 | $14.72 |
| 12/18/2019 | $15.64 | $15.62 | 2/4/2020 | $13.84 | $14.70 |
| 12/19/2019 | $14.96 | $15.45 | 2/5/2020 | $14.67 | $14.69 |
| 12/20/2019 | $15.88 | $15.54 | 2/6/2020 | $14.62 | $14.69 |
| 12/23/2019 | $16.40 | $15.68 | 2/7/2020 | $14.80 | $14.70 |
| 12/24/2019 | $16.56 | $15.81 | 2/10/2020 | $15.14 | $14.71 |
| 12/26/2019 | $16.24 | $15.86 | 2/11/2020 | $15.03 | $14.72 |
| 12/27/2019 | $15.59 | $15.83 | 2/12/2020 | $15.21 | $14.73 |

[4] The 90th calendar day of the 90-day lookback period was Saturday, March 14, 2020, when markets were closed. Therefore, Table A displays closing and average prices through Friday, March 13, 2020.

12

| Sale Date | Closing Price | Average Closing Price Between December 16, 2019 and Date Shown | Sale Date | Closing Price | Average Closing Price Between December 16, 2019 and Date Shown |
|---|---|---|---|---|---|
| 12/30/2019 | $15.35 | $15.78 | 2/13/2020 | $15.48 | $14.75 |
| 12/31/2019 | $15.63 | $15.77 | 2/14/2020 | $14.55 | $14.74 |
| 1/2/2020 | $15.40 | $15.74 | 2/18/2020 | $14.77 | $14.74 |
| 1/3/2020 | $15.37 | $15.71 | 2/19/2020 | $14.84 | $14.74 |
| 1/6/2020 | $15.10 | $15.67 | 2/20/2020 | $14.70 | $14.74 |
| 1/7/2020 | $14.68 | $15.60 | 2/21/2020 | $14.99 | $14.75 |
| 1/8/2020 | $14.34 | $15.52 | 2/24/2020 | $14.02 | $14.73 |
| 1/9/2020 | $14.20 | $15.44 | 2/25/2020 | $13.87 | $14.72 |
| 1/10/2020 | $14.13 | $15.37 | 2/26/2020 | $13.93 | $14.70 |
| 1/13/2020 | $13.98 | $15.30 | 2/27/2020 | $13.04 | $14.67 |
| 1/14/2020 | $14.67 | $15.27 | 2/28/2020 | $13.13 | $14.64 |
| 1/15/2020 | $15.04 | $15.26 | 3/2/2020 | $13.81 | $14.62 |
| 1/16/2020 | $15.00 | $15.24 | 3/3/2020 | $13.54 | $14.60 |
| 1/17/2020 | $14.34 | $15.20 | 3/4/2020 | $14.09 | $14.59 |
| 1/21/2020 | $13.97 | $15.15 | 3/5/2020 | $13.56 | $14.57 |
| 1/22/2020 | $13.46 | $15.09 | 3/6/2020 | $12.69 | $14.54 |
| 1/23/2020 | $13.37 | $15.02 | 3/9/2020 | $11.01 | $14.48 |
| 1/24/2020 | $13.33 | $14.96 | 3/10/2020 | $11.50 | $14.42 |
| 1/27/2020 | $13.89 | $14.92 | 3/11/2020 | $10.59 | $14.36 |
| 1/28/2020 | $13.93 | $14.88 | 3/12/2020 | $10.17 | $14.29 |
| 1/29/2020 | $13.68 | $14.84 | 3/13/2020 | $10.73 | $14.23 |
| 1/30/2020 | $13.53 | $14.80 | | | |

## What payment are the attorneys for the Class seeking? How will the lawyers be paid?

Lead Counsel has not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for in an amount not to exceed 30% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $60,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

**What if I do not want to be a member of the Class? How do I exclude myself?**

Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Gossamer Bio Securities Litigation*, ATTN: EXCLUSIONS, P.O. Box 58220, Philadelphia, PA 19102. The exclusion request must be *received* **no later than June 3, 2022**. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the Person requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such Person "requests exclusion from the Settlement Class in *Kuhne v. Gossamer Bio, Inc. et al.,* Case No. 3:20-cv-00649-DMS-DEB"; (c) identify and state the number of shares of Gossamer common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (*i.e.*, between February 8, 2019 and December 13, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court. You may not exclude yourself by telephone or by email.

If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Defendant Parties.

If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

**When and where will the Court decide whether to approve the settlement? Do I have to come to the hearing? May I speak at the hearing if I don't like the Settlement?**

**Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

The Settlement Hearing will be held on June 24, 2022 at 1:00 p.m., before the Honorable Dana M. Sabraw at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101, Courtroom 13-A. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of California at the address set forth below on or before June 3, 2022. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before June 3, 2021**.

14

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **Block & Leviton LLP** | **Latham & Watkins LLP** |
| Southern District of California | Jacob A. Walker | Colleen C. Smith |
| Clerk of the Court | 260 Franklin Street, Suite 1860 | 12670 High Bluff Drive |
| 333 West Broadway | Boston, MA 02110 | San Diego, CA 92130 |
| San Diego, CA 92101 | | |

Any objection: (a) must state the name, address and telephone number of the Person objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Gossamer common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period (*i.e.*, between February 8, 2019 and December 13, 2020, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before June 3, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that the notice is *received* **on or before June 3, 2022**.

The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

**What if I bought shares on someone else's behalf?**

If you purchased or otherwise acquired any Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to Gossamer Bio Securities Litigation, c/o/ Claims Administrator, 1650 Arch Street, suite 2210, Philadelphia, PA 19103. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.GossamerSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-833-554-0994 or emailing info@GossamerSecuritiesLitigation.com.

**Can I see the court file? Whom should I contact if I have questions?**

This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular hours at the Office of the Clerk, United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101. Additionally, copies of the Stipulation and any related order entered by the Court will be posted on the website maintained by the Claims Administrator, www.GossamerSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Class Counsel at:

| | |
|---|---|
| **Gossamer Securities Litigation Settlement** | **Block & Leviton LLP** |
| c/o Claims Administrator | Attn:  Jacob A. Walker |
| 1650 Arch Street, Suite 2210 | 260 Franklin Street, Suite 1860 |
| Philadelphia, PA 19103 | Boston, MA 02110 |
| 1-833-554-0994 | Telephone:  (617) 398-5600 |
| www.GossamerSecuritiesLitigation.com | Email: jake@blockleviton.com |
| info@GossamerSecuritiesLitigation.com | |

**Do not call or write the Court, the Office of the Clerk of the Court, Defendants or their Counsel regarding this Notice.**

March 14, 2022                          By Order of the Court
                                        United States District Court, Southern District of California

16

<table>
<tr><td>

**Your Proof of Claim and Release Form must be postmarked by:**
**July 7, 2022**

</td><td>

Gossamer Bio Securities Litigation
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
www.GossamerSecuritiesLitigation.com

</td><td>

**GSB**

</td></tr>
</table>

# PROOF OF CLAIM AND RELEASE

### General Instructions

- This Proof of Claim and Release form ("Claim Form") incorporates by reference the definitions in the Notice of Pendency of Class Action and Proposed Settlement; Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and Settlement Hearing (the "Notice") and, unless defined herein, capitalized words and terms shall have the same meanings as they have in the Notice.
- To recover as a member of the Class based on your claims in the above-captioned Action, you must complete this Claim Form. If you fail to file a properly addressed (as set forth below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.
- Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.
- You **must submit your completed and signed Claim Form by July 7, 2022, addressed as follows:**

*Gossamer Bio Securities Litigation*
c/o Claims Administrator
**1650 Arch Street, Suite 2210**
**Philadelphia, PA 19103**

- A Claim Form shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator.

- If you are **NOT** a member of the Class, as defined in the Notice, **DO NOT** submit a Claim Form.

- If you are a member of the Class, you are bound by the terms of the Stipulation and the Settlement, as well as any Order and Judgment entered in the Action **whether or not you submit a Claim Form.**

### Claimant Identification

If you purchased or otherwise acquired Gossamer Bio, Inc. ("Gossamer") common stock between February 8, 2019 through December 13, 2020, inclusive, (the "Class Period"), and/or acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO, and held (or hold) the stock certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, the stock certificate(s) were or are registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

## Section I – Claimant Information

Name of Beneficial Owner (First, Middle, Last) if Beneficial Owner is an individual, joint, or IRA account:

Name of Entity if Beneficial Owner is an entity, *e.g.,* corporation, trustee, estate, etc.:

Street Address:

City:                          State:                          Zip Code:

Foreign Province and Postal Code:                          Country:

E-mail Address:                          Telephone No.:

Account Number / Fund Number (not necessary for individual filers):

Taxpayer Identification Number for Beneficial Owner(s)

Social Security No. (for individuals):                          Taxpayer Identification No.:

Identify each owner of record ("nominee"), if different from the beneficial owner of Gossamer common stock who forms the basis of this claim. **This claim must be made by the actual beneficial owner or owners, or the legal representative(s) of such owner or owners, of the Gossamer common stock upon which this claim is based.**

All joint beneficial purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons and/or entities represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

Name of Joint Beneficial Owner, if any (First, Middle, Last):

*Questions? Call 1-833-554-0994 or email info@GossamerSecuritiesLItigation.com*

*Claim Form*

- In the space provided on the following page, supply all required details of your transaction(s) in Gossamer common stock. If you need more space, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

- Please provide all of the requested information with respect to *all* of your purchases, acquisitions, and sales of Gossamer common stock which took place at any time during the Class Period, whether such transactions resulted in a profit or loss. Failure to report all such transactions may result in the rejection of your claim.

- List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

- You must submit documentation for your trading history. Acceptable documentation may include: (a) monthly stock brokerage or other investment account statements; (b) trade confirmation slips; (c) a signed letter from your broker on firm letterhead containing the transactional and holding information found in a broker confirmation slip or account statement; or (d) other equivalent proof of your transactions. **Do not send originals.** Broker confirmations or other documentation of your transactions in Gossamer common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

- The requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at claimant's cost.

## Section II – Schedule of Transactions

A. List each individual **purchase or acquisition** of Gossamer common stock between and including February 8, 2019 and February 1, 2022, as follows:

| Date(s) of Purchase (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased/Acquired | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

3

B. List each individual **sale** of Gossamer common stock between and including February 8, 2019 and February 1, 2022, as follows:

| Date(s) of Sale (list chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sales Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

C. At the close of trading on February 1, 2022, how many shares of Gossamer common stock did you hold?

_____ shares

## Section III - Submission to Jurisdiction of Court, Acknowledgements and Releases

**Please review the following submission to jurisdiction and sign below on page 6.**

I (we) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement dated as of February 1, 2022 ("Stipulation"), and in connection with the settlement (the "Settlement") of claims against the Defendants contemplated therein. I (we) also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any Order and Judgment (defined below) that may be entered in the Action. I (we) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so. I (we) have not submitted any other claim covering the same purchases, acquisitions, and sales of Gossamer common stock during the Class Period and know of no other person or entity having done so on my (our) behalf.

**Please review the following release for claims against Defendants and sign below on page 6.**

I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever waive, compromise, settle, release, resolve, relinquish, discharge and dismiss all of the Released Claims against each and all of the Defendants and the Released Defendant Parties as contemplated in the Stipulation.

The Stipulation contemplates the issuance of a judgment (the "Judgment"), which will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, and Released Plaintiff Parties, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released,

4

*Questions?* Call 1-833-554-0994 or email
info@GossamerSecuritiesLItigation.com

resolved, relinquished, waived and discharged each and every Released Claim against the Defendants and the other Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.

Unknown Claims are expressly included in the definition of Released Claims, and that such inclusion was expressly bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation. "Unknown Claims" means Released Claims or Released Defendant Claims that Defendants, Lead Plaintiff, or any other Class Member does not know or suspect to exist in such party's favor at the time of the release, which, if known by such party, might have affected such party's decision to settle or release claims. Upon the Effective Date of the Settlement, Defendants, Lead Plaintiff and the Class shall expressly waive, and be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or release party.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

**Please review the following representations and sign below on page 6.**

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases or acquisitions of Gossamer common stock that occurred during the Class Period, all of my (our) sales of Gossamer common stock between and including February 8, 2019 and December 13, 2020, and the number of shares of Gossamer common stock held by me (us) at the close of trading on December 13, 2020.

I (We) hereby warrant and represent that I am (we are) not excluded from the Class as defined in the Notice.

I (We) declare under the penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

5

Executed this _____ of _____, 2022 in
                (Day)              (Month)

_____, _____.
    (County)              (State)

_____
(Signature of Claimant)

_____
(Type or print name of Claimant)

_____
(Capacity of person signing above, *e.g.*, Beneficial Purchaser(s), Administrator, Executor, Trustee, Custodian, Power of Attorney, etc.)

Proof of Authority to File Enclosed?
_____ Yes        _____ No

---

Executed this _____ of _____, 2022 in
                (Day)              (Month)

_____, _____.
    (County)              (State)

_____
(Signature of Claimant)

_____
(Type or print name of Claimant)

_____
(Capacity of person signing above, *e.g.*, Beneficial Purchaser(s), Administrator, Executor, Trustee, Custodian, Power of Attorney, etc.)

Proof of Authority to File Enclosed?
_____ Yes        _____ No

---

**Accurate claims processing takes a significant amount of time.
Thank you for your patience.**

**Reminder Checklist:**

1. Please sign and return the Certification section of the Proof of Claim and Release above.

2. If this claim is being made on behalf of joint beneficial claimants, both must sign.

3. Remember to attach supporting documentation.

4. Do not send original stock certificates.

5. Keep a copy of your Proof of Claim and Release form and all documents submitted for your records.

6. Your Proof of Claim and Release form are not considered received until you've received an Acknowledgement Postcard from the Claims Administrator. Acknowledgement Postcards are to be expected within 60 days of receipt of your claim submission.

7. If you move, please send the Claims Administrator your new address.

**THESE FORMS AND YOUR SUPPORTING DOCUMENTATION
MUST BE POSTMARKED NO LATER THAN JULY 7, 2022.**

6

*Questions? Call 1-833-554-0994 or email
info@GossamerSecuritiesLItigation.com*

# Exhibit B

*[Mutual fund performance tables — dense multi-column listings of fund names with 36-month performance rating, YTD % change, 12-week % change, 5-year after-tax return, net asset value and NAV change. Columns organized alphabetically with sections including –P–Q–R–, –S–T–U–, –V–W–X–. Individual numeric entries not reliably legible at this resolution.]*

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

SCOTT KUHNE, Individually and on Behalf of All Others Similar Situated,
*Plaintiff,*

v.

GOSSAMER BIO, INC., ET AL.,
*Defendants.*

Case No. 3:20-cv-00649-DMS-DEB CLASS ACTION

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT HEARING**

**TO:** All Persons who purchased Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), and/or acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO (the "Class");

PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, that the Court-appointed Lead Plaintiff, on behalf of himself and the Class, has reached a proposed settlement of the above-captioned litigation (the "Action") for $2,375,000 in cash that, if approved, would resolve all claims in the Action (the Settlement). Defendants have denied the claims asserted against them and have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.

YOU ARE HEREBY FURTHER NOTIFIED, that the Action has been preliminarily certified as a class action, and that pursuant to an Order of the Honorable Dana M. Sabraw in the United States District Court for the Southern District of California (the "Court"), dated March 14, 2022, a hearing will be held on June 24, 2022 at 1:00 p.m. (the "Settlement Hearing") before Judge Sabraw at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101, Courtroom 13-A, to determine: (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) whether a judgment should be entered dismissing the Action with prejudice against the Defendants; (c) whether the Proposed Plan of Allocation should be approved as fair and reasonable; and (d) whether Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses should be approved.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.GossamerSecuritiesLitigation.com. You may also obtain copies of the Notice and Claim Form by contacting the Claim Administrator at *Gossamer Securities Litigation Settlement* c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 1-833-554-0994.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than July 7, 2022. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than June 3, 2022, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than June 3, 2022, in accordance with the instructions set forth in the Notice.

Please do not contact the Court, the Clerk's office, Gossamer or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

> Block & Leviton LLP Attn: Jacob A. Walker
> 260 Franklin Street, Suite 1860
> Boston, MA 02110
> Telephone: (617) 398-5600
> Email: jake@blockleviton.com

Requests for the Notice and Claim Form should be made to:

> *Gossamer Securities Litigation Settlement*
> c/o Claims Administrator
> 1650 Arch Street, Suite 2210
> Philadelphia, PA 19103
> 1-833-554-0994
> info@GossamerSecuritiesLitigation.com

*By Order of the Court*

---



# Online Courses
BY INVESTOR'S BUSINESS DAILY

## Master the Skills to Succeed in Options Trading

Become a better options trader with Investor's Business Daily®, the leader in investing education for over 30 years.

These video lessons give you a streamlined options education that you can watch at your own pace on any device.

*Learn more at:*
*Investors.com/OptionsOnline*

© 2021 Investor's Business Daily, Inc. Investor's Business Daily, IBD, CAN SLIM, Leaderboard and corresponding logos are registered trademarks owned by Investor's Business Daily, Inc. MarketSmith® is a registered trademark of MarketSmith, Incorporated.

---

**LEGAL NOTICE**

**If you purchased GTV common stock and/or the digital asset security referred to as G-Coins or G-Dollars between April 2020 and June 2020, you may be eligible for a distribution payment from the GTV Media Group Fair Fund.**

On September 13, 2021, the U.S. Securities and Exchange Commission ("SEC") issued an Order instituting and simultaneously settling cease-and-desist proceedings against Respondents GTV Media Group, Inc. ("GTV"), Saraca Media Group, Inc. ("Saraca"), and Voice of Guo Media, Inc. In the Order, the SEC found that from approximately April 2020 through June 2020, Respondents generally solicited thousands of individuals to invest in the GTV Common Stock offering. The SEC further found that during the same period, GTV and Saraca ("the G Entities") also solicited individuals to invest in the Digital Asset offering. According to the Order, as a result of these two unregistered securities offerings, whose proceeds were commingled, Respondents collectively raised approximately $487 million from more than 5,000 investors, including individuals in the United States. The SEC ordered the Respondents to pay $486,745,063 in disgorgement, plus prejudgment interest of $17,688,365 and $35,000,000 in civil money penalties, for a total of $539,433,428, to the SEC. The SEC also created the Fair Fund, pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, so the penalties paid, along with the disgorgement and interest paid, can be distributed to harmed investors. To date, the Respondents have paid a total of $455,439,194.49. Any additional funds collected from the Respondents pursuant to the Order will be added to the Fair Fund. The Fair Fund has been deposited at the United States Department of the Treasury's Bureau of the Fiscal Service ("BFS") for investment.

**G Entities [Relevant Period start and end dates (inclusive)]:**
• GTV Common Stock [4/20/2020 through 6/2/2020]; and
• G-Dollars or G-Coins [4/1/2020 through 6/30/2020];

On October 14, 2021, the SEC appointed Miller Kaplan Arase LLP as Tax Administrator. The SEC also appointed JND Legal Administration as Fund Administrator (the "Fund Administrator") on November 23, 2021. The SEC approved a plan for the distribution of the GTV Media Group Fair Fund (the "Plan"). The Plan is publicly available at www.GTVMediaGroupFairFund.com, and available on the SEC's webpage for this matter at www.sec.gov/divisions/enforce/claims/gtv-media-group.htm.

If you purchased one or more of the securities listed above during the corresponding Relevant Period(s) and would like to be considered for eligibility for a distribution from the GTV Media Group Fair Fund, you must submit a completed and signed Proof of Claim Form ("Claim Form"), including adequate supporting documentation of your purchases and a completed tax certification, to the Fund Administrator by the Claims Bar Date.

The Claim Form is available at www.GTVMediaGroupFairFund.com. You may submit your Claim Form online no later than 11:59 p.m. PT on the Claims Bar Date following the directions at www.GTVMediaGroupFairFund.com/claim. Alternatively, you may send your Claim Form to the Fund Administrator. Claim Forms must be postmarked no later than the Claims Bar Date if sent by First Class Mail; and if not by First Class Mail, received by the Fund Administrator by the Claims Bar Date. If not submitted online, Claim Forms should be directed to the following address:

> GTV Media Group Fair Fund
> c/o JND Legal Administration
> PO Box 91403
> Seattle, WA 98111

Additional information regarding the GTV Media Group Fair Fund, including the Distribution Plan, the Plan Notice, the Claim Form, relevant deadlines, and related materials are available on the Distribution Website at www.GTVMediaGroupFairFund.com. You may obtain additional information or request copies of the Claim Form by contacting the Fund Administrator toll-free at 866-853-5013, emailing info@GTVMediaGroupFairFund.com, or writing to:

> GTV Media Group Fair Fund
> c/o JND Legal Administration
> PO Box 91403
> Seattle, WA 98111

Please check the website www.GTVMediaGroupFairFund.com frequently for updates.

# Exhibit C

THE WALL STREET JOURNAL.    NY    Wednesday, April 20, 2022 | **B5**

## BUSINESS NEWS

# Lockheed, Pentagon in Talks

### Defense company says it is discussing a boost in producing weapons destined for Ukraine

BY DOUG CAMERON

**Lockheed Martin** Corp. said it is in talks with the Pentagon about increasing production of weapons destined for Ukraine, though the company has yet to boost output.

The U.S. has pledged more than $3 billion in military assistance to Ukraine following Russia's invasion in February, including Javelin missiles and armed drones that are being taken from existing American stockpiles.

Lockheed, the world's largest defense company by sales, and other military contractors said they have been fielding requests from Western governments for additional production, though some are still working through the impact of supply-chain challenges that have affected the broader manufacturing sector.

The company said Chief Executive Jim Taiclet was among CEOs from U.S. defense companies who met with Pentagon leaders last week to discuss Ukraine-related weapons needs and production levels. Raytheon Technologies Corp., Boeing Co., Northrop Grumman Corp., General Dynamics Corp. and L3Harris Technologies Inc. also attended the meeting, according to the Pentagon.

Shares of American and European defense companies have outperformed the broader market since Russia's invasion of Ukraine, lifted by the pledges of countries including Germany to increase military spending.

Lockheed produces F-35 combat jets that Germany now plans to buy, as well as F-16 fighters, Black Hawk helicopters and a range of munitions and missile-defense systems. However, executives said most new contracts would take years to fulfill.

The company, which on Tuesday reported forecast-beating quarterly profits, left its full-year sales guidance unchanged at $66 billion. Chief Financial Officer Jay Malave said any additional production for Ukraine wouldn't have an immediate impact on its financial results.

Lockheed reported net profit of $1.73 billion for the latest quarter, down from $1.84 billion a year earlier, with sales falling 8% to $15 billion. Per-share profit of $6.44 beat the $6.11 consensus among analysts polled by FactSet.

◆ Heard on the Street: Handle defense stocks carefully...... B15



CHRIS JUNG/NURPHOTO/GETTY IMAGES

**The company's jet sales are one potential beneficiary of higher military spending in the wake of Russia's invasion of Ukraine.**

# Better.com Cuts More Jobs in New Round of Layoffs

BY JOSEPH PISANI
AND CAMILLE FURST

**Better.com** cut more jobs on Tuesday, the online mortgage lender's third round of layoffs since December and its first cuts since offering voluntary buyouts to some employees nearly two weeks ago.

The latest job cuts are focused on the company's sales team, real-estate business, mortgage operations and units related to mortgages, including insurance, according to a person familiar with the matter.

A Better.com spokeswoman declined to say how many people would lose their jobs in Tuesday's layoffs.

The company said last month it had 6,000 employees in the U.S. and India. The spokeswoman declined to give a current head count.

Employees were told Tuesday in a memo, viewed by The Wall Street Journal, that the company was making "another substantial cut" to its U.S. workforce, but didn't give an exact number.

The layoffs were due to expected declines in the mortgage industry, said the memo, signed by Richard Benson-Armer, Better.com's chief people, performance and culture officer.

"This is not the measure we wanted to take," Mr. Benson-Armer said in the memo. "But, this is both prudent and necessary for the health of our business."

Better.com and other mortgage lenders had benefited from a wave of home buying and refinancing as interest rates hit historic lows at the beginning of the coronavirus pandemic.

But mortgage rates are rising and fewer people are expected to refinance this year. Higher rates can also discourage people from buying homes.

New York-based Better.com, which is backed by SoftBank Group Corp., laid off 900 people in December during a Zoom call led by Chief Executive Vishal Garg.

Video of the call was posted on TikTok, drawing criticism that prompted Mr. Garg to apologize for blundering the way he communicated the layoffs. He took time away from the company in December and returned in mid-January. The company's board of directors said Mr. Garg worked with an executive coach during his break.

In March, about 3,000 Better.com employees were laid off. And earlier this month, Better.com offered some workers a voluntary buyout.

Tuesday's memo said newly laid-off workers will get between 60 and 80 days of severance pay and health insurance coverage until the end of July.

## Ad-Tech CEO Leads In Pay

Continued from page B1

Trade Desk calculated the figure by modeling potential outcomes for the arrangement, it said in its filings.

The compensation figure exceeds pay reported by top earners at other companies, including private-equity firm KKR & Co., talent agency Endeavor Group Holdings Inc. and online-game platform Roblox Corp.

"These are performance-based options, which vest at ambitious price targets," a Trade Desk spokesman said. The board felt the option award aligns Mr. Green's interests with those of other shareholders, he added.

"We have heard from our major investors that they are very supportive of this grant, as they stand to benefit significantly if these price thresholds are met," the spokesman said.

Mr. Green holds 49% of voting power at Trade Desk, according to its proxy statement. He holds 1.1% of Class A shares and 97.7% of Class B shares, which have 10 times the voting power of Class A shares. The company has said its Class B shares will convert automatically to Class A shares in December 2025.

"This certainly stands out in terms of the magnitude of the potential dollar amount," said Ben Silverman, director of research at VerityData, which tracks insider stock transactions and evaluates unusual equity awards as potential signals for investors. Mr. Silverman said the executive's significant stake in Trade Desk gives him strong incentives to improve its share price, leaving investors to decide how meaningful the option award will prove.

Mr. Green already can exercise the first batch of options, on 2.4 million shares, the company said in its annual proxy statement, filed with the Securities and Exchange Commission last week. The company's share price averaged at or above the tranche's target price of $90 for exactly 30 consecutive trading days ending in mid-January—the duration required for vesting, market data and Trade Desk securities filings show.

If Mr. Green had exercised the options when they vested, while Trade Desk shares last averaged around $90, he would have received about $34 million in new shares.

Trade Desk shares have remained below $90 since Jan. 3. They closed at $62.03 on Monday, meaning it would cost Mr. Green more to exercise the newly vested options than the underlying shares are worth. Mr. Green may exercise the options into late 2031, and he must hold shares resulting from exercising them for at least a year after each batch vests, the company said in its filings.

Mr. Green hasn't exercised any of the options included with the October grant, according to his disclosures with the SEC. He spent about $14.1 million to exercise about $52.9 million in other, older options, holding the resulting shares directly or through trusts and a foundation he controls, according to VerityData and securities filings.

The share-price targets unlocking the remainder of Mr. Green's October options grant range from $115 a share, or about 85% above recent prices, to $340 a share, or more than five times Monday's close.

If all seven remaining share-price targets are met, the company's market capitalization would grow by $122.5 billion and Mr. Green would receive options yielding $1.8 billion to $5.2 billion in new shares, or 1.5% to 4.3% of the market-cap gain with current shares outstanding, depending on when he exercised the options. The number of shares Mr. Green can receive with each tranche can rise or fall by 20% depending on how the company's shareholder return compares with that of the Nasdaq-100 index.

"Even if [Trade Desk] hits those very ambitious targets, it would be a very low-single-digit percentage for a founder

# 49%

Portion of Trade Desk voting power held by Mr. Green

and CEO who the board believes is integral to the company's success to date and future growth agenda," the company spokesman said.

Mr. Green's 2021 pay also included $965,000 in salary, a $1 million discretionary bonus and a $2.7 million cash annual-incentive payment, as well as $1.9 million in company-paid tax costs, the proxy statement shows.

Mr. Green co-founded Trade Desk after selling an early online advertising exchange he also founded to Microsoft Corp. in 2007. Trade Desk said that before he received the options award, Mr. Green signed the Giving Pledge, a campaign started by Bill Gates, his then-wife Melinda French Gates and Warren Buffett, that encourages the world's richest individuals and couples to give more than half of their wealth to philanthropy or charitable causes, either during their lifetime or in their wills. The company said Mr. Green pledged to give away almost all of his wealth during his lifetime.

Trade Desk began trading on the public markets in 2016 at about $1.80 a share, adjusted for splits.

ADVERTISEMENT

## The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

### AUCTIONS

**AuctionAdvisors**
Wed @ 2:15pm | Foreclosure
**Apr. 27** | **AUCTION**
**Prime Upper Westside**
**TOWNHOUSE**
Property Size: 308 W. 78th St
Auction Site: 60 Centre St, New York, NY
20' Wide w/ 7 Studio Units & Tri-plex
West End-Collegiate Historic District
FOR MORE INFORMATION
**AuctionAdvisors**.com

### BUSINESS OPPORTUNITIES

SECURED, SEC REGISTERED
FIDUCIARY MANAGED
FOREIGN CURRENCY EXCHANGE FUND
**12-15%**
ANNUAL RETURN
Performing AI - Based Algorithm
$50k min. No Cap
Quaterly Payouts • Proven Track Record
CALL: (212) 461-0528
www.ifgfundllc.net
IFG Fund, LLC
30 Wall Street, NY, NY 10005
Offered only to verifiable accredited investors pursuant
to rule 506(c) of Reg D Under the Securities act of 1933.

Ecommerce International Publishing Company
US, Germany, Italy, France, Spain
Can operate from anywhere. Romance E Books
No brokers
Employees will stay
Gross Rev 2021 $1,599,000 / Net $400K
$1.390M - Cash Only
In business since 2017.
760-216-7999 or asdhyndman@att.net

**Sell your LIFE POLICY**
Min Age 70-95 | Min Face $500k-20m
No Exams •
**Free Tutorial**
www.jumbolifesettlements.com
$$$ 1-800-233-6481 $$$

$75K CONVERTING TO
$3.5M IN 20 MONTHS
For Sale: Coin investment that are STAKING
until Nov. 2023 with a maturity value of
$3.5 M for sale for $75K USD. Contact
for info & proof of funds to:
info@CGAX.solutions

### CAREERS

Geneva Consultant is needed by Advent
Software, Inc. in New York, NY to oversee and
implement Geneva upgrades and patch releases.
Conduct client site implementations of Geneva,
including software installation, and provide
setup and hands-on functional and technical
training. Apply at www.ssctech.com/careers,
select open position in the U.S. and sort by Job
Title and apply, or mail resume and cover letter
to: Jennifer Starrs, Talent Acquisition Manager,
SS&C Technologies, Inc., 80 Lamberton Rd,
Windsor, CT 06095 and reference job number
R8519 in cover letter.

THE WALL STREET JOURNAL

# THE MARKETPLACE

ADVERTISE TODAY
**(800) 366-3975**
For more information visit:
wsj.com/classifieds

© 2022 Dow Jones & Company, Inc.
All Rights Reserved.

### CLASS ACTION

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

SCOTT KUHNE, Individually and on Behalf of All Others Similar Situated, Plaintiff, v. GOSSAMER BIO, INC., ET AL., Defendants.Defendants.

CASE NO. 3:20-CV-00649-DMS-DEB
CLASS ACTION

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT HEARING

TO: All Persons who purchased Gossamer common stock between February 8, 2019 and December 13, 2020, inclusive (the "Class Period"), and/or acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO (the "Class"):

PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, that the Court-appointed Lead Plaintiff, on behalf of himself and the Class, has reached a proposed settlement of the above-captioned litigation (the "Action") for $2,375,000 in cash that, if approved, would resolve all claims in the Action (the "Settlement"). Defendants have denied the claims asserted against them and have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.

YOU ARE HEREBY FURTHER NOTIFIED, that the Action has been preliminarily certified as a class action, and that pursuant to an Order of the Honorable Dana M. Sabraw in the United States District Court for the Southern District of California (the "Court"), dated March 14, 2022, a hearing will be held on June 24, 2022 at 1:00 p.m. (the "Settlement Hearing") before Judge Sabraw at the United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101, Courtroom 13-A, to determine: (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) whether a judgment should be entered dismissing the Action with prejudice against the Defendants; (c) whether the Proposed Plan of Allocation should be approved as fair and reasonable; and (d) whether Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses should be approved.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. The Notice and Proof of Claim and Release Form ("Claim Form") can be downloaded from the website maintained by the Claims Administrator, www.GossamerSecuritiesLitigation.com. You may also obtain copies of the Notice and Claim Form by contacting the

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Block & Leviton LLP Attn: Jacob A. Walker
260 Franklin Street, Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Email: jake@blockleviton.com

By Order of the Court

Claim Administrator at Gossamer Securities Litigation Settlement c/o Claims Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 1-833-554-0994.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form postmarked no later than July 7, 2022. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is received no later than June 3, 2022, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are received no later than June 3, 2022, in accordance with the instructions set forth in the Notice.

Please do not contact the Court, the Clerk's office, Gossamer or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to:
Gossamer Securities Litigation Settlement
c/o Claims Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
1-833-554-0994
info@GossamerSecuritiesLitigation.com

### CAREERS

**IT-Vice President**
(New York, NY): Ensure the highest quality of IT support for Fixed Income clients & Front Office applications for trading & risk management systems. Provide application support covering rates & fixed income product trading. Work with internal development teams & external vendors to resolve support issues of trading applications. Ensure logging of support incidents, conduct problem review meetings, conduct Change Advisory Board calls for changes, & track action items to closure. Prepare planned maintenance, disaster recovery, & all major roll-outs. Provide dealer-to-dealer & dealer-to-client market support through the Broadway Execution system, including Straight-through-Processing of trade flow using FIX messaging. Support Bloomberg & Tradeweb client flow through Request for Quotes & maintain book of records system for functional & back-end technical aspects. Support real-time risk & profit & loss system to show accurate Risk to Rates desk. Investigate issues using Unix, Windows, SQL, Shell scripts, Python, DOS programming, ITRS Geneos, ServiceNow, & Control-M. Req's Master's degree plus 3 yrs exp or Bachelor's degr plus 6 yrs exp. Please forward your resume to Credit Suisse, P.O. Box MT-CS-58, 909 Third Avenue, 15th Floor, New York, NY 10022. No phone calls.

### CAREERS

**Financial Services**
Morgan Stanley Services Group, Inc. is hiring for following roles throuout facilities in NY, NY: Associate to design complex SQL queries to manipulate lg amount of data & dvlp enhanced solutions in Python prog'g/coding using Jupyter notebook or Pycharm IDE (3183811); Associate to build & maintain high thruput & low latency pricing engine for complex global basket orders (3203720); Associate to provide independent review & validation of equity derivatives pricing models (3187810); Associate to work closely w/ Counterparty Credit Portfolio Analysis team & Enterprise Credit Portfolio team to identify, analyze, & communicate exposure trends & dvlpmts (3189812); Vice President to support U.S. Operations & Compliance by dvlpg & implementing regulatory reporting technology for time-sensitive matters (3187815); & Associate to design, dvlp & maintain high-performing apps used by Firm's bus. units (3203769). All positions req rel degree &/or exp &/or skills. Multiple open positions at various prof'l levels. For more info & to apply online, visit https://ms.taleo.net/careersection/2/jobsearch.ftl?lang=en Scroll down to "Join our team" heading & search for these opp'tys. No calls pls. EOE

### COMMERCIAL REAL ESTATE

**— Southern Oregon —**
26,000 sqft Multise Building for Lease
Medical Office / Retail Space
Located in Klamath Falls pop. 69,000
Center of downtown located on Highway 97 serving the entire region.
Abundant Summer & Winter Recreation for employees.
Available June 1st 2022
**Call Gerald: 541-601-9091**

**FLORIDA INVESTOR PROPERTIES**
Five(5) Homes, Concrete, Updated,
Leased, Cap Rates 6.0-8.0% Near
St Augustine, 1031, $17.5M Package
**Flooring Biz** - Near Daytona Beach, Prop Incl $1.7M
**Vacant Land** - Commercial - 10-22ac Call $$
**Vacant Land**, Ranch, 1300 ac $14M
4-Income Property All leased $535K
**Home** 3/2/2, Vacant, Like NEW $388,900
**Exclusive Watson Realty Corp**
Text 386-341-0423

**Real Estate for Sale**
MARTHA'S VINEYARD
DIRECT HARBORFRONT.
6 Luxury Apartments
DOCK. 9 DEEPWATER SLIPS. PRISTINE CONDITION
P.O. Box 302 Scituate, MA 02066
781-264-3440

### M & A BUSINESS BROKERS
Sell & Show Businesses
Oppty To Earn $100K-$500K+
As Independent Contractor
Work From Home / Outside Sales
Leads Furnished • Training • Since 1985
Send Letter & Resume to:
brokers@gottesman-company.com
Visit our website: gottesman-company.com
US • Canada • Europe • Asia • S America

### Financial Services
Morgan Stanley & Co., LLC is hiring for following role in NY, NY: Vice President, Foreign Exchange Exotics Trader to assess & manage risk, trade securities, & structure as well as execute innovative transactions in fast-paced & constantly changing global mrkts. Position req's rel degree &/or exp &/or skills. For more info & to apply, visit https://ms.taleo.net/careersection/2/jobsearch.ftl?lang=en Scroll down & enter 3197811 as "Job Number" & click "Search jobs." No calls pls. EOE