Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff*
*and the Proposed Class*

[*Additional Counsel Listed on Signature*
*Page*]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FAHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,<br><br>    Defendants. | Case No.: 3:20-cv-00649-DMS-DEB<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES ONLY; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br>Date:        June 24, 2022<br>Time:       1:30 pm<br>Judge:     Hon. Dana M. Sabraw<br>Dept.:      13A |

Lead Plaintiff and Lead Counsel respectfully submit this reply memorandum in further support of: (1) Lead Plaintiff's motion for final approval of settlement and plan of allocation and certification of the class for settlement purposes only (ECF No. 70 the "Final Approval Brief"); and (2) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (ECF No. 71 the "Fee Brief").[1] This memorandum updates the Court on the status of the notice program and the Class's reaction thereto, including the fact that there has not been a single objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses and that there has been only one request for exclusion from the Settlement.

## I.       PRELIMINARY STATEMENT

Pursuant to the Court's March 14, 2022 Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice to the Class (ECF No. 69, the "Preliminary Approval Order"), a total of 28,751 Notices were disseminated to potential Class Members and their nominees. *See* Supplemental Declaration of Brittany M. Cudworth of Angeion Group, Regarding: (A) Mailing of Notice and Proof of Claim; (B) Administration of the Settlement; (C) Report on Requests for Exclusion and Objections Received; and (D) Report on Claims Received (the "Supplemental Mailing Decl."), ¶¶ 6 (attached hereto as Exhibit 1). The Notice advised Class Members of the Settlement and the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *See* Exhibit 2-A to Block Decl. (ECF No. 72-2)  (the "Initial Mailing Declaration"). The Notice further advised Class Members that the last day for requesting exclusion from the Settlement or filing an objection to the Settlement, the Plan of Allocation, or the request for an award of attorneys' fees and reimbursement of Litigation Expenses was June 3, 2022. *See Id*.

---

[1] All capitalized terms that are not otherwise defined herein shall have the meanings set forth in the Stipulation. ECF No. 66-2.

The exclusion and objection deadline has now passed.[2] Importantly, not a single Class Member has objected to the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of Litigation Expenses, or the PSLRA award. *See* Supplemental Mailing Decl. ¶ 11. Similarly, only one request for exclusion from the Settlement has been received. *See Id*. ¶ 10. The lack of objections and the fact that only one request for exclusion was received strongly militates in favor of the Court granting the requested relief.

## II. ARGUMENT

### A. The Positive Reaction of the Class Strong Supports Approval of the Settlement and Plan of Allocation

The reaction of a class to a settlement is a significant factor in assessing its fairness and adequacy. *See In re RAMBUS Inc. Deriv. Litig.*, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) ("'[T]he reaction of the class to the proferred settlement[,] is perhaps the most significant factor to be weighed in considering its adequacy[.]'") (quoting *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 1990)). Here, the absence of any objections and the single request for exclusion strongly supports a finding that this Settlement enjoys the vast support of the Settlement Class, and that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Giroux v. Essex Prop. Tr., Inc.*, 2019 WL 2106587, at *5 (N.D. Cal. May 14, 2019) ("The Courts find that the absence of objections and very small number of opt-outs indicate overwhelming support among the Class Members and weigh in favor of approval."); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors

---

[2] This Court set the deadline for Class Members to submit Proof of Claim and Release Forms ("Claim Forms") at July 7, 2022 – two weeks after the June 24, 2022 hearing on final approval of the Settlement (the "Settlement Hearing"). *See* ECF No. 69 at 14. However, the Court subsequently postponed the Settlmeent Hearing to September 30, 2022. ECF No. 74. Since July 7, 2022, Angeion Group has received an additional 50 Claim Forms. Supplemental Mailing Decl. at ¶ 13. Lead Plaintiff recommends that the Court permit Angeion Group to process these additional claims in light of the postponed Settlement Hearing as doing so will not interfere with the administration of the Settlement.

approval of the Settlement."); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (finding, where there were no objections and only sixteen opt-outs, the reaction of the class "strongly supports settlement."); *In re Omnivision Techs., Inc.*, 599 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.") (quotation and citation omitted). This Settlement enjoys the support of the Class as a whole.

In addition, no Class Member has objected to the proposed Plan of Allocation. *See* Supplemental Mailing Decl. ¶ 11. This reaction provides strong support for the Plan of Allocation's approval. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *5 (N.D. Cal. June 8, 2017) ("'[T]he fact that there has been no objection to this plan of allocation favors the Court's approval.'") (quoting *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005)); *In re Quintus Sec. Litig.*, 2006 WL 3507936, at *4 (N.D. Cal. Dec. 5, 2006) (approving plan of allocation that was "fully described in notice letters to potential class members and no objections were submitted to the court or raised at the hearing.").

### B. The Positive Reaction of the Settlement Class Strongly Supports Approval of the Request for Attorneys' Fees and Reimbursement of Litigaiton Expenses

The positive reaction of the Class also supports approval of Lead Counsel's requested attorneys' fees and reimbursement of Litigation Expenses. Here, the Notice informed the Class that Lead Counsel would apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund and Litigaiton Expenses in an amount not to exceed $60,000, which may include an application for the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class. Initial Mailing Decl. Ex. A.

The absence of any objections to the requested fee, expenses, and PSLRA award in this action weighs strongly in favor of approval. *See, e.g.*, *Acosta v. Frito-*

*Lay, Inc.*, 2018 WL 2088278, at \*12 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members . . . supports the finding that Plaintiff's request is reasonable."); *Zynga*, 2016 WL 537946, at \*18 ("the lack of objection by any Class Members" supported the fee requested); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at \*3 (N.D. Cal. July 6, 2011) (finding only one objection to fee request to be "a strong, positive response from the class").

## III.  CONCLUSION

For the reasons set forth herein and in the Final Approval Brief, the Fee Brief and the Block Declaration, Lead Plaintiff and Lead Counsel respectfully request that the Court: (1) grant final approval of the Settlement and Plan of Allocation as fair, reasonable, and adequate and finally certify the Class for Settlement purposes only; (2) approve the application for an award of attorneys fees of 25% of the Settlement Amount ($593,750), plus $27,319.38 in Litigation Expenses that were reasonably and necessarily incurred by Lead Counsel in prosecuting and resolving this Action; and (3) approve the requested PSLRA award of $5,000 for Lead Plaintiff Scott Kuhne.

DATED: September 23, 2022

Respectfully submitted,

**BLOCK & LEVITON LLP**

/s/ Jacob A. Walker

Jacob A. Walker (SBN 271217)
Jeffrey C. Block (admitted *pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jake@blockleviton.com
jeff@blockleviton.com

*Attorneys for Lead Plaintiff and the Proposed Class*