# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SCOTT KUHNE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FAHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,

    Defendants.

Case No.: 3:20-cv-00649-DMS-DEB

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a class action is pending in this Court entitled *Kuhne v. Gossamer Bio, Inc., et al.,* Case No. 3:20-cv-00649-DMS-DEB (the "Action");

WHEREAS, (a) Lead Plaintiff Scott Kuhne ("Lead Plaintiff"), on behalf of himself and the Class (defined below) and (b) Defendants Gossamer Bio, Inc. ("Gossamer" or "the Company"), Sheila Gujrathi, M.D., Bryan Giraudo, Faheem Hasnain, Joshua H. Bilenker, M.D., Kristina Burow, Russell Cox, Thomas Daniel, M.D., Renee Gala, Otello Stampacchia, Ph.D, Merrill Lynch, Pierce, Fenner & Smith Incorporated, SVB Leerink LLC, Barclays Capital Inc., and Evercore Group L.L.C. (the "Defendants") (collectively with Lead Plaintiff, the "Settling Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Class Action Settlement dated February 1, 2022 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated March 14, 2022 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Class solely for the purpose of effectuating the Settlement, finding the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure with respect to the Settlement Class were satisfied; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; (e) scheduled a hearing regarding final approval of the Settlement ("Settlement Hearing") for June 24, 2022; and (f) postponed the Settlement Hearing to September 30, 2022;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted the Settlement Hearing on September 30, 2022 to consider, among other things, (a) whether the terms and conditions of the

Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 1, 2022; and (b) the Notice, the Summary Notice, and the Proof of Claim form, all of which were filed with the Court on February 2, 2022.

3. **Certification of the Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of the Class defined as: all Persons who purchased Gossamer common stock between February 8, 2019 and December 13, 2019, inclusive (the "Class Period"), and/or who acquired Gossamer shares pursuant or traceable to Gossamer's Registration Statement and Prospectus in connection with the IPO. Excluded from the Class are Defendants and their families, the officers, directors, and affiliates, and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. The foregoing exclusion shall not cover Investment Vehicles. Also excluded from the Class are the Persons who timely and validly submitted a request for exclusion from the Class that was accepted by the Court; such Persons are listed on the attached Exhibit A.

4. Lead Plaintiff is hereby appointed, for purposes of effectuating the Settlement only, as representative for the Class for purposes of Federal Rule of Civil Procedure 23. Block & Leviton LLP, who was appointed by the Court to serve as Lead Counsel, is hereby appointed, for settlement purposes only, as counsel for the Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5. **Notice** – The Court finds that the dissemination of the Notice, the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. The Settling Parties are directed to implement,

perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases** – The Releases set forth in paragraph 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not such Class Member executes and delivers a Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims). The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of § 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part. Upon the Effective Date, Lead Plaintiff and each of the Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance,

prosecution, or enforcement against any Released Defendant Parties of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date, Defendants will release as against Released Plaintiff Parties, all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendant Parties as

evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendants Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Released Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Settling Parties and the Released Plaintiff Parties and Released Defendant Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members and Defendants, and the Settling Parties shall revert to their respective positions in

the Action as of October 15, 2021, as provided in the Stipulation.

17. **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Dana M. Sabraw
United States District Judge