# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FAHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,<br><br>    Defendants. | Case No.: 3:20-cv-00649-DMS-DEB<br><br>**ORDER APPROVING PLAN OF ALLOCATION** |

This matter came on for hearing on September 30, 2022 (the "Settlement Hearing") on Lead Plaintiff's motion to determine whether the proposed Plan of Allocation of the Net Settlement Fund created by the Settlement in the above-captioned Action should be approved. The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was provided to all potential Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and *Investor's Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF No. 66-2) and the Amendment to Stipulation and Agreement of Class Action Settlement (ECF No. 72-1), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Plaintiff's motion for approval of the proposed Plan of Allocation was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1(a)(7))*,* as amended, due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. At least 28,751 copies of the Notice were mailed to potential Class Members and nominees, which included a detailed description of the proposed Plan of Allocation. No objections to the proposed Plan of Allocation have been received. The Claims Administrator has received timely Claim Forms and Claim Forms submitted after the claim filing deadline, which are also to be accepted.

5. The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation mailed to Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund with due consideration having been given to administrative convenience and necessity.

6. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Class.

7. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: September 30, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court

2