Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jake@blockleviton.com

*Counsel for Lead Plaintiff*
*and the Settlement Class*

[*Additional Counsel Listed on Signature Page*]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>GOSSAMER BIO, INC., SHEILA GUJRATHI, M.D., BRYAN GIRAUDO, FAHEEM HASNAIN, JOSHUA H. BILENKER, M.D., KRISTINA BUROW, RUSSELL COX, THOMAS DANIEL, M.D., RENEE GALA, OTELLO STAMPACCHIA, Ph.D., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, SVB LEERINK LLC, BARCLAYS CAPITAL INC., and EVERCORE GROUP L.L.C.,<br><br>      Defendants. | Case No.: 3:20-cv-00649-DMS-DEB<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER: (I) AUTHORIZING FINAL PAYMENT OF SETTLEMENT DISTRIBUTION COSTS; AND (II) APPROVING DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**<br><br>Date:      October 17, 2025<br>Time:      1:30 pm<br>Judge:     Hon. Dana M. Sabraw<br>Dept.:     13A |

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION
Case No.: 3:20-cv-00649-DMS-DEB

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Lead Counsel Block & Leviton LLP ("Class Counsel" or "Block & Leviton") will, and hereby does, move for an Order granting approval of the distribution plan for the Net Settlement Fund substantially in the form submitted herewith.[1]

Class Counsel respectfully requests that the Court: (i) approve the administrative determinations of the Claims Administrator, Angeion Group ("Angeion" or "Claims Administrator") regarding the acceptance and denial of Claims received; (ii) direct the distribution of the Net Settlement Fund to Settlement Class Members with eligible claims ("Authorized Claimants"), as described herein and in the Declaration of Dawn M. Cody of Angeion Group in Support of Class Counsel's Motion for Distribution of Class Action Settlement Funds ("Cody Declaration"); and (iii) authorizing additional payment to the Claims Administrator in the amount of $132,647.52 for claims administration services.

This Motion is based upon: (i) the accompanying Memorandum of Points and Authorities; (ii) the Declaration of Jacob A. Walker ("Walker Declaration"); (iii) the Cody Declaration; (iv) the Stipulation, pleadings, and other records on file in this Action; and (v) other such matters and argument as the Court may consider at the hearing of this Motion.

---

[1] All capitalized terms that are not otherwise defined herein shall have the meanings set forth in the Stipulation. ECF No. 66-2, Ex. 1.

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION
Case No.: 3:20-cv-00649-DMS-DEB                2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Class Counsel respectfully requests the Court approve the Distribution Plan for the Net Settlement Fund, as described herein and by the Claims Administrator in the accompanying Cody Declaration.

## I.   BACKGROUND

On March 14, 2022, the Court granted Lead Plaintiff's Motion for Preliminary Approval of Settlement and Authorizing Dissemination of Notice to the Settlement Class. ECF No. 69 ("Preliminary Approval Order"). On September 30, 2022, the Court entered a Judgement Approving Class Action Settlement (ECF No. 80, the "Final Approval Order"), granting final approval of the Settlement and an Order Approving Plan of Allocation (ECF No 79). The Final Approval Order approved the proposed settlement of the above-captioned action for $2,375,000.00. *Id.*

Pursuant to the Stipulation, the Settlement Amount was deposited into the Escrow Account and has been earning interest for the benefit of the Class. Walker Decl. at ¶3. To date, the following amounts have been paid from the Escrow Account: (i) attorneys' fees in the amount of $593,750; (ii) litigation expenses in the amount of $27,319.38; (iii) lead plaintiff award of $5,000 lead plaintiff Scott Kuhne; and (iv) administration costs paid to the Claims Administrator in the amount of $35,774.78. *See id.* at ¶41; ECF No. 78 at 2-3.

The Claims Administrator disseminated 27,340 Notice packets to potential Settlement Class Members and other nominees, and received and fully processed 5,777 Claims, for a response rate of 21.13%. Cody Decl. ¶12; ECF No. 72-2 at ¶7. Of the 5,777 Claims, 1,101 were both submitted by the Court-approved Claim submission deadline of July 7, 2022, and determined by Angeion to be eligible to participate in the Settlement following the deficiency process ("Timely Eligible Claims"). Cody Decl. ¶26. The Timely Eligible Claims had a total Recognized Loss Amount of $63,323,711.16. *Id.* The Claims Administrator also received 80 Claims which arrived or were postmarked after the Court's July 7, 2022 deadline but by

May 29, 2025. Cody Decl. ¶27. Of these, Angeion found 13 to be otherwise eligible, except for their belated submission ("Late But Otherwise Eligible Claims"). *Id.* The total Recognized Claim amount for the Late But Otherwise Eligible Claims is $302,576.67. *Id.* The Claims Administrator believes that no delay has resulted from its provisional acceptance of the Late But Otherwise Eligible Claims. *Id.* at ¶28. The Claims Administrator and Class Counsel recommend that the Court permit the Late But Otherwise Eligible Claims to participate in the Settlement.

As the Claims Administrator has now completed its claim processing procedures, deficiency process, and Quality Assurance audit with respect to all claims submitted through May 29, 2025, Cody Decl. ¶24, the Court should (i) approve the Distribution Plan for the Net Settlement Fund as described in ¶¶32-40 of the Cody Declaration; (ii) permit funds to be released to the Authorized Claimants; and (iii) authorize payment to Angeion for claims administration services in the amount of $132,647.52.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

### a. Eligible Claims

Angeion mailed over 27,340 Notice packets to potential Settlement Class Members and other Nominees. ECF No. 72-2 at ¶7. The Summary Notice was also published in *Investor's Business Daily* on April 18, 2022 and in *The Wall Street Journal* on April 20, 2022. *Id.* at ¶9. Angeion also maintained and continues to maintain a toll-free helpline and Settlement Website (www.GossamerSecuritiesLitigation.com), where claim forms, information, and relevant Court filings have been accessible to Settlement Class Members and the public. *Id.* at ¶10.

The Notice specified that prospective claimants must submit a properly executed Proof of Claim and Release ("Claim Form") postmarked by July 7, 2022, and accompanied by supporting documentation evidencing eligible trades of Gossamer Bio, Inc. common stock within the Class Period, between February 8, 2019 and

December 13, 2020. ECF No. 72-2 at 9. The Claims Administrator has processed all Claims it has received through May 29, 2025. Cody Decl. ¶12. As of May 29, 2025, Angeion has received a total of 5,777 Claims. *Id.* at ¶¶26–27.

Angeion has concluded that of the submitted Claims, 1,114 are eligible to participate in the Settlement ("Eligible Claims"), representing a total Recognized Claim amount of approximately $63,626,287.80. *Id.* at ¶¶26–27. This total includes the 14 Late But Otherwise Eligible Claims which were received after the July 7, 2022 submission deadline but were otherwise properly documented and represented a positive Recognized Loss Amount. *Id.* Class Counsel and the Claims Administrator recommend that the Court permit the Late But Otherwise Eligible Claims to participate in the distribution of the Net Settlement Fund because their inclusion has not caused delay and will not prejudice any other Settlement Class Members. *Id.* at ¶28; ECF No. 69 at ¶10 ("Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class."); *see also In re Stable Rd. Acquisition Corp. Sec. Litig.*, No. 2:21-CV-5744-JFW, 2025 WL 924928, at *3 (C.D. Cal. Mar. 24, 2025) (allowing claims submitted after April 5, 2024 deadline but before September 12, 2024 to participate in settlement distribution); *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2010 WL 11684815, at *1 (S.D. Cal. June 4, 2010) (allowing claims submitted before May 4, 2010 to participate in settlement distribution, after initial notice deadline passed on November 17, 2009).

The submission window cannot be held open indefinitely, however, without delaying distributions to Authorized Claimants. Accordingly, the Claims Administrator and Class Counsel recommend the Court order that no Claim received or postmarked after May 29, 2025, be eligible for distribution from the Net Settlement Fund. *See* Cody Decl. ¶28.

Class Counsel therefore respectfully requests the Court approve the Distribution Plan for the Net Settlement Fund described in ¶¶32-40 of the Cody Declaration and allow the 1,114 claims identified to be eligible by the Claims Administrator to receive Settlement distributions.

### b. Deficient Claims

The Claims Administrator conducted a comprehensive analysis to determine claim validity. The review process included, among other things: creating and entering Claim data into a unique database, verifying the completeness and accuracy of information provided on claimants' Claim Forms from the supporting documentation, developing a proprietary "calculation module" to calculate claimants' Recognized Loss Amounts pursuant to the Court-approved Plan of Allocation set forth in the Notice, and identifying deficiency and ineligibility conditions existing within individual Claims. Cody Decl. ¶¶10, 14–20.

When Angeion encountered a Claim with one or more deficiencies—for example, incomplete Claims, Claims which lacked adequate documentation or signatures, Claims which lacked purchases during the Class Period, Claims without a Recognized Loss Amount, or duplicate Claims—Angeion mailed a Deficient or Rejected Claim Notice ("Ineligible Notices") to the claimant. *Id.* at ¶¶14–20. Ineligible Notices explained why the Claim was deficient and offered claimants an opportunity to cure the defect by submitting necessary information or documentation within 20 days from the date of the Ineligible Notice. *Id.* at ¶15. The Ineligible Notices informed claimants that their claims would be rejected or denied if the deficiencies were not cured. *Id.* at ¶16. Furthermore, the Ineligible Notices advised claimants that they had a right to contest the Claims Administrator's determination of ineligibility by submitting written statements to the Claims Administrator requesting Court review of their claims. *Id.* No claimants have submitted a request for Court review. *Id.* at ¶22.

The Claims Administrator mailed a total of 341 Ineligible Notices to claimants who filed paper claims through April 18, 2025. *Id.* at ¶14. Of the 5,342 electronic claims received, a total of 137 filers were incomplete or deficient and were sent an informational email and Transaction Report. *Id.* at ¶16. In total, the Claims Administrator recommends rejecting 3,179 Claims in whole or in part because they: (a) did not involve eligible common stock purchases during the Class Period (3,108); (b) were duplicative or were withdrawn (65); (c) had uncured conditions of ineligibility (1); or (d) were submitted on behalf of an excluded person from the Class (5). *Id.* at ¶30. Additionally, the Claims Administrator recommends 1,484 Claims for rejection due to their Recognized Loss calculating to an amount of zero under the Plan of Allocation. *Id.*

## III.   DISTRIBUTION OF THE NET SETTLEMENT FUND

Angeion has completed its review and is now prepared to distribute the Net Settlement Fund to Authorized Claimants. According to each claimant's Recognized Loss Amount, as calculated pursuant to the Plan of Allocation specified in the Notice, ECF No. 66-2, Ex. A-1 at 3-4, 10-18, each claimant with a positive Recognized Loss Amount over $10.00 shall receive a *pro rata* share of the Net Settlement Fund, Cody Decl. ¶35. Claimants with Recognized Loss Amounts greater than $0.00 but less than $10.00 shall not receive any distribution from the Net Settlement Fund. *Id.* at ¶34; ECF No. 66-2, Ex. A-1 at 15. Angeion will then make an initial distribution of the Net Settlement Fund. Authorized Claimants will be notified that if they do not cash their distribution checks within 90 days of issuance, the check will lapse and their entitlement to recovery will be forfeited. Cody Decl. ¶36. If any balance is remaining in the Net Settlement Fund nine months after the date of the Initial Distribution, after deducting Angeion's fees and expenses for the estimated costs of an additional distribution, and after the payment of any Taxes, the cost of preparing appropriate tax returns, and any escrow fees, and it is economically feasible, the remaining funds, including the Reserve, will be distributed to all

Authorized Claimants in the Initial Distribution who: (1) cashed their Distribution Payment, and (2) are entitled to at least $10.00 from the re-distribution based on their *pro rata* share of the remaining funds. *Id.* at ¶38; ECF No. 66-2, Ex. A-1 at 16.

Should funds remain in the Net Settlement Fund following the second distribution, additional distributions may occur in 90-day intervals until Class Counsel, in consultation with Angeion, determines that further distributions are not cost effective. Cody Decl. ¶39. If any funds remain in the Net Settlement Fund after determining that further re-distribution is no longer cost-effective, the funds shall be contributed to the Legal Aid Society of San Diego, or such other non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Plaintiff and approved by the Court. *Id.* at ¶40; *Atlas*, 2010 WL 11684815, at *1 (approving selection of Legal Aid Society of San Diego "for any cy pres award that may become appropriate.").

## IV.    RELEASE OF CLAIMS

To ensure the prompt and full distribution of the Net Settlement Fund, and pursuant to the Stipulation, Class Counsel believes it is necessary to bar any claims against the Net Settlement Fund beyond the amount allocated to claimants, and to provide that all persons involved in the review, calculation, and all other aspects of processing the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund and Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. *See* ECF No. 66-2 at 16 ("No person shall have any claim against Class Representatives, Plaintiff's Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court."). Accordingly, it is respectfully requested that the Court bar any further claims against

the Net Settlement Fund beyond the amount allocated to claimants, and release and discharge all persons who worked on the claims administration process from claims arising from that process.

Furthermore, as specified in the Stipulation, Class Counsel respectfully requests that Lead Plaintiff, Class Counsel, and the Claims Administrator be released from any claims arising from their decisions to exercise or not exercise their discretion to process late-filed claims. ECF No. 66-2, Ex. 1 at ¶6.7; ECF No. 69 at ¶10.

## V.    RECORDS RETENTION

Unless otherwise ordered by the Court, the Claims Administrator will destroy paper copies of all Claims one year after the final distribution of the Net Settlement Fund. Cody Decl. at ¶43. Unless otherwise ordered by the Court, two years after final distribution of the Net Settlement Fund, the Claims Administrator will destroy the electronic copies of the Proofs of Claim and all supporting documentation. *Id.*

## VI.    PAYMENT TO THE CLAIMS ADMINISTRATOR

The Claims Administrator has incurred $153,705.38 in expenses and fees through July 31, 2025, with an additional $14,716.92 in conjunction with the Initial Distribution of the Net Settlement Fund. Cody Decl. ¶41. The Claims Administrator has been reimbursed $35,774.78 to date, which leaves an outstanding balance of $132,647.52. *Id.* at ¶¶41-42. The Stipulation authorizes payment of fees and expenses reasonably incurred in connection with administering and distributing the Net Settlement Fund. ECF No. 66-2, Ex. 1 at ¶¶1.20, 3.8, 6.4, 22. The Preliminary Approval Order also states: "All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court." ECF No. 69 at ¶21. Accordingly, Lead Plaintiff and Class Counsel respectfully request the Court approve of an additional payment of $132,647.52 in fees and expenses from the Net Settlement Fund to the Claims Administrator.

## VII. CONCLUSION

Based on the foregoing, Class Counsel respectfully requests that the Court enter an order: (i) approving the Plan of Distribution for the Net Settlement Fund, including approving the Claims Administrator's determinations accepting and rejecting Claims, the *pro rata* distribution for the Net Settlement Fund for accepted Claimants, and the destruction of paper and electronic copies of Claim Forms and Claim records as set forth herein; (ii) directing the distribution of the Net Settlement Fund to Authorized Claimants; and (iii) authorizing additional payment to the Claims Administrator.

DATED: August 21, 2025

Respectfully submitted,

**BLOCK & LEVITON LLP**

/s/ Jacob A. Walker
Jacob A. Walker (SBN 271217)
Jeffrey C. Block (admitted *pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jake@blockleviton.com
jeff@blockleviton.com

*Attorneys for Lead Plaintiff and the Settlement Class*

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION
Case No.: 3:20-cv-00649-DMS-DEB                    10