UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KUHNE, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>  v.<br><br>GOSSAMER BIO, INC.; SHEILA GUJRATHI, M.D.; BRYAN GIRAUDO; FAHEEM HASNAIN; JOSHUA H. BILENKER, M.D.; KRISTINA BUROW; RUSSELL COX; THOMAS DANIEL, M.D.; RENEE GALA; OTELLO STAMPACCHIA, Ph.D.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; SVB LEERINK LLC; BARCLAYS CAPITAL INC.; and EVERCORE GROUP L.L.C.,<br><br>                            Defendants. | Case No.: 20-cv-00649-DMS-DEB<br><br>**ORDER GRANTING MOTION FOR DISTRIBUTION**<br><br>**[ECF No. 81]** |

      Pending before the Court is Class Counsel's motion for an order authorizing final payment of settlement distribution costs and approving distribution of class action settlement funds. (Mot., ECF No. 81). Defendants did not respond to the motion; therefore, the Court finds the motion unopposed. The matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 82). The

capitalized terms used herein, unless otherwise defined, have the same meaning as defined in the Stipulation and Agreement of Class Action Settlement ("Stipulation"). (*See* ECF No. 66-2).

The Court granted preliminary approval of the class action Settlement on March 14, 2022. (*See* ECF No. 69). The Court then granted final approval of the Settlement on September 30, 2022 ("Final Approval Order"). (*See* ECF No. 79). The Final Approval Order approved the proposed settlement amount of $2,375,000.00. (*Id.*); (ECF No. 66-2, at 5). To date, the following amounts have been paid out: (1) attorneys' fees in the amount of $593,750.00; (2) litigation expenses in the amount of $27,319.38; (3) lead plaintiff award of $5,000.00 to Lead Plaintiff Scott Kuhne; and (4) administration costs paid to the Claims Administrator, Angeion Group ("Angeion"), in the amount of $35,774.78. (Mot. 3).

The Court hereby **GRANTS** Class Counsel's motion and **ORDERS** as follows:

(1) The Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in the Declaration of Dawn M. Cody of Angeion Group in Support of Class Counsel's Motion for Distribution of Class Action Settlement Funds, (ECF No. 81-2), at the direction of Class Counsel; pursuant to the Judgment Approving Class Action Settlement, (ECF No. 80), and Plan of Allocation set forth in the Notice distributed to Class Members, (ECF No. 66-2, Ex. A-1); and as approved in the Order Approving Plan of Allocation, (ECF No. 79);

(2) No Claim received or adjusted after May 29, 2025 is eligible for payment, except in the event that after any further distributions, Class Counsel in consultation with the Claims Administrator determines that further distribution of the remaining funds would not be cost effective, but that sufficient funds remain to warrant the processing of Claims received after May 29, 2025;

(3) The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund complies with the terms of the Stipulation and the

Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all Claims arising out of such involvement, and all Class Members are barred from making any further Claims against the Net Settlement Fund and the Released Defendant Parties and Released Plaintiff Parties, as defined in the Stipulation, (*see* ECF No. 66-2, at ¶¶ 1.26, 1.27), beyond the amount allocated to them pursuant to this Order;

(4) The Court further finds that, pursuant to the Stipulation, Lead Plaintiff, Class Counsel, and the Claims Administrator are hereby released from any claims arising from their decisions to exercise or not exercise their discretion to process claims postmarked or received after July 7, 2022. (ECF No. 66-2 at ¶ 6.7);

(5) The checks for distribution to Authorized Claimants shall bear the notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Class Counsel and the Claims Administrator are authorized to locate and/or contact any Authorized Claimants who have not cashed their checks within said time;

(6) If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any remaining balance in the Net Settlement Fund nine (9) months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their checks;

(7) Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter at six (6)-month intervals until Class Counsel, in consultation with the Claims Administrator, determines that further distribution is not cost-effective. At this time, if sufficient funds remain to warrant the processing of Claims received after May 29, 2025, those Claims will be processed, and any otherwise valid Claims received after May 29, 2025, as well as any earlier-received Claims

for which an adjustment was received after July 7, 2022, that resulted in an increased Recognized Claim, will be paid;

(8) If any funds remain in the Net Settlement Fund after payment of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to the Legal Aid Society of San Diego, or such other non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Plaintiff and approved by the Court;

(9) The Claims Administrator must maintain the paper copies of the Claims and all supporting documentation for one (1) year after the initial distribution and must maintain electronic copies of the same for two (2) years after all funds have been distributed. The Claims Administrator may thereafter destroy the paper copies and electronic copies of the Claims;

(10) Additional payment of $132,647.52 is authorized to the Claims Administrator for reasonable costs already incurred and in anticipation of the work that will be performed for distribution. Any excess will be returned to the Net Settlement Fund; and

(11) The Court retains jurisdiction to consider all further applications arising out of or connected with this Action and/or the Settlement.

**IT IS SO ORDERED.**

Dated: November 24, 2025

Hon. Dana M. Sabraw
United States District Judge